# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

|  |  |
|---|---|
| STATE OF TEXAS,<br><br>            Plaintiff,<br><br>    vs.<br><br>3M COMPANY; CORTEVA INC.; EIDP<br>INC.; DUPONT DE NEMOURS INC.,<br><br>        Defendants. | Case No. 3:25-cv-00122-K |

## MEMORANDUM IN SUPPORT OF DUPONT DEFENDANTS' MOTION TO DISMISS BASED ON PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM

# **TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................... 2

II.   ALLEGATIONS ....................................................................................................... 3

  A.   Jurisdictional allegations............................................................................... 3

  B.   Allegations against Old DuPont..................................................................... 4

  C.   Allegations against New DuPont and Corteva. ............................................. 5

III.  LEGAL STANDARD ............................................................................................... 5

IV.   ARGUMENT ............................................................................................................ 6

  A.   The Court Lacks Personal Jurisdiction over New DuPont and Corteva. ............................ 6

    1.   There is no general jurisdiction. ........................................................... 7

    2.   The Complaint lacks any factual allegations that could support specific jurisdiction. .... 8

  B.   The State's Texas Deceptive Trade Practices Act Claim Fails............................ 9

    1.   The Complaint fails to adequately plead a DTPA claim.............................. 9

    2.   The State did not provide the statutorily-required notice before filing a DTPA claim.. 12

V.    CONCLUSION ........................................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)............................................................................................6, 11

*Atl. Cas. Ins. Co. v. Primelending, A Plainscapital Co.*,
    No. 3:15-CV-1475-D, 2016 WL 1322235 (N.D. Tex. Apr. 5, 2016)..................................9, 11

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................................................5, 6, 11

*Benchmark Electronics, Inc. v. J.M. Huber Corp.*,
    343 F.3d 719 (5th Cir. 2003) ..........................................................................................9

*Berry v. Indianapolis Life Ins. Co.*,
    608 F. Supp. 2d 785 (N.D. Tex. 2009) ............................................................................6, 9

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S. F. Cnty.*,
    582 U.S. 255 (2017)..........................................................................................................8

*Byrd Aviation, Inc. v. Glob. Aerospace, Inc.*,
    No. 3:19-CV-01661-G, 2020 WL 291583 (N.D. Tex. Jan. 17, 2020)..................................7, 8

*Calder v. Jones*,
    465 U.S. 783 (1984)..........................................................................................................7

*Clemens v. McNamee*,
    615 F.3d 374 (5th Cir. 2010) ........................................................................................6, 7

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014)..........................................................................................................7

*Flexible Innovations Ltd. v. IdeaMax*,
    No. 4:14-CV-321-A, 2014 WL 5530253 (N.D. Tex. Oct. 31, 2014) .....................................5

*Gigi's Cupcakes, LLC v. 4 Box LLC*,
    3:17-CV-3009-B, 2020 WL 1064852 (N.D. Tex. Mar. 5, 2020)..........................................6, 8

*Hughes v. Bank of Am. Corp.*,
    No. 3:21-CV-00218-N, 2022 WL 179600 (N.D. Tex. Jan. 19, 2022).....................................9

*Johnston v. Multidata Sys. Int'l Corp.*,
    523 F.3d 602 (5th Cir. 2008) ..........................................................................................5

*Keeton v. Hustler Mag., Inc.*,
 465 U.S. 770 (1984).........................................................................................8

*Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*,
 238 F.3d 363 (5th Cir.2001) ............................................................................9

*Lovelace v. Software Spectrum, Inc.*,
 78 F.3d 1015 (5th Cir.1996) .............................................................................6

*Matthews v. United HealthCare Services, Inc.*,
 No. 3:19-CV-01212-E, 2020 WL 5411698 (N.D. Tex. Sept. 9, 2020).....................9

*Monkton Ins. Services, Ltd. v. Ritter*,
 768 F.3d 429 (5th Cir. 2014) ...........................................................................7

*Nafta Traders, Inc. v. Hewy Wine Chillers, LLC*,
 No. 3:18-CV-2773-L, 2019 WL 5184135, at *5 (N.D. Tex. July 23, 2019),
 report and recommendation adopted, No. 3:18-CV-2773-L, 2019 WL
 5186087 (N.D. Tex. Aug. 27, 2019) ................................................................8

*In re Norplant Contraceptive Prod. Liab. Litig.*,
 915 F. Supp. 845 (E.D. Tex. 1996).....................................................................5

*Patterson v. Aker Sols. Inc.*,
 826 F.3d 231 (5th Cir. 2016) ...........................................................................7

*Perkins v. Benguet Consol. Mining Co.*,
 342 U.S. 437 (1952).........................................................................................7

**Statutes**

Tex. Bus. & Com. Code Ann. § 17.47 ......................................................................12

Texas Deceptive Trade Practices Act ....................................................................2, 9

**Other Authorities**

Federal Rule of Civil Procedure 9(b)............................................................. *passim*

Federal Rule of Civil Procedure 12(b)(2) ..........................................................2, 5, 6

Federal Rule of Civil Procedure 12(b)(6) .......................................................2, 5, 6, 9

Defendants EIDP, Inc., f/k/a E.I. DuPont De Nemours and Company ("Old DuPont"), DuPont De Nemours and Co. Inc. ("New DuPont"), and Corteva, Inc. ("Corteva") (collectively, "DuPont Defendants") hereby submit this memorandum in support of their move under Rules 12(b)(2), 12(b)(6), and 9(b) to dismiss all claims asserted by the State of Texas.

## I.    <u>INTRODUCTION</u>

The State of Texas brings a Texas Deceptive Trade Practices-Consumer Protection Act claim conclusorily alleging that defendants failed to disclose health risks and environmental harms associated with per- and polyflouroalkyl substances ("PFAS"), including perfluorooctane sulfonic acid ("PFOS") and perfluorooctanoic acid ("PFOA") and representing or implying that their products were safe in a false, deceptive, or misleading manner. The claim must be dismissed, as to New DuPont and Corteva, because this court lacks personal jurisdiction over the defendants. Further, the complaint fails to adequately plead its sole claim and provide the statutorily mandated notice to all DuPont Defendants.

The Court lacks personal jurisdiction over New DuPont and Corteva. General jurisdiction is absent because New DuPont and Corteva cannot be said to be "at home" in Texas. Specific jurisdiction is likewise absent because the State of Texas cannot show that its claim arises from any of New DuPont's and Corteva's alleged Texas contacts.[1] Moreover, the Complaint does not meet federal pleading standards as the State fails to allege with particularity— or even without it— facts sufficient to state a claim under the consumer fraud statute it seeks to assert.

---

[1] Because the State of Texas originally filed this action in state court, it is styled "Plaintiff's Original Petition." The DuPont Defendants refer to it as a "Complaint" throughout for consistency with the Federal Rules of Civil Procedure and authorities discussed herein.

Prior to receiving the State's Complaint, the DuPont Defendants had not received pre-filing notice of the alleged claims under the DTPA as required by law. For each of these reasons, this Court should dismiss the DuPont Defendants and this case in its entirety.

## II.    ALLEGATIONS

Despite the State's lengthy allegations, none of them connect either New DuPont or Corteva to any deceptive trade practices. In fact, the Complaint lacks any allegation involving Texas-specific conduct on the part of New DuPont or Corteva.

### A. Jurisdictional allegations.

Defendant Old DuPont is "a corporation organized and existing under the laws of the State of Delaware" with its principal place of business in Delaware and Indiana. *See* Dkt, 1 Ex. E-1 at ¶9. Defendant New DuPont "is a Delaware corporation" with its principal place of business in Delaware. *See* Dkt, 1 Ex. E-1 at ¶10. New DuPont "does business throughout the United States, including the State of Texas." *Id*. Defendant Corteva "is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 974 Centre Road, Wilmington, Delaware 19805 and 9330 Zionsville Road, Indianapolis Indiana 46268." *See* Dkt, 1 Ex. E-1 at ¶11. "Corteva is registered to do business in Texas." *Id*.

The State vaguely claims that venue is proper in Johnson County, Texas "because transactions forming the basis of this suit occurred in Johnson County, Texas, and Defendants have done business in Johnson, County, Texas." *See* Dkt, 1 Ex. E-1 at ¶12. The 45 page Complaint is silent on exactly what transactions occurred in Johnson County, much less that any of the DuPont Defendants were involved in those transactions. Johnson County is not mentioned at any point in the Complaint outside of this brief venue allegation.

3

**B.  Allegations against Old DuPont.**

The State alleges that "Old DuPont began using PFOA and other PFAS in its specialty chemical production applications, including household applications and products, like Teflon® and Stainmaster®. Old DuPont advertised Teflon® as a protective non-stick coating for cookware and Stainmaster® as a soil and stain repellant for fabrics and textile products." *See* Dkt, 1 Ex. E-1 at ¶24. "Old DuPont also manufactured and advertised Zonyl® as a cheaper and less labor-intensive alternative to wax-paper food packaging beginning in the 1960s." *See* Dkt, 1 Ex. E-1 at ¶25. The State's claim rests on the allegation that despite "its knowledge regarding PFOA's toxicity," Old DuPont advertised "consumer brands using PFAS chemicals as safe for home use" *See* Dkt, 1 Ex. E-1 at ¶ ¶45-46. The complaint does not include the data upon which this toxicity allegation is made. It goes on to allege that these marketing efforts "range in time from the 1960s to the early 2000s." *See* Dkt, 1 Ex. E-1 at ¶46.

The allegations against Old DuPont include references to seven different advertisements. The first appears to be an ad for Teflon carpet protector from the 1980's. The complaint states that "Old DuPont, on information and belief, was releasing advertisements encouraging families not to worry, because they had Teflon carpet protector." *See* Dkt, 1 Ex. E-1 at ¶ 32. Advertisements, two, three, and four concern Stainmaster®. The State alleges "Old DuPont marketed the Stainmaster® carpet as safe for families" *See* Dkt, 1 Ex. E-1 at ¶ 37. The fifth and sixth advertisement follow the allegation that "Old DuPont also continued to advertise its Teflon® brand" *See* Dkt, 1 Ex. E-1 at ¶ 39. They include a screen grab of what appears to be a television commercial from the 1990s and a photo of what appears to be a magazine advertisement. The last advertisement purports to be a New York Times full page ad. The State alleges that the advertisement "continues to omit that PFOA exposure was known to Old DuPont to cause harm to humans." *See* Dkt, 1 Ex. E-1 at ¶ 44.

4

### C. Allegations against New DuPont and Corteva.

The Complaint is void of any allegation that New DuPont and Corteva, at any time, manufactured, sold, or marketed the consumer brands that form the basis of this lawsuit. Instead, it argues that the State of Texas can "bring claims against New DuPont and Corteva directly for Old DuPont's deceptive marketing of consumer PFAS-containing brands" based on New DuPont's and Corteva's alleged liability in other litigation. *See* Dkt, 1 Ex. E-1 at ¶97. The State does not point to any authority allowing it to bring DTPA claims against New DuPont and Corteva based on litigation pending in other jurisdictions, which are inherently based on separate transactions and unique facts.

## III.    <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(2) allows the defendants to move to dismiss claims for lack of personal jurisdiction. "When, as here, nonresident defendants move to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that in personam jurisdiction exists." *Flexible Innovations Ltd. v. IdeaMax*, No. 4:14-CV-321-A, 2014 WL 5530253, at *2 (N.D. Tex. Oct. 31, 2014); *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Rule 12(b)(2) motions may be supported by declarations or other evidence.  *See, e.g., In re Norplant Contraceptive Prod. Liab. Litig.*, 915 F. Supp. 845, 847 (E.D. Tex. 1996).  Declarations trump "unsubstantiated allegations."  *Id.*

Under Federal Rule of Civil Procedure 12(b)(6), a defendant is entitled to dismissal when the plaintiff fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Federal Rule of Civil Procedure 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). *See Berry v. Indianapolis Life Ins. Co*., 608 F. Supp. 2d 785, 796 (N.D. Tex. 2009) (Finding that "[i]t is well-established that claims alleging violations of the DTPA are subject to the requirements of Rule 9(b)") (internal quotations omitted). A dismissal for failure to plead with particularity is treated as a Rule 12(b)(6) dismissal for failure to state a claim. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir.1996).

## IV.    ARGUMENT

### A.  The Court Lacks Personal Jurisdiction over New DuPont and Corteva.

"Federal Rule of Civil Procedure 12(b)(2) allows for the dismissal of an action in which the court lacks personal jurisdiction over the defendant." *Gigi's Cupcakes, LLC v. 4 Box LLC*, 3:17-CV-3009-B, 2020 WL 1064852, at *2 (N.D. Tex. Mar. 5, 2020). "A federal district court sitting in diversity may exercise personal jurisdiction over a foreign defendant if (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). "Texas's long-arm statute reaches to the constitutional limits," so the question is: "whether exercising personal jurisdiction over the defendant offends due process." *Id.*

The due process standard is satisfied when (1) the "defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state and (2) the exercise of jurisdiction over that defendant does not offend traditional

notions of fair play and substantial justice." *Id.* "Each defendant's contacts with the forum State must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984). There are two types of personal jurisdiction—general and specific. *Clemens*, 615 F.3d at 378. Both are absent here.

### 1. There is no general jurisdiction.

General personal jurisdiction exists only where the company's contacts with the forum state "are so continuous and systematic as to render them essentially at home in the forum." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).A corporation is regarded at home in the state where it is incorporated and in the state where it has its principal place of business. *Patterson v. Aker Sols. Inc.*, 826 F.3d 231, 234 (5th Cir. 2016). It is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Byrd Aviation, Inc. v. Glob. Aerospace, Inc.*, No. 3:19-CV-01661-G, 2020 WL 291583, at *3 (N.D. Tex. Jan. 17, 2020) (quoting *Monkton Ins. Services, Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014)). General personal jurisdiction "calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide," and a business that operates in many places cannot "be deemed at home in all of them." *Daimler AG*, 571 U.S. at 139 n.20.

The complaint does not allege that New DuPont or Corteva are organized in or have their principal place of business in Texas. *See* Dkt, 1 Ex. E-1 at ¶¶10-11. Nor does it allege "exceptional" circumstances that warrant treating New DuPont and Corteva as "at home" in Texas.[2] The complaint instead alleges that New DuPont "does business throughout the United States, including in the State of Texas" and Corteva "is registered to do business in Texas" *Id.* This does not establish

---

[2] The Supreme Court did "not foreclose the possibility that in an exceptional case . . . a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (citing *Perkins v. Benguet Consol. Mining Co*., 342 U.S. 437 (1952)). But it is "incredibly difficult to establish general jurisdiction" under this exceptional-case standard. *Monkton Ins. Servs.*, 768 F.3d at 432. Here, the State made no such allegations that this matter constitutes one of those exceptional cases considered by *Perkins*.

general jurisdiction. "[S]imply doing business in a state does not constitute the type of continuous and systematic contacts necessary to establish general jurisdiction." *Nafta Traders, Inc. v. Hewy Wine Chillers, LLC*, No. 3:18-CV-2773-L, 2019 WL 5184135, at *5 (N.D. Tex. July 23, 2019), report and recommendation adopted, No. 3:18-CV-2773-L, 2019 WL 5186087 (N.D. Tex. Aug. 27, 2019); *see also Byrd Aviation, Inc. v. Glob. Aerospace, Inc.*, No. 3:19-CV-01661-G, 2020 WL 291583, at *4 (N.D. Tex. Jan. 17, 2020). The complaint therefore fails to establish general personal jurisdiction as to New DuPont and Corteva.

### 2. The Complaint lacks any factual allegations that could support specific jurisdiction.

The State of Texas is left to establish specific personal jurisdiction, which requires that the suit "arise out of or relate to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S. F. Cnty.*, 582 U.S. 255, 262 (2017) (alterations omitted). Where there is no connection between the forum and the underlying controversy, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers*, 582 U.S. at 264. Thus, the State must show—as to each defendant—how that defendant's contacts with Texas gave rise to their claims. *See Keeton v. Hustler Mag.,* Inc., 465 U.S. 770, 781 n.13 (1984).

As stated above the only Texas allegations concerning New DuPont and Corteva are that each may be served in Texas and that they "do business" in Texas. The Complaint does not elaborate on what the alleged business activities pertain, or how those activities gave rise to the action brought by the State of Texas. There is no affiliation between Texas and the underlying acts alleged. The complaint does not point to a single activity by these Defendants that takes place in Texas, and is therefore subject to the State's jurisdiction. Without this substantial connection with the forum State, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Gigi's Cupcakes, LLC*, 2020 WL 1064852, at *5 (quoting

*Bristol- Meyers Squibb*, 173 S. Ct. at 1780). "Therefore, the contacts on which Plaintiff relies are insufficient to create specific jurisdiction." *Matthews v. United HealthCare Services, Inc.*, No. 3:19-CV-01212-E, 2020 WL 5411698, at *4 (N.D. Tex. Sept. 9, 2020).

The Complaint fails to include any alleged Texas actions and contacts from which its claim may arise. It also fails to provide any factual basis showing how its claim might arise from or relate to any Texas activity on part of the New DuPont and Corteva. *Hughes v. Bank of Am. Corp.*, No. 3:21-CV-00218-N, 2022 WL 179600, at *5 (N.D. Tex. Jan. 19, 2022) ("Even continuous activity in a jurisdiction is insufficient where the suit does not arise from or relate to that activity."). Accordingly, the Court lacks specific personal jurisdiction over New DuPont and Corteva.

### B. The State's Texas Deceptive Trade Practices Act Claim Fails.

#### 1. The Complaint fails to adequately plead a DTPA claim.

The DTPA claim brought by the State of Texas fails under both Rule 12(b)(6) and 9(b)'s particularity requirements. First, The State fails to plead a DTPA claim against any of the DuPont defendants with the required particularity. The Fifth Circuit interprets Rule 9(b) to require that a plaintiff alleging fraud lay out the "who, what, when, where, and how" of the alleged fraud. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003). This standard applies to claims for common law fraud, as well as to claims for misrepresentation under the DTPA. Fed. R. Civ. P. 9(b); *see e.g., Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir.2001) (stating that "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not"); *see also Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009) (concluding, "Plaintiffs' DTPA allegations are deficient under Rule 9(b) for the same reasons as its fraudulent and negligent misrepresentation claims are insufficient under Rule 9(b).") (internal quotations and citations omitted); *Atl. Cas. Ins.*

*Co. v. Primelending, A Plainscapital Co.*, No. 3:15-CV-1475-D, 2016 WL 1322235, at *3 n.4

(N.D. Tex. Apr. 5, 2016) (confirming that misrepresentation DTPA claims pled as unconscionable

acts claims are subject to the pleading requirements of Rule 9(b)) (citing *Shakeri v. ADT Sec.*

*Servs., Inc.*, 2014 WL 5780955 at *3 n.4.).

The State of Texas asserts the DTPA claim by copying and pasting verbatim elements of

"laundry list" deceptive trade practices claims, adding no specific allegations involving the DuPont

Defendants:

- Defendants have engaged in false, misleading, or deceptive acts or practices in the conduct of trade or commerce, in violation of DTPA § 17.46(a).  *See* Dkt, 1 Ex. E-1 at ¶ 106.

- Defendants represented that their goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have, in violation of DTPA § 17.46(b)(5).  *See* Dkt, 1 Ex. E-1 at ¶ 107.

- Defendants represented that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, when they were another, in violation of DTPA § 17.46(b)(7).  *See* Dkt, 1 Ex. E-1 at ¶ 108.

- Defendants failed to disclose information concerning goods or services which was known at the time of the transaction, and such failure to disclose this information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed, in violation of DTPA § 17.46(b)(24). *See* Dkt, 1 Ex. E-1 at ¶ 109.

Rather than describe how any defendant's conduct gives rise to any alleged claim, the

Complaint joins all defendants together in its recitation of laundry list violations. While the

Complaint recites conclusions about how the defendants allegedly violated the DTPA, it provides

no explanation as to how these violations actually occurred. It also fails to allege how any

misrepresentations reached and influenced Texas consumers.

The Complaint does not include any facts to support each alleged violation, it merely

incorporates by reference its prior paragraphs. *See* Dkt, 1 Ex. E-1 at ¶105. As discussed above, the

allegations against Old DuPont include references to seven different advertisements. But nowhere does the State plead how these advertisements were deceptive. The Complaint alleges that misrepresentations were made, yet it does not specify any of the other particulars that Rule 9(b) requires "such as when the representations were made, where the representations were made, or the specific identity of the person making the representations." *Atl. Cas. Ins. Co. v. Primelending, A Plainscapital Co*., No. 3:15-CV-1475-D, 2016 WL 1322235, at *4 (N.D. Tex. Apr. 5, 2016). The State of Texas thus fails to include "[f]actual allegations" that "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and instead relies on an "unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court has held inadequate, *Iqbal*, 556 U.S. at 678.

In addition, the State fails to allege that New DuPont or Corteva committed any unfair trade practices at all.  No advertisement is alleged to be the act of New DuPont or Corteva. The Complaint specifies Old DuPont as the actor behind each advertisement. Therefore these alleged advertisements cannot serve as the basis for any claim against New DuPont and Corteva. The Complaint lacks any factual allegations to support State's DTPA claim against New DuPont and Corteva. The State of Texas appears to acknowledge this gap alleging only that "New DuPont and Corteva agreed to assume Old DuPont's liabilities described above." *See* Dkt, 1 Ex. E-1 at ¶ 39. The Complaint does not allege that New DuPont and Corteva independently engaged in false, misleading, or deceptive acts or practices in the conduct of trade or commerce in violation of the DTPA. There is simply no DTPA claim plead against New DuPont or Corteva. Much less, one that could survive the requirements set by Rule 9(b).

**2.  The State did not provide the statutorily-required notice before filing a DTPA claim.**

The DuPont Defendants did not receive any notice of the litigation being considered and ultimately brought by the State of Texas. Under the DTPA, "the consumer protection division shall, at least seven days prior to instituting such court action, contact such person to inform him in general of the alleged unlawful conduct." Tex. Bus. & Com. Code Ann. § 17.47. The Complaint fails to allege that such notice was provided. It was not.

## V.    CONCLUSION

For each of the foregoing reasons, this Court should dismiss the DuPont Defendants and this case in their entirety.

Dated:  February 18, 2025                    SHOOK, HARDY & BACON L.L.P.

                                             By: *Ryan S. Killian*
                                             Ryan S. Killian
                                             Texas Bar No.:  24105667
                                             rkillian@shb.com
                                             Brent Dwerlkotte
                                             *Pro Hac Vice Forthcoming*
                                             dbdwerlkotte@shb.com
                                             Britta N. Todd
                                             State Bar No.: 24128066
                                             btodd@shb.com
                                             600 Travis Street, Suite 3400
                                             Houston, TX 77002-2926
                                             Telephone: (713) 227-8008
                                             Facsimile: (713) 227-9508
                                             2555 Grand Blvd.
                                             Kansas City, MO 64108
                                             Telephone: (816) 559-0353
                                             Facsimile: (816) 421-5547

                                             ***Attorney for Defendants DuPont de Nemours,
                                             Inc.; EIDP, Inc. F/K/A E. I. DuPont de Nemours
                                             and Company; and Corteva, Inc..***

## CERTIFICATE OF SERVICE

I hereby certify that on this the 18th day of February, 2025, the above and foregoing document was filed electronically through the CM/ECF system, which sent notification of such filing to all known counsel of record as follows:

Jennifer Roscetti
Kelley Owens
Office of the Attorney General of Texas
Consumer Protection Division
P.O. Box 12548, MC-010
Austin, Texas 78701
Jennifer.roscetti@oag.texas.gov
Kelley.owens@oag.texas.gov

Katie B. Hobson
Brittany E. Wright
Jake Marx
Office of the Attorney General of Texas
Environmental Protection Division
P.O. Box 12548, MC-010
Austin, Texas 78701
katie.hobson@oag.texas.gov
brittany.wright@oag.texas.gov
jake.marx@oag.texas.gov

Mark Lanier
Alex Brown
The Lanier Law Firm, P.C.
10940 W. Sam Houston Pkwy N.
Suite 100
Houston, Texas 77054
Mark.lanier@lanierlawfirm.com
Alex.brown@lanierlawfirm.com

*Attorneys for Plaintiff*

William J. Jackson
Jennifer C. Barks
Lauren H. Shah
Maria F. Pimienta
Kelley Drye & Warren LLP
515 Post Oak Blvd.
Suite 900
Houston, Texas 77027
bjackson@kelleydrye.com
jbarks@kelleydrye.com
lshah@kelleydrye.com
mpimienta@kelleydrye.com

David I. Zalman
Glenn T. Graham
Elizabeth N. Krasnow
Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Dzalman@kelleydrye.com
ggraham@kelleydrye.com
ekrasnow@kelleydrye.com

*/s/ Ryan S. Killian*
Ryan S. Killian

2