## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br><br>    Plaintiff,<br><br>  v.<br><br>3M COMPANY; CORTEVA, INC., DUPONT DE NEMOURS, INC., and EIDP, INC. F/K/A E. I. DU PONT DE NEMOURS AND COMPANY,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§  Civil Action No. 3:25-cv-00122-L<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

### DEFENDANT 3M COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)

# TABLE OF CONTENTS

## CONTENTS

INTRODUCTION ..................................................................................................... 1

FACTUAL BACKGROUND ....................................................................................... 3

PROCEDURAL BACKGROUND ............................................................................... 4

LEGAL STANDARD ................................................................................................. 5

ARGUMENT ............................................................................................................. 6

    I.    The Claim Against 3M Must Be Dismissed Because the Court Lacks Personal Jurisdiction Over 3M ................................................................. 6

        A.    3M Is Not Subject to General Jurisdiction. ............................... 6

        B.    3M Is Not Subject to Specific Jurisdiction. .............................. 7

               1.    Plaintiff Has Not Shown That 3M Purposefully Directed Its Activities Toward the State of Texas. ........................... 8

               2.    There Is No "Substantial Connection" Between 3M's Contacts with Texas and Plaintiff's Allegations. ......... 12

    II.    The Court Should Grant This Motion Without Deciding Plaintiff's Motion to Remand. ................................................................................. 15

CONCLUSION ......................................................................................................... 16

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allred v. Moore & Peterson*,
    117 F.3d 278 (5th Cir. 1997) ................................................11

*Alpine View Co. Ltd. v. Atlas Copco AB*,
    205 F.3d 208 (5th Cir. 2000) ................................................16

*American University System, Inc. v. American University*,
    858 F. Supp. 2d 705 (N.D. Tex. 2012) ............................4, 7, 8

*BNSF Railway Co. v. Tyrrell*,
    581 U.S. 402 (2017) ................................................5, 6

*Bristol-Myers Squibb Co. v. Superior Court of California*,
    582 U.S. 255 (2017) ............................5, 7, 8, 12, 13

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985) ................................7, 8, 11

*Calder v. Jones*,
    465 U.S. 783 (1984) ................................................7

*Carmona v. Leo Ship Management, Inc.*,
    924 F.3d 190 (5th Cir. 2019) ................................................5, 8

*Cunningham v. CBC Conglomerate, LLC*,
    359 F. Supp. 3d 471 (E.D. Tex. 2019) ................................................10

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) ................................................5, 6

*Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*,
    24 F.4th 491 (5th Cir. 2022) ................................................14

*Di Piazza v. Weather Group Television, LLC*,
    2019 WL 8107917 (N.D. Tex. Sept. 9, 2019) ................................................6

*Domain Protection LLC v. Keating*,
    2016 WL 5661649 (N.D. Tex. Sept. 30, 2016) ................................................7

*Ford Motor Co. v. Montana Eighth Judicial District Court*,
    592 U.S. 351 (2021) ................................................5, 15

**TABLE OF AUTHORITIES**

(*continued*)

Page(s)

*Gigi's Cupcakes, LLC v. 4 Box LLC,*
  2020 WL 1064852 (N.D. Tex. Mar. 5, 2020) ...................................................13, 14

*Google LLC v. State,*
  2025 WL 52611 (Tex. App.—Corpus Christi–Edinburg Jan. 9, 2025)....................2, 6, 14, 15

*Guidry v. United States Tobacco Co.,*
  188 F.3d 619 (5th Cir. 1999) .........................................................................9

*Gullen v. Facebook.com, Inc.,*
  2016 WL 245910 (N.D. Ill. Jan. 21, 2016) .......................................................9

*Head v. Las Vegas Sands, LLC,*
  298 F. Supp. 3d 963 (S.D. Tex. 2018) .............................................................10

*Hughes v. Bank of America Corp.,*
  2022 WL 179600 (N.D. Tex. Jan. 19, 2022) ......................................................9

*Hunt v. BAC Home Loans Servicing, LP,*
  2012 WL 219330 (S.D. Tex. Jan. 24, 2012) .......................................................4

*Inmar Rx Solutions, Inc. v. Devos, Ltd.,*
  786 F. App'x 445 (5th Cir. 2019) ...........................................................12, 13, 15

*Johnson v. TheHuffingtonPost.com, Inc.,*
  21 F.4th 314 (5th Cir. 2021) .........................................................................13

*Keeton v. Hustler Magazine, Inc.,*
  465 U.S. 770 (1984).....................................................................................7

*Lahman v. Nationwide Provider Solutions,*
  2018 WL 3035916 (E.D. Tex. June 19, 2018).....................................................10

*Matrix Warranty Solutions, Inc. v. Staunton Group LLC,*
  2022 WL 1813606 (N.D. Tex. June 2, 2022) ............................................12, 14, 15

*Matthews v. Tidewater Crewing, Ltd.,*
  658 F. Supp. 3d 332 (E.D. La. 2023).................................................................4

*McFadin v. Gerber,*
  587 F.3d 753 (5th Cir. 2009) .........................................................................7

*McGinnis v. Nationwide Life & Annuity Insurance, Co.,*
  2023 WL 4274990 (N.D. Tex. June 29, 2023) .....................................................9

*Moncrief Oil International Inc. v. OAO Gazprom,*
  414 S.W.3d 142 (Tex. 2013)..........................................................................14

**TABLE OF AUTHORITIES**

(*continued*)

Page(s)

*NavSav Holdings, LLC v. Beber*,
    724 F. Supp. 3d 615 (E.D. Tex. 2024) ......................................................................6

*Panda Brandywine Corp. v. Potomac Electric Power Co.*,
    2000 WL 35615925 (N.D. Tex. Sept. 15, 2000).................................................10, 11

*Panda Brandywine Corp. v. Potomac Electric Power Co.*,
    253 F.3d 865 (5th Cir. 2001) ..........................................................................10, 11

*Perkins v. Benguet Mining*,
    342 U.S. 437 (1952)............................................................................................6

*Quick Technologies, Inc. v. Sage Group PLC*,
    313 F.3d 338 (5th Cir. 2002) .................................................................................13

*Ruhrgas AG v. Marathon Oil Co.*,
    526 U.S. 574 (1999)................................................................................5, 15, 16

*Sangha v. Navig8 ShipManagement Private Ltd.*,
    882 F.3d 96 (5th Cir. 2018) ...............................................................5, 6, 12, 15, 16

*Seitz v. Envirotech Systems Worldwide Inc.*,
    513 F. Supp. 2d 855 (S.D. Tex. 2007) ................................................................10, 13

*Sinochem International Co. v. Malaysia International Shipping*,
    549 U.S. 422 (2007)...........................................................................................15

*Vortex Cos., LLC v. Amex Sanivar Holding AG*,
    643 F. Supp. 3d 688 (S.D. Tex. 2022) ....................................................................9

*Walden v. Fiore*,
    571 U.S. 277 (2014)....................................................................................7, 8, 12

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980)............................................................................................8

*Zhu v. UBS Financial Services*,
    2022 WL 15526363 (N.D. Tex. Sept. 28, 2022)........................................................12

Defendant 3M Company respectfully submits this brief in support of its Motion to Dismiss Plaintiff State of Texas's Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

## INTRODUCTION

This case should be dismissed against 3M because the State of Texas has failed to establish that this Court has either general or specific personal jurisdiction over 3M.

This Court has no general jurisdiction because 3M is neither incorporated in nor has a principal place of business in Texas. As the petition alleges, 3M is incorporated in Delaware and is headquartered in Minnesota.

The Court also has no specific jurisdiction over 3M. To establish specific jurisdiction, the plaintiff bears the burden to establish that: (1) the defendant purposely directed its activities toward the forum state, and (2) the plaintiff's claim has a substantial connection with those forum contacts. Plaintiff fails at both steps.

First, the petition does not allege that 3M made any deliberate contact with Texas. The only allegation against 3M individually that relates to Texas is that 3M "is registered to do business in Texas." But it is well established that such an allegation is insufficient to demonstrate jurisdiction. All other allegations related to Texas are pled against *all* four defendants collectively. For example, the petition generally alleges that "defendants" marketed products in Texas, sold products to Texas consumers, and caused injuries in Texas. But accusations that lump all defendants together cannot support jurisdiction. And even if these allegations were not directed at all defendants, they still would be insufficient because they are nothing more than conclusory allegations that do not show actions specifically targeted at Texas.

Second, plaintiff does not allege that its claim arises from or is substantially related to any of

1

the alleged 3M contacts with Texas. The petition asserts a single claim against all defendants for deceptive marketing and advertising under the Texas Deceptive Trade Practices Act (DTPA). The principal contention is that defendants made false or misleading statements about alleged health risks and environmental harms associated with products they manufactured. But the petition fails to connect any of the complained-of conduct by 3M to Texas or Texas consumers. In fact, the petition dedicates 12 pages to detailing 3M's alleged wrongdoing, and these 12 pages never mention Texas or Texas consumers once. And none of 3M's advertisements described in the petition are alleged to have been produced in Texas or specifically directed at Texans. Lacking any allegations that 3M directed acts toward Texas specifically, plaintiff cannot succeed by showing only that some effects of 3M's actions from afar reached Texas.

Last month, a Texas court of appeals found no personal jurisdiction over a DTPA suit the Attorney General brought against Google. *See Google LLC v. State*, 2025 WL 52611, at *7 (Tex. App.—Corpus Christi–Edinburg Jan. 9, 2025, no pet. h.). The jurisdictional defects in that case are also present here: (1) Texas has not shown that its claim arises from contacts with Texas, and (2) vague and conclusory allegations of "effects to consumers in Texas" are insufficient to establish personal jurisdiction. *Id.*

Finally, the Court should decide this motion before and without deciding plaintiff's pending motion to remand. The Court has considerable discretion in picking which jurisdictional motion to decide first. It should prioritize this motion because it raises a straightforward personal jurisdiction issue based on well-established case law.

For these reasons, the Court should grant this motion to dismiss for lack of personal jurisdiction.

## FACTUAL BACKGROUND

Plaintiff's petition asserts one DTPA claim on behalf of certain Texas consumers against defendants 3M Company, Corteva, DuPont de Nemours, and EIDP.  It alleges that defendants "fail[ed] to disclose health risks and environmental harms associated with their products, and represent[ed] and/or impl[ied] their products were 'safe' in a false, deceptive, or misleading manner."  Petition (Dkt. 1-5 E-1) at 3.  The target of plaintiff's claim is "consumer products containing per- and polyfluoroalkyl substances ('PFAS'), including perfluorooctane sulfonic acid ('PFOS') and perfluorooctanoic acid ('PFOA')," which are alleged to "pose risks to people's health and impact the environment."  Pet. ¶¶ 1, 2.

The petition does not allege that 3M specifically took any action in Texas or targeted Texas in any way.  Instead, nearly every Texas-related allegation is made against *all* four "defendants" collectively.  For example, the petition summarily recites that "defendants" have "done business in Johnson County, Texas," have marketed products in Texas, and have "sold to Texas consumers."  Pet. ¶¶ 1, 12, 22.  It also alleges in conclusory fashion that "defendants" "concealed . . . substantial risks from . . . the State," Pet. ¶ 2, "continued to market PFAS products and chemicals in Texas and elsewhere," *id.* ¶ 22, and "caused injury . . . affecting the people of this State," *id.* ¶ 13.

The petition never alleges that 3M individually has meaningful contacts with Texas.  In fact, in the entire 12 pages focused on 3M's alleged deception, the state of Texas and Texas consumers are not mentioned a single time.  *See* Pet. ¶¶ 47–67.  In that section, plaintiff identifies what it alleges to be a few 3M advertisements "fail[ing] to disclose information" about its products to consumers, Pet. ¶ 50, but the petition does not allege that such advertisements were created in Texas, targeted Texans, or even reached Texans.  This section only makes allegations about

3

"individuals across the United States"—not Texas specifically.   Pet. ¶ 54 (alleging that 3M

allegedly made findings from "blood serum samples taken from individuals across the United

States").   The only state mentioned in these twelve pages is Alabama—not Texas.   Pet. ¶ 55

(allegedly connecting 3M's "Decatur, Alabama plant" to the accumulation of fluorochemicals in

nearby fish).

## PROCEDURAL BACKGROUND

Plaintiff filed this suit in Johnson County.  Pet. at 3.  The petition asserts one count for

violating Texas's DTPA § 17.46, and it seeks money damages, civil penalties, restitution,

attorney's fees, and injunctive relief.  Pet. ¶¶ 105–13; *see also* Pet. ¶ 5.  While still in state court,

3M filed a "Special Appearance to Contest Personal Jurisdiction and—Subject to Special

Appearance—Answer and Affirmative Defenses to Plaintiff's Original Petition."  *See* Dkt. 1-5 E-

6.  3M argued that it is not subject to general jurisdiction because it is not "at home" in Texas and

is not susceptible to specific jurisdiction because this case does not arise from 3M's alleged

contacts with Texas.  Dkt. 1-5 E-1 at 62–65.

A few days later, 3M timely removed the case to this Court.  *See* Dkt. 1.  Plaintiff then filed

a motion to remand.  Dkt. 14.  Under Federal Rule of Civil Procedure 12(b)(2), 3M now moves to

dismiss for lack of personal jurisdiction.[1]

---

[1]     Because 3M asserted lack of personal jurisdiction when it timely answered in state court,
that issue (along with all asserted defenses) has been preserved and may be addressed by the Court
via a motion to dismiss.  *See Hunt v. BAC Home Loans Servicing, LP*, 2012 WL 219330, at *11
(S.D. Tex. Jan. 24, 2012) (defendants did not "waive[] their federal rule 12(b) motions" just
because they "already filed answers in state court"); *Matthews v. Tidewater Crewing, Ltd.*, 658 F.
Supp. 3d 332, 344 (E.D. La. 2023) (same); Fed. R. Civ. P. 12(i) ("any defense . . . whether made
in a pleading or by motion . . . must be heard and decided before trial").

## LEGAL STANDARD

The "plaintiff bears the burden of establishing" the Court's jurisdiction. *Am. Univ. Sys., Inc. v. Am. Univ.*, 858 F. Supp. 2d 705, 710 (N.D. Tex. 2012) (Lindsay, J.). To succeed, the record must demonstrate that the Court has either general or specific jurisdiction over each defendant. *Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, 592 U.S. 351, 358 (2021); *Bristol-Myers Squibb Co. v. Superior Ct. of Calif.*, 582 U.S. 255, 262 (2017). In determining whether plaintiff has met its burden without conducting an evidentiary hearing, the court considers "the contents of the record at the time of the motion"—which here is only the petition. *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018). General jurisdiction exists only where a corporate defendant's "affiliations with the State are so 'continuous and systematic' as to render it *essentially at home* in the forum State"—typically its state of incorporation or principal place of business. *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017) (emphasis added) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). To establish specific jurisdiction, the plaintiff must show that: (1) the defendant purposely directed its activities toward the forum state, and (2) the plaintiff's claim arises from those forum contacts. *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019).

When, as here, a motion to remand and a Rule 12(b)(2) motion are pending, the Court has discretion in deciding which motion to decide first. *Sangha*, 882 F.3d at 100. A Rule 12(b)(2) motion should be decided first when it raises a "straightforward personal jurisdiction issue" with no complex state-law questions, while the motion to remand asserts "novel" and "difficult" statutory and state-law questions. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578, 588 (1999).

5

## ARGUMENT

This case cannot proceed against 3M because plaintiff has failed to establish that the Court has personal jurisdiction over 3M.  Plaintiff does not satisfy the high bar of showing that 3M is "at home" in Texas to establish general jurisdiction.  For specific jurisdiction, plaintiff has failed to show meaningful contacts between 3M and Texas, much less contacts substantially connected to plaintiff's claim in this case.  For these reasons, this Court should exercise its discretion to dismiss for lack of personal jurisdiction without reaching plaintiff's motion to remand.

**I.    The Claim Against 3M Must Be Dismissed Because the Court Lacks Personal Jurisdiction Over 3M.**

**A.    3M Is Not Subject to General Jurisdiction.**

Plaintiff does not (and cannot) allege that this Court has general jurisdiction over 3M. General jurisdiction typically exists only where a corporation is incorporated or has its principal place of business.  *BNSF Ry. Co.*, 581 U.S. at 413 (citing *Daimler AG*, 571 U.S. at 127–28). Indeed, only once has the Supreme Court found general jurisdiction outside of those contexts, and it took the disruption of World War II to create that exceptional circumstance.  *See Perkins v. Benguet Mining*, 342 U.S. 437, 448–49 (1952) (finding general jurisdiction over mining company in Ohio because company had relocated to Ohio from the Philippines after Japan occupied the latter).  That very high bar exists because the consequences of opening up a party to general jurisdiction in a forum state are so great: a party subject to general jurisdiction in Texas can be sued there "for any and all claims" arising anywhere in the world—even those having nothing to do with this state.  *Sangha*, 882 F.3d at 101.

3M is incorporated in Delaware, not Texas.  Pet. ⁋ 8.  And its principal place of business is in Minnesota, not Texas.  Pet. ⁋ 8.  The fact that 3M is "registered to do business in Texas,"

6

Pet. ¶ 8, does not establish general jurisdiction, otherwise companies could be sued in any state where they do business for claims arising anywhere in the world. *See NavSav Holdings, LLC v. Beber*, 724 F. Supp. 3d 615, 625 (E.D. Tex. 2024) (explaining that "merely doing business in the state is not enough" to establish general jurisdiction); *Google*, 2025 WL 52611, at *4 (emphasizing that there is no general jurisdiction unless defendant "has made Texas its home"). Accordingly, plaintiff comes nowhere close to showing that the Court has general jurisdiction over 3M. *See Di Piazza v. Weather Grp. Television, LLC*, 2019 WL 8107917, at *3 (N.D. Tex. Sept. 9, 2019) (Cummings, J.) (finding no general jurisdiction because defendant was not "essentially at home" in forum state).

### B.    3M Is Not Subject to Specific Jurisdiction.

Plaintiff also fails to meet its burden to establish specific jurisdiction over 3M. The "inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). The contacts must be ones that the defendant *itself* creates with the forum state—not contacts third parties, other defendants, or the plaintiffs have with that state. *Walden*, 571 U.S. at 285–86. This "constitutional touchstone" "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, . . . or of the unilateral activity of another party or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quotation marks and citation omitted); *see also McFadin v. Gerber*, 587 F.3d 753, 759–60 (5th Cir. 2009) (same).

Instead, the plaintiff seeking to establish specific jurisdiction must first show minimum contacts that are the result of defendant's "purposeful avail[ment]." *Am. Univ. Sys., Inc.*, 858 F.

Supp. 2d at 710.  "[M]ere injury" or "foreseeable harm" or "effect" "to a forum resident [are] not

. . . sufficient connection[s] to the forum" for minimum contacts.  *Walden*, 571 U.S. at 289–90;

*see also Domain Prot. LLC v. Keating*, 2016 WL 5661649, at *4 (N.D. Tex. Sept. 30, 2016)

(Lindsay, J.) (that "the brunt of the injury is felt by the plaintiff in that forum state" is itself

insufficient to establish minimum contacts).  Rather, the defendant must "'expressly aim[ ]' his

tortious conduct at the forum state." *Domain Prot. LLC*, 2016 WL 5661649, at *4 (quoting *Calder

v. Jones*, 465 U.S. 783 (1984)).

Second, the plaintiff must show that the claim "arise[s] out of" the defendant's contacts

with the forum.  *See Bristol-Myers Squibb Co.*, 582 U.S. at 262.  There must be a "substantial"

connection between the defendant's contacts with the forum and the plaintiff's claims.  *Walden*,

571 U.S. at 284.  When no such connection exists, "specific jurisdiction is lacking regardless of

the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb*, 582 U.S. at

264.

Plaintiff flunks both jurisdictional requirements—there is neither purposeful availment nor

substantial relatedness.

### 1.    Plaintiff Has Not Shown That 3M Purposefully Directed Its Activities Toward the State of Texas.

The Court lacks specific jurisdiction over 3M because plaintiff has put forth no plausible

basis on which to conclude that 3M has minimum contacts with Texas.  For the "'minimum

contacts' prong [to be] satisfied," plaintiff must show that the defendant "purposefully avail[ed]

itself . . . of the benefits and protections" of the forum state such that it "'should reasonably

anticipate being haled into court' in the forum state." *Am. Univ. Sys., Inc.*, 858 F. Supp. 2d at 710

(first quoting *Burger King Corp.*, 471 U.S. at 475, then quoting *World-Wide Volkswagen Corp. v.*

*Woodson*, 444 U.S. 286, 297 (1980)).  In other words, the defendant must have made "deliberate contact" with the forum.  *Carmona*, 924 F.3d at 194.

The petition alleges no specific facts demonstrating that 3M purposely availed itself of the privilege of acting in Texas.  The sole Texas allegation in the petition against 3M individually is that 3M "is registered to do business in Texas."  Pet. ⁋ 8.  But this allegation is categorically insufficient to establish specific jurisdiction; "[m]erely doing business in a particular market is not enough."  *Hughes v. Bank of Am. Corp.*, 2022 WL 179600, at *3–4 (N.D. Tex. Jan. 19, 2022) (Godbey, J.).[2]  A bare allegation that a defendant "does business in the State of Texas" is also conclusory and insufficient to establish jurisdiction.  *McGinnis v. Nationwide Life & Annuity Ins., Co.*, 2023 WL 4274990, at *4, 7 (N.D. Tex. June 29, 2023) (Brown, J.) (rejecting plaintiff's allegation that a defendant "do[es] business" in a forum as "conclusory," "vague," and "overgeneralized," "giv[ing] no indication as to the extent, duration, or frequency of contacts" that would support jurisdiction (citation omitted)).  Thus, plaintiff's single bare accusation directed at 3M is utterly insufficient to establish specific jurisdiction.

The petition lodges every other allegation related to Texas against *all* four "defendants" collectively.  *See*, *e.g.*, Pet. ⁋ 1 ("defendants" marketed products "in Texas and elsewhere"); *id.* ⁋ 22 ("defendants" "market[ed] PFAS products and chemicals in Texas"); *id.* ⁋ 1 ("defendants" "sold to Texas consumers"); *id.* ⁋ 13 ("Defendants have caused injury, loss, and damage to the State of Texas . . . affecting the people of this State").  It is well established that such accusations that

---

[2]    Moreover, even if plaintiff had alleged that 3M has offices or locations in Texas, that would not carry its burden either.  *Hughes*, 2022 WL 179600, at *4 (defendant merely having offices in the forum state does not carry plaintiff's burden); *accord Gullen v. Facebook.com, Inc.*, 2016 WL 245910, at *2 (N.D. Ill. Jan. 21, 2016) (specific jurisdiction lacking even though Facebook had a "sales and advertising office" in the state).

9

lump all defendants together are insufficient as a matter of law. The "Fifth Circuit has consistently held that the contacts of each defendant with the forum state must be assessed individually without grouping them together." *Vortex Cos., LLC v. Amex Sanivar Holding AG*, 643 F. Supp. 3d 688, 694–95 (S.D. Tex. 2022) (citing cases); *see also Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 628 (5th Cir. 1999) (allegations must be sufficient as to each defendant "individually" and "directly"). Plaintiff's generalized allegations against all defendants are not enough to establish personal jurisdiction over 3M. *Cunningham v. CBC Conglomerate, LLC*, 359 F. Supp. 3d 471, 479 (E.D. Tex. 2019) (dismissing for lack of personal jurisdiction because plaintiff asserted "collective[ ]" allegations about defendants and failed to "demonstrate" "individualized conduct" taken by each defendant in the forum state); *see also Lahman v. Nationwide Provider Sols.*, 2018 WL 3035916, at *5, 8–9 (E.D. Tex. June 19, 2018) (plaintiff failed to show that a cause of action "grows out of or relates to a contact between [each individual defendant] and the forum state").

Even if these conclusory allegations were not directed at all defendants collectively, they would nevertheless be insufficient because courts do not "credit conclusory allegations." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 2000 WL 35615925, at *2 (N.D. Tex. Sept. 15, 2000) (Fitzwater, J.), *aff'd*, 253 F.3d 865 (5th Cir. 2001); *see Seitz v. Envirotech Sys. Worldwide Inc.*, 513 F. Supp. 2d 855, 861–62 (S.D. Tex. 2007) (finding no personal jurisdiction and rejecting "conclusory assertions" that defendant "advertised the" "product in Texas," "appointed a representative in Texas to solicit business," and "made one or more sales of the [product] in Texas" because "[n]o supporting evidence or information was provided"); *Panda*, 253 F.3d at 868–69 (rejecting as "conclusory" and insufficient plaintiffs' allegations that defendant "knew its actions would intentionally cause harm to [plaintiffs] in Texas"); *Zhu v. UBS Fin. Servs*., 2022 WL 15526363, at *3 (N.D. Tex. Sept. 28, 2022) (Ramirez, J.) (no jurisdiction because plaintiff's

10

allegations were just "conclusory"), *report and recommendation adopted*, 2022 WL 15535258 (N.D. Tex. Oct. 27, 2022) (Lindsay, J.); *Head v. Las Vegas Sands, LLC*, 298 F. Supp. 3d 963, 973 (S.D. Tex. 2018) (finding no personal jurisdiction and rejecting as "conclusory" plaintiff's allegation that "[a]ll named defendants sent corporate jets to McAllen, Texas on numerous occasions" because it contained "no details"), *aff'd sub nom. Head v. Las Vegas Sands, Ltd. Liab. Corp.*, 760 F. App'x 281 (5th Cir. 2019).

An allegation of effects felt in Texas is also not sufficient. *See* Pet. ¶ 13 (noting only that "defendants caused injury . . . affecting the people of this State"). As an initial matter, as described above, this one-sentence allegation of "caus[ing] injury" in Texas is lacking because it is improperly pled against all defendants and is conclusory. On top of that, plaintiff has not pleaded any effects that are the result of any action that 3M intentionally directed at Texas. Allegations of effects in Texas are "not a substitute for a nonresident's minimum contacts that demonstrate purposeful availment of the benefits of the forum state." *Allred v. Moore & Peterson*, 117 F.3d 278, 286 (5th Cir. 1997). Effects in the forum state "only relate to the foreseeability of causing injury in Texas, which is not a 'sufficient benchmark' for specific jurisdiction." *Panda*, 253 F.3d at 869 (quoting *Burger King Corp.*, 471 U.S. at 474). That is because the foreseeability that is "critical" for personal jurisdiction is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Burger King Corp.*, 471 U.S. at 474 (citation and quotation omitted). Such "reasonable" anticipation exists only where the *defendant* took actions that "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," or "purposefully directs" "its efforts toward the forum State residents." *Id.* It does not exist from the "mere fortuity that [plaintiffs] reside there." *Panda*, 253 F.3d at 870.

11

Here, plaintiff has not alleged *any* purposeful availment by 3M—including purposeful availment of directing "effects" toward Texas or taking specific acts justifying a foreseeability theory. Plaintiff's vague assertion of injury "affecting" people in Texas, Pet. ¶ 13, "is alone insufficient to permit the exercise of specific jurisdiction over Defendants in Texas" because plaintiff has not shown that defendant's "conduct or contacts connect them to Texas in any meaningful way such that they should have reasonably anticipated being haled into court in Texas." *Matrix Warranty Sols., Inc. v. Staunton Grp. LLC*, 2022 WL 1813606, at *6 (N.D. Tex. June 2, 2022) (Kinkeade, J.). Without plausible allegations that 3M's allegedly tortious conduct "occurred 'within Texas'" or that 3M "sold or directly marketed" the allegedly tortious products "to Texas residents," plaintiff's claim fails. *Zhu*, 2022 WL 15526363, at *4.

Plaintiff's conclusory and collective accusations are insufficient to show that 3M individually took specific acts directed at Texas.

### 2. There Is No "Substantial Connection" Between 3M's Contacts with Texas and Plaintiff's Allegations.

Even if plaintiff had alleged sufficient contacts between 3M and Texas, this Court would still lack personal jurisdiction because plaintiff also fails to show any "substantial connection" between plaintiff's claim and 3M's alleged contacts with Texas.

Specific jurisdiction exists over a nonresident defendant only when "the litigation results from alleged injuries that arise out of or relate to" defendant's minimum contacts with the forum state. *Sangha*, 882 F.3d at 101; *see Bristol-Myers*, 582 U.S. at 264–65. The connection between the defendant's activities and plaintiff's claim cannot be minimal; it must be "'substantial.'" *Inmar Rx Sols., Inc. v. Devos, Ltd.*, 786 F. App'x 445, 448 (5th Cir. 2019) (quoting *Walden*, 571 U.S. at 284); *accord Sangha*, 882 F.3d at 103–04. Absent such a connection, "'specific

12

jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.'" *Inmar Rx*, 786 F. App'x at 448 (quoting *Bristol-Myers*, 582 U.S. at 264); *see also Gigi's Cupcakes, LLC v. 4 Box LLC*, 2020 WL 1064852, at *4 (N.D. Tex. Mar. 5, 2020) (Boyle, J.) (defendant must not only "have contacts with Texas"; plaintiff's claim must "arise out of these Texas contacts").

As described above, plaintiff's claim is premised on the accusation that 3M made false representations, and failed to disclose information, about its products. But plaintiff never claims (much less with any plausible factual support) that any of these supposed misrepresentations or incomplete representations were made in Texas or targeted Texas or Texas consumers. In fact, the petition dedicates 12 pages—or over 25 percent of its 45-page petition—to detailing 3M's alleged wrongdoing and these 12 pages never even mention Texas or Texas consumers. *See* Pet. ¶¶ 47–67. Ironically, the only state that plaintiff mentions in its 12-page attack on 3M is *Alabama*—not Texas. The petition alleges that 3M did not reveal potential harms from alleged "effluent from 3M's Decatur, Alabama plant." Pet. ¶ 55. No such connection is drawn between Texas and any of 3M's alleged conduct.

Plaintiff's allegations about 3M's advertisements also are not connected to Texas. *See* Pet. ¶¶ 47–67. The petition does not specifically identify any advertisement that is alleged to have been published, produced, or spread *in* Texas or specifically directed *at* Texas. At most, it alleges "national advertising," which, even if "circulat[ed] in the forum state," "is generally insufficient to show jurisdiction." *Seitz*, 513 F. Supp. 2d at 864; *see also Quick Techs., Inc. v. Sage Group PLC*, 313 F.3d 338, 345 (5th Cir. 2002) (holding that "advertisements placed in publications which circulate in the United States . . . are insufficient to establish personal jurisdiction"); *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 320–22 (5th Cir. 2021) (no specific jurisdiction even

13

though Texas consumers were affected and the defendant generally sold its services in Texas and contracted with Texas advertisers); *Matrix Warranty Sols., Inc.*, 2022 WL 1813606, at *5 (finding no specific jurisdiction and noting Fifth Circuit precedent holding that there is no jurisdiction where "none of the defendants' allegedly tortious conduct connected them in a meaningful way to Texas because even though the plaintiff was *affected* in Texas, none of the defendants' conduct occurred in Texas") (emphasis original) (citing *Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*, 24 F.4th 491, 497 (5th Cir. 2022)); *see also Gigi's Cupcakes*, 2020 WL 1064852, at *5–7 (no jurisdiction because claims involved no harm occurring in Texas or to any Texas resident, and Texas contacts were unrelated to conduct giving rise to claims).

On this "relatedness" prong, Texas's Thirteenth Court of Appeals recently rejected plaintiff's attempt to exercise personal jurisdiction over Google in a case involving similar DTPA claims. *Google LLC*, 2025 WL 52611. Plaintiff attempted to connect the forum state and Google's advertisements—stating that Google "presented" advertisements "to users in Texas alone"—an allegation not made here—and "cause[d] adverse effects to consumers in Texas." *Id.* at *6–7.

Even with that allegation, which it has not made here, plaintiff failed to establish personal jurisdiction over Google. The Court concluded that "the operative facts are not sufficiently related" if "the focus of the trial [would] involve[ ] facts that occur outside of the forum state." *Id.* at *7. The court recognized, as another judge in this district has, that a "nonresident directing a tort at Texas from afar is insufficient to confer specific jurisdiction." *Id.* (quoting *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 157 (Tex. 2013)); *see also Matrix Warranty Sols., Inc.*, 2022 WL 1813606, at *5 (Kinkeade, J.) (holding and quoting same). As here, plaintiff had "not alleged that any of [Google's] Texas employees made the misleading statements." *Google LLC*, 2025 WL 52611, at *7. The petition's failure to "identi[fy] an 'activity or occurrence . . .

14

that takes place' in Texas" proved fatal. *Id.* (quoting *Ford Motor Co.*, 592 U.S. at 362). As the *Matrix* court explained, "necessary contacts with Texas to support the exercise of specific jurisdiction" are not present where the allegedly tortious conduct was not "made within or directed into Texas." *Matrix Warranty Sols., Inc.*, 2022 WL 1813606, at \*5. Jurisdiction is still lacking even if the tort committed "from afar" led to "injur[ies]" in the forum state that were "foreseeable result[s] of Defendants' actions." *Id.* at \*4–5.

*Google* is on all fours in relevant part. Plaintiff has not alleged that 3M has any Texas employees, much less that those employees committed the allegedly deceptive practices. There is also less of a connection than the insufficient one in *Google* because there is no allegation here that 3M specifically directed anything, including advertisements, to Texas. Pet. ⁋ 22. Based on plaintiff's paltry allegations, there is certainly not a "substantial connection" between 3M's contacts and plaintiff's claim. *Inmar Rx*, 786 F. App'x at 448. Accordingly, dismissal is appropriate here too.

## II.    The Court Should Grant This Motion Without Deciding Plaintiff's Motion to Remand.

This Court should resolve 3M's motion to dismiss for lack of personal jurisdiction before reaching the motion to remand. A "federal court has considerable leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" *Sangha*, 882 F.3d at 100 (quoting *Sinochem Int'l Co. v. Malay. Int'l Shipping*, 549 U.S. 422, 431 (2007)). "Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter, but there are circumstances in which a district court appropriately accords priority to a personal jurisdiction inquiry." *Ruhrgas AG*, 526 U.S. at 578. This is one of those circumstances.

15

Plaintiff's "alleged defect in subject-matter jurisdiction raises . . . novel question[s]" about the Class Action Fairness Act and Texas state law. *Id*. "[T]he Fifth Circuit has not yet spoken directly on [the] issue[s]" implicated by plaintiff's motion to remand—which "highlights the conceptual difficulty of and uncertainty surrounding the issue[s]." *Sangha*, 882 F.3d at 100. In contrast to plaintiff's motion to remand, 3M's motion to dismiss "relies on the constitutional safeguard of due process" and involves a "straightforward personal jurisdiction issue presenting no complex question of state law" and should be addressed first. *Ruhrgas AG*, 526 U.S. at 584, 588.

Here, "the complexity of subject-matter jurisdiction issues raised by the case, as well as concerns of federalism, and of judicial economy and restraint" counsel in favor of granting this motion before and without considering plaintiff's motion to remand. *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 213 (5th Cir. 2000).

## CONCLUSION

For all of these reasons, plaintiff's claim against 3M should be dismissed.

Dated:  February 27, 2025

Respectfully Submitted,

/s/ *Gregg J. Costa*

LAUREN GOLDMAN
  *Pro Hac Vice pending*
GIBSON, DUNN & CRUTCHER LLP
200 Park Ave.
New York, NY 10166
Telephone:  (212) 351-4000
Facsimile:  (212) 351-4035
LGoldman@gibsondunn.com

JOHN T. COX III
  State Bar No. 24003722
ASHLEY E. JOHNSON
  State Bar No. 24067689
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Ave., Suite 2100
Dallas, TX 75201
Telephone:  (214) 698-3100
Facsimile:  (214) 571-2900
TCox@gibsondunn.com
AJohnson@gibsondunn.com

GREGG J. COSTA
  State Bar No. 24028160
GIBSON, DUNN & CRUTCHER LLP
811 Main St., Suite 3000
Houston, TX 77002
Telephone:  (346) 718-6600
Facsimile:  (346) 718-6620
GCosta@gibsondunn.com

*Attorneys for defendant 3M Company*

17

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing document has been served on counsel of record pursuant to the Federal Rules of Civil Procedure.

*/s/  Gregg J. Costa*
Gregg J. Costa

*Attorney for defendant 3M Company*

18