UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| STATE OF TEXAS,<br><br>       Plaintiff,<br><br>    vs.<br><br>3M COMPANY; CORTEVA INC.; EIDP INC.; DUPONT DE NEMOURS INC.,<br><br>       Defendants. | Case No. 3:25-cv-00122-L |

**THE DUPONT DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

EIDP, Inc. ("Old Dupont"), DuPont de Nemours, Inc. ("New DuPont"), and Corteva, Inc. ("Corteva"), collectively the DuPont Defendants, hereby file this Reply in support of their Motion to Dismiss.

## I.   INTRODUCTION

The DuPont Defendants submit to this Court's jurisdiction. New DuPont and Corteva withdraw their previously raised objection to personal jurisdiction. The only question now before the Court is if the State of Texas adequately pled its DTPA claims against each individual defendant. It did not. Therefore, this action must be dismissed for failure to state a claim under Rules 12(b)(6) and 9(b).

The State alleges the DuPont Defendants intentionally engaged in false, misleading, or deceptive acts or practices in the conduct of trade or commerce in violation of the DTPA. The

1

State only brings a claim under the DTPA, and asserts no other theory of relief. The Complaint lays broad allegations of vague "toxicity" against an entire category of chemicals, spanning several products, separate entities, and decades of use. It fails to lay out the "who, what, when, where, and how" behind the alleged acts or practices. Instead, the State requests this Court to make unwarranted deductions from the conclusory allegations which make up its Complaint.

## II.     ARGUMENT AND AUTHORITIES

### A.     The DuPont Defendants did not waive arguments that remand is improper.

The DuPont Defendants joined Defendant 3M in consenting to removal of this case from Johnson County to the Northern District of Texas. *See generally* Dkt.1. The State's contention that the DuPont Defendants waived their arguments regarding remand is unfounded. This matter is properly before this Court.

### B.     New DuPont and Corteva withdraw their personal jurisdiction argument.

New DuPont and Corteva submit to this Court's jurisdiction and withdraw their previously raised objections to personal jurisdiction raised in their Motion to Dismiss. *See* Dkt. 24. The State's arguments regarding successor liability are therefore moot.

### C.     The heightened standard of Rule 9(b) applies to the State's claims.

The State cites two cases in support of their contention that the standard does not apply, both are unpersuasive. *See* Dkt. 32 at 11 ¶ 28. In *CFPB v. Frederick J. Hanna & Assocs., P.C.*, 114 F. Supp. 3d 1342, (N.D. Ga. 2015) the Northern District of Georgia considered whether Rule 9(b) applies to claims brought under the Fair Debt Collection Practices Act (FDCPA), not the Texas DTPA or an analogous general consumer protection act. Even under the FDCPA, the court noted a district split "as to whether Rule 9(b) should apply to claims alleging deceptive means to

collect debts." *Id.* at 1371. This district's guidance regarding the DTPA, however, is clear. "It is well-established that claims alleging violations of the DTPA are subject to the requirements of Rule 9(b)." *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009) (quoting *Patel v. Holiday Hospitality Franchising, Inc.*, 172 F.Supp.2d 821, 824–25 (N.D.Tex.2001) (internal quotations omitted)).

The State cites to a second case involving the Consumer Financial Protection Bureau, this time alleging violations of the Consumer Financial Protection Act ("CFPA") against All American Check Cashing, Inc., "in connection with their offering and providing of payday loans and check cashing services to consumers." *See Consumer Fin. Prot. Bureau v. All Am. Check Cashing, Inc.*, No. 3:16-CV-356-WHB-JCG, 2016 WL 11635752 at *1 (S.D. Miss. July 15, 2016). While the Southern District of Mississippi found that Rule 9(b) does not apply to claims of deception under the CFPA, the case makes no mention of the Texas DTPA. *Id.* at *3. The State tucks away in a footnote a citation to the only case considering a claim brought under the Texas DTPA. *See Gospel Light Eritrean, Baptist Church v. Ohio Cas*. Ins. Co., No. 3:23-CV-1971-N, 2024 WL 3555378, (N.D. Tex. July 25, 2024). In *Gospel Light*, this Court explained that although DTPA claims of negligent misrepresentations are not governed by Rule 9(b), the rule does govern claims of intentional misrepresentations. The State admitted it alleges intentional acts against the DuPont Defendants. *See* Dkt. 32 at 11 n.8. Therefore, the allegations of intentional misrepresentations under the DTPA sound in fraud and the State's claims are subject to the heightened pleading standard of Rule 9(b). *Lone Star Ladies Inv. Club v. Schlotzsky's Inc*., 238 F.3d 363, 368 (5th Cir. 2001); *United States ex rel. Capshaw v. White*, No. 3:12-CV-4457-N, 2018 WL 6068806, at *3 (N.D. Tex. Nov. 20, 2018) ("Because the Government's claims here sound in fraud, Rule 9(b)'s heightened pleading requirements apply.").

**D.     The State failed to state a DTPA claim.**

It has long been established that each claim against each defendant must be supported by factual allegations regarding the same. *See Big Thirst, Inc. v. Donoho*, 657 F. Supp. 3d 914, 926 (W.D. Tex. 2023). The Complaint fails to satisfy the pleading standards of either Rule 12(b)(6) or Rule 9(b). The State's referenced allegations surrounding Old DuPont's knowledge of "toxicity" do not sufficiently plead the "who, what, when, where, and how" of the alleged claims. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003). While the State points to allegations surrounding Old DuPont's knowledge of the "toxicity" of PFAS, it does not relate their vague claims to the everyday use of any products identified. The Complaint does not present facts to support any specific claim of toxicity in an identified product. Instead, it discusses an entire chemical family in broad strokes, extrapolates possible health consequences to the use of three different products, and implies misrepresentation onto a few marketing samples. Nor does the Complaint connect those few examples of representations and products to any Texas consumer. The State strains from one allegation to the other; "[a] court, however, is not to strain to find inferences favorable to the plaintiff." *See D & M Edwards, Inc. v. Bio-Cide Intern., Inc*., No. CIVA 3:08-CV-0670-L, 2009 WL 102732, at *2 (N.D. Tex. Jan. 14, 2009). The State's failure to adequately plead the essential elements of their fraud-based DTPA claim against Old DuPont dooms their claim.

The State of Texas also concedes that no independent violations of the DTPA are asserted against New DuPont and Corteva—all violations are premised on Old DuPont's alleged acts. *See* Dkt. 32 at 13, ¶33 ("The DTPA claims asserted by the State are based on Old DuPont's conduct in Texas."). As a result, if the State's claim against Old DuPont is dismissed, the State's claims against Corteva and New DuPont cannot survive and must also be dismissed.

### III.     CONCLUSION

For the foregoing reasons and those provided in the DuPont Defendants' Motion to Dismiss, this Court should dismiss the DuPont Defendants from this suit.

Dated:  March 25, 2025                              SHOOK, HARDY & BACON L.L.P.

                                                                                                                                    By: *Ryan S. Killian*
       Ryan S. Killian
       Texas Bar No.:  24105667
       rkillian@shb.com
       Brent Dwerlkotte
       *Pro Hac Vice Forthcoming*
       dbdwerlkotte@shb.com
       Britta N. Todd
       State Bar No.: 24128066
       btodd@shb.com
       600 Travis Street, Suite 3400
       Houston, TX 77002-2926
       Telephone: (713) 227-8008
       Facsimile: (713) 227-9508
       2555 Grand Blvd.
       Kansas City, MO 64108
       Telephone: (816) 559-0353
       Facsimile: (816) 421-5547

       *Attorney for Defendants EIDP, Inc. F/K/A E. I. du Pont de Nemours and Company; DuPont de Nemours, Inc.; and Corteva, Inc..*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 25th day of March, 2025, the above and foregoing document was filed electronically through the CM/ECF system, which sent notification of such filing to all known counsel of record as follows:

Jennifer Roscetti
Kelley Owens
Office of the Attorney General of Texas
Consumer Protection Division
P.O. Box 12548, MC-010
Austin, Texas 78701
Jennifer.roscetti@oag.texas.gov
Kelley.owens@oag.texas.gov

Katie B. Hobson
Brittany E. Wright
Jake Marx
Office of the Attorney General of Texas
Environmental Protection Division
P.O. Box 12548, MC-010
Austin, Texas 78701
katie.hobson@oag.texas.gov
brittany.wright@oag.texas.gov
jake.marx@oag.texas.gov

Mark Lanier
Alex Brown
The Lanier Law Firm, P.C.
10940 W. Sam Houston Pkwy N.
Suite 100
Houston, Texas 77054
Mark.lanier@lanierlawfirm.com
Alex.brown@lanierlawfirm.com

*Attorneys for Plaintiff*

William J. Jackson
Jennifer C. Barks
Lauren H. Shah
Maria F. Pimienta
Kelley Drye & Warren LLP
515 Post Oak Blvd.
Suite 900
Houston, Texas 77027
bjackson@kelleydrye.com
jbarks@kelleydrye.com
lshah@kelleydrye.com
mpimienta@kelleydrye.com

David I. Zalman
Glenn T. Graham
Elizabeth N. Krasnow
Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Dzalman@kelleydrye.com
ggraham@kelleydrye.com
ekrasnow@kelleydrye.com

*/s/ Ryan S. Killian*
Ryan S. Killian