IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:25-cv-00122-L |
| 3M COMPANY; CORTEVA, INC., DUPONT DE NEMOURS, INC., and EIDP, INC. F/K/A E. I. DU PONT DE NEMOURS AND COMPANY, | § § § § § | |
| Defendants. | § § § | |

# DEFENDANT 3M COMPANY'S REPLY IN SUPPORT OF MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)

# TABLE OF CONTENTS

## Contents

INTRODUCTION ................................................................................................................... 1

ARGUMENT .......................................................................................................................... 2

    I.      The State Has Failed to Make a Prima Facie Showing of Personal Jurisdiction. ................................................................................................. 2

           A.      The Allegations in the Petition Fail to Satisfy a Stream-of-Commerce Test. ................................................................................ 3

           B.      The Allegations in the Petition Also Flunk the Traditional Jurisdictional Test. ....................................................................... 6

    II.     Because the State Has Failed to Carry Its Prima Facie Burden, the State is Not Entitled to Jurisdictional Discovery. ............................................. 8

CONCLUSION ..................................................................................................................... 10

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Alpine View Co. Ltd. v. Atlas Copco AB*,
　205 F.3d 208 (5th Cir. 2000) ...................................................................................................4

*Andra Group, LP v. BareWeb, Inc.*,
　2018 WL 2848985 (E.D. Tex. June 11, 2018)..........................................................................6

*AT&T Mobility LLC v. T-Mobile USA Inc.*,
　2023 WL 186809 (E.D. Tex. Jan. 13, 2023).............................................................................7

*Best Glide Aviation Survival Equipment, Inc. v. Tag-Z, LLC*,
　2024 WL 3488129 (W.D. Tex. July 19, 2024)..........................................................................7

*Denman Tire Corp. v. Compania Hulera Tornel, S.A. De C.V.*,
　2014 WL 12564118 (W.D. Tex. Mar. 31, 2014).......................................................................6

*East Concrete Materials, Inc. v. ACE American Insurance Co.*,
　948 F.3d 289 (5th Cir. 2020) ...................................................................................................8

*Ethridge v. Samsung SDI Co., Ltd.*,
　617 F. Supp. 3d 638 (S.D. Tex. 2022) ..............................................................................4, 6, 7

*Google LLC v. State*,
　2025 WL 52611 (Tex. App.—Corpus Christi–Edinburg Jan. 9, 2025, pet.
　pending) ...................................................................................................................................7

*Great American Food Chain, Inc. v. Robert Andreottola*,
　No. 3:14-cv-1727, Dkt. 20, Dkt. 21 (N.D. Tex. Feb. 4, 2015) .................................................8

*Harries v. Stark*,
　2015 WL 4545071 (N.D. Tex. July 28, 2015).........................................................................9

*Head v. Las Vegas Sands, LLC*,
　298 F. Supp. 3d 963 (S.D. Tex. 2018) .....................................................................................9

*HEI Resources, Inc. v. Venture Research Institute*,
　2009 WL 2634858 (N.D. Tex. Aug. 26, 2009)........................................................................8

*Kelly v. Syria Shell Petroleum Development B.V.*,
　213 F.3d 841 (5th Cir. 2000) ...................................................................................................9

*King v. Hawgwild Air, LLC*,
　2008 WL 2620099 (N.D. Tex. June 27, 2008) ........................................................................9

*Lapin v. EverQuote Inc.*,
　2023 WL 2072059 (D.S.D. Feb. 17, 2023)..............................................................................3

*Luciano v. SprayFoamPolymers.com, LLC*,
　625 S.W.3d 1 (Tex. 2021)........................................................................................................5

# TABLE OF AUTHORITIES
(*continued*)

Page(s)

*Luv N' care, Ltd. v. Insta-Mix, Inc.*,
   438 F.3d 465 (5th Cir. 2006) ..................................................................................................3, 6

*Missouri v. Biden*,
   2024 WL 5316601 (W.D. La. Nov. 8, 2024) ................................................................................9

*Nippon Yusen Kabushiki Kaisha v. Riverside Navigation, Ltd.*,
   2021 WL 5829757 (M.D. La. Dec. 8, 2021) ................................................................................9

*Pace v. Cirrus Design Corp.*,
   636 F. Supp. 3d 714 (S.D. Miss. 2022), *aff'd*, 93 F.4th 879 (5th Cir. 2024) ..............................8

*Panda Brandywine Corp. v. Potomac Electric Power Co.*,
   253 F.3d 865 (5th Cir. 2001) .......................................................................................................5

*Rawls v. Old Republic General Insurance Group, Inc.*,
   489 F. Supp. 3d 646 (S.D. Tex. 2020) ..................................................................................5, 10

*Savvy Rest, Inc. v. Sleeping Organic, LLC*,
   2019 WL 1435838 (W.D. Va. Mar. 29, 2019) ............................................................................7

*Seitz v. Envirotech System Worldwide Inc.*,
   513 F. Supp. 2d 855 (S.D. Tex. 2007) ....................................................................................5, 7

*Smith v. China Manufacturers Alliance LLC*,
   2022 WL 4296695 (W.D. La. Sept. 16, 2022) ..........................................................................10

*State v. Volkswagen*,
   669 S.W.3d 399 (Tex. 2023) .......................................................................................................7

*Stone v. Nationwide Mut. Ins. Co.*,
   2022 WL 607883 (W.D. Tex. Mar. 1, 2022) ...............................................................................9

*In re Toyota Hybrid Brake Litigation*,
   2021 WL 2805455 (E.D. Tex. July 6, 2021) ...........................................................................3, 4

*TV Azteca v. Ruiz*,
   490 S.W.3d 29 (Tex. 2016) .........................................................................................................7

*Vortex Cos., LLC v. Amex Sanivar Holding AG*,
   643 F. Supp. 3d 688 (S.D. Tex. 2022) .........................................................................................4

*Zoch v. Magna Seating (Germany) GmbH*,
   810 F. App'x 285 (5th Cir. 2020) ............................................................................................4, 6

3M Company respectfully submits this reply in support of its Motion to Dismiss the State's Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

## INTRODUCTION

The State's response fails to establish personal jurisdiction. The State does not contend that 3M is subject to general jurisdiction. On specific jurisdiction, the State contends that the allegations in the petition are sufficient under either a stream-of-commerce test or the traditional jurisdictional test. But scrutiny of the allegations the response cites shows that the State has not met its burden to establish personal jurisdiction under either approach.

As the State acknowledges, the stream-of-commerce test—in which the plaintiff may show purposeful availment via a defendant's expectation that its product would be used or purchased in the forum state—is typically reserved for products-liability cases. But even if such a theory were to apply in this DTPA case, which it does not, the allegations do not support it. For starters, the petition never alleges that 3M had an expectation that its products would end up in Texas specifically. And the allegations in the only four paragraphs of the petition that the State relies on confirm that the State falls far short on its jurisdictional burden. Pet. ¶¶ 1–2, 22–23.

Critically, none of the four paragraphs relied on by the State mentions 3M. Instead, these allegations are lodged against defendants collectively and are thus insufficient to show jurisdiction over an individual defendant like 3M. Despite 3M's raising this "group pleading" problem, Mot. (Dkt. 30) at 9–10, the State is silent on this fatal flaw and does not even attempt to argue (nor could it) how collective allegations are sufficient. Tellingly, the State completely ignores the twelve pages of its petition dedicated to 3M specifically—presumably because Texas is not mentioned once in those pages—and does not contend that the allegations in those twelve pages satisfy the stream-of-commerce test.

1

Moreover, even if the four paragraphs were alleged against 3M specifically, they would still be insufficient. Two of the paragraphs do not mention Texas, which cannot carry the State's burden to establish a Texas connection. Those two paragraphs plus the other two paragraphs—which do mention "Texas and elsewhere"—are conclusory and vague and thus must be disregarded by the Court. The State has failed to provide the Court with allegations that would satisfy the stream-of-commerce test.

The State's allegations also do not pass muster under the traditional test for personal jurisdiction. As to sufficient contacts, it relies on the four paragraphs described above, Pet. ¶¶ 1–2, 22–23—which are deficient for the same reasons. On substantial relatedness, the State cites the twelve pages of the petition about 3M's advertisements. But those cannot establish a connection, much less a substantial one, between the State's claim and 3M's contacts with Texas: none of the allegations even mention Texas.

The State wants a chance to fix its flawed petition with jurisdictional discovery. But the State has not met its burden to obtain such discovery because it has not made a prima facie showing of jurisdiction. Independently fatal to the State's request is the fact that it did not even attempt to explain how the discovery would alter the jurisdictional analysis. And the State's specific requests reveal that the State impermissibly seeks discovery that goes far beyond what is needed to address 3M's motion. The State's fishing expedition should be denied.

## ARGUMENT

### I.   The State Has Failed to Make a Prima Facie Showing of Personal Jurisdiction.

This case should be dismissed against 3M because the State has failed to satisfy its burden of showing either general or specific personal jurisdiction over 3M. The State does not contend that 3M is subject to general personal jurisdiction. And the allegations in the petition are

insufficient to establish specific jurisdiction under either of the State's proposed tests—a stream-of-commerce test or the traditional jurisdictional test.

### A. The Allegations in the Petition Fail to Satisfy a Stream-of-Commerce Test.

Stream-of-commerce principles do not support jurisdiction over 3M for numerous reasons.

As a threshold matter, the stream-of-commerce test is typically reserved for products-liability cases. As a case cited by the State acknowledges, the Fifth Circuit and courts within it are "reluctant to extend the stream-of-commerce principle outside the context of products liability cases." *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 472 (5th Cir. 2006); Opp. (Dkt. 38) ¶ 20. Perhaps that is why the State is only able to cite one outlier case extending stream-of-commerce principles to a DTPA claim. Opp. ¶ 21 (citing *In re Toyota Hybrid Brake Litigation*, 2021 WL 2805455 (E.D. Tex. July 6, 2021)).[1] And that one case is readily distinguishable because the defendant "base[d] its domestic operations in Texas." *Toyota*, 2021 WL 2805455, at *7.

But even if the Court were to extend the stream-of-commerce test beyond the product-liability sphere, which it should not, the State's petition is devoid of allegations supporting such a theory.

The State only cites four paragraphs of its petition to support this argument. *See* Opp. ¶ 23 (citing Pet. ¶¶ 1–2, 22–23). Yet nothing in these paragraphs (or anywhere else in the petition) supports a stream-of-commerce theory. It is fatal that these paragraphs never mention 3M and instead refer only to defendants generally. *See* Pet. ¶ 1 ("*Defendants* manufactured . . . consumer

---

[1] The other case the State cites is also inapposite. Opp. ¶ 21 (citing *Lapin v. EverQuote Inc.*, 2023 WL 2072059 (D.S.D. Feb. 17, 2023)). It is not a DTPA case, and plaintiff specifically alleged that the individual defendant "markets" and provides "specific auto insurance requirements in South Dakota." *Lapin*, 2023 WL 2072059, at *1, 5. There are no similarly specific allegations against 3M.

products . . . ."); *id.* ¶ 2 ("*Defendants* knew of these risks . . . ."); *id.* ¶ 22 ("*Defendants* continued to market PFAS products and chemicals . . . ."); *id.* ¶ 23 ("These" defendants' "advertisements did not disclose material information . . . .") (emphases added). Allegations lodged against defendants collectively are insufficient to establish personal jurisdiction as to any defendant individually. *See* Mot. at 9–10; *Ethridge v. Samsung SDI Co., Ltd.*, 617 F. Supp. 3d 638, 646 (S.D. Tex. 2022) (rejecting stream-of-commerce argument because plaintiff failed to allege that defendant specifically and individually had "intent to serve a Texas market"), *appeal filed*, No. 23-40094 (5th Cir. Feb. 13, 2023); *Vortex Cos., LLC v. Amex Sanivar Holding AG*, 643 F. Supp. 3d 688, 694–95 (S.D. Tex. 2022) (The "Fifth Circuit has consistently held that the contacts of each defendant with the forum state must be assessed individually without grouping them together."). Even the sole DTPA case the State cites for this theory held that each defendant's conduct must be assessed individually and disregarded "aggregated" allegations against all the defendants. *Toyota*, 2021 WL 2805455, at *7 n.7. Because the State has failed to point to a single allegation specific to 3M, it has failed to establish stream-of-commerce jurisdiction.

In any event, the four paragraphs are insufficient even if they had been targeted directly at 3M. When a plaintiff does not allege or provide evidence that a defendant was aware that its products would end up in "*Texas* specifically," instead of "the *United States* generally," specific jurisdiction does not exist. *Zoch v. Magna Seating (Germany) GmbH*, 810 F. App'x 285, 292 (5th Cir. 2020) (emphases original). That describes this case. Two of the paragraphs relied on by the State do not even mention Texas—much less allege that 3M had an expectation that its products would reach Texas. *See* Pet. ¶¶ 2, 23; *Ethridge*, 617 F. Supp. 3d at 647 (no jurisdiction on stream-of-commerce theory in part because plaintiff's allegations "do not even refer to Texas, let alone accuse [defendant] of selling anything in Texas"); *Alpine View Co. Ltd. v. Atlas Copco AB*, 205

4

F.3d 208, 216 (5th Cir. 2000) (rejecting stream-of-commerce argument because "[a]ppellants make no attempt to link Appellees' contacts with Texas and the instant litigation").

The four paragraphs that the State cites—the two that fail to mention Texas plus the two that do—are independently deficient because they are vague and conclusory. Pet. ¶¶ 1–2, 22–23. In the stream-of-commerce context, courts reject "conclusory" allegations that defendant "sells, leases, markets, advertises and distributes" products in a particular state because they do not show a specific "expectation that [the product] would be purchased by or used by consumers" there. *Rawls v. Old Republic General Insurance Group, Inc.*, 489 F. Supp. 3d 646, 662, 664, 665 (S.D. Tex. 2020). It was not enough, for example, that a defendant advertised a product in Texas. *Seitz v. Envirotech System Worldwide Inc.*, 513 F. Supp. 2d 855, 861–62 (S.D. Tex. 2007) (finding the fact that "Seitz advertised the Fortis product in Texas"—without any more "supporting evidence or information"—to be a "conclusory assertion[ ] . . . insufficient to show personal jurisdiction"). The State's petition here is insufficient under this case law. These four paragraphs only allege that defendants "marketed," Pet. ¶¶ 1–2, 22–23, the products "in Texas and elsewhere," Pet. ¶¶ 1, 22, without any additional supporting allegations. These conclusory allegations cannot establish specific jurisdiction. *See* Mot. at 10–22; *Panda Brandywine Corp. v. Potomac Electric Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (rejecting as "merely conclusory" plaintiffs' allegations that defendant "knew its actions would intentionally cause harm to [plaintiffs] in Texas").

Finally, the State cannot evade dismissal by attempting to apply a variation of the stream-of-commerce test that the Fifth Circuit has *rejected*. The State notes that some state courts employ a "stream-of-commerce plus" analysis, under which a defendant may be haled into Texas courts by engaging in "additional conduct," including "advertising in the forum state." *See* Opp. ¶ 22 (citing *Luciano v. SprayFoamPolymers.com, LLC*, 625 S.W.3d 1, 10 (Tex. 2021)). This approach

does not apply in Texas federal court, as both of the federal cases that the State cites acknowledge. *See Luv N' care, Ltd.*, 438 F.3d at 470 & 474 (DeMoss, J., concurring); *Ethridge*, 617 F. Supp. 3d at 653 & n.5; *see also Denman Tire Corp. v. Compania Hulera Tornel, S.A. De C.V.*, 2014 WL 12564118, at *9 (W.D. Tex. Mar. 31, 2014).

Because the petition fails to sufficiently allege that 3M had an "expectation" that its products would end up in "Texas specifically," the State cannot establish specific jurisdiction under a stream-of-commerce theory. *Zoch*, 810 F. App'x at 292.

### B.     The Allegations in the Petition Also Flunk the Traditional Jurisdictional Test.

The State fares no better under a traditional jurisdictional analysis. The State fails at each step of this test. It has not shown that (1) 3M purposely directed its activities toward Texas or (2) its claim substantially arises from 3M's contacts with Texas. Mot. at 8–15.

On the first requirement, the State relies on the same four paragraphs from its petition that it cites to support a stream-of-commerce theory. *See* Opp. ¶ 26 (citing Pet. ¶¶ 1–2, 22–23).[2] But, as 3M has already shown, these allegations are not properly pled. *See supra* I(A) & Mot. at 9–12. All four allegations are against defendants generally; two of the four do not even mention Texas; and all four are conclusory and vague. Despite 3M having pointed out these deficiencies, Mot. at 8–15, the State has not addressed them. It has not argued that collective allegations can establish jurisdiction, nor has it explained how its accusations are not conclusory. The State's collective and conclusory accusations are insufficient to show purposeful availment at prong one.

---

[2] The State's reliance on *Andra Group, LP v. BareWeb, Inc.*, 2018 WL 2848985 (E.D. Tex. June 11, 2018), is misplaced. That case applied the "*Zippo* sliding-scale test" for "passive websites"—a standard that is inapplicable where there are no allegations about websites. *Id.* at *5.

6

On the second step, the State cites several paragraphs of its petition relating to 3M's advertising, Opp. ¶ 29 (citing Pet. ¶¶ 47–49, 51–53, 56, 58, 64), but none of these paragraphs come close to establishing a substantial connection between 3M's contacts with Texas and the State's claim. Mot. at 13–15. In fact, not one of these paragraphs *even mentions Texas* and thus cannot establish a substantial connection between Texas and the State's claim. Mot. at 13–15; *Ethridge*, 617 F. Supp. 3d at 647 (allegations that "do not even refer to Texas" do not show jurisdiction); *Seitz*, 513 F. Supp. 2d at 864 (advertising must have been "directed at" the forum).[3] This is yet another flaw that 3M identified, Mot. at 12–15, to which the State has not bothered to respond.

To the extent they are applicable, the cases cited by the State further support the conclusion that jurisdiction does not exist. *See* Opp. ¶ 29 (citing cases); *cf. AT&T Mobility LLC v. T-Mobile USA Inc.*, 2023 WL 186809, at *5–7 (E.D. Tex. Jan. 13, 2023) (specific defendant "used" "extensive physical ties to [Texas]" and had "extensive in-state contacts"); *Savvy Rest, Inc. v. Sleeping Organic, LLC*, 2019 WL 1435838, at *6 (W.D. Va. Mar. 29, 2019) (specific defendant was alleged to "sell mattresses in Virginia"); *Best Glide Aviation Survival Equipment, Inc. v. Tag-Z, LLC*, 2024 WL 3488129, at *4 (W.D. Tex. July 19, 2024) (specific defendant "targeted Texas

---

[3] The State's attempt to distinguish *Google LLC v. State*, 2025 WL 52611 (Tex. App.—Corpus Christi–Edinburg Jan. 9, 2025, pet. pending), is unavailing. *See* Mot. at 14–15. The State dismisses *Google* as bad law, but the cases it cites instead applied the "stream of commerce plus" test that the Fifth Circuit has disavowed. Opp. ¶¶ 30–33 (citing *TV Azteca v. Ruiz*, 490 S.W.3d 29, 46 (Tex. 2016); *State v. Volkswagen*, 669 S.W.3d 399, 417 (Tex. 2023)).

by selling U.S. Shelby openers repeatedly to Texas residents").[4]  Unlike in these cases, Texas is not mentioned in *any* of the allegations relied on by the State.[5]

The State has not shown that 3M had sufficient contacts with Texas or that its claim arises from 3M's purposeful availment of Texas.

### II.   Because the State Has Failed to Carry Its Prima Facie Burden, the State is Not Entitled to Jurisdictional Discovery.

Because the State has failed to "present a prima facie case for jurisdiction," jurisdictional discovery is not "allow[ed]."  *Pace v. Cirrus Design Corp.*, 636 F. Supp. 3d 714, 726 (S.D. Miss. 2022), *aff'd*, 93 F.4th 879 (5th Cir. 2024).  To justify discovery from a party over which the Court has not yet determined it can exercise jurisdiction, there must be "factual allegations that suggest with reasonable particularity the possible existence of" sufficient contacts, *Pace*, 93 F.4th at 903, or a "preliminary showing of jurisdiction," *HEI Resources, Inc. v. Venture Research Institute*, 2009 WL 2634858, at *7 (N.D. Tex. Aug. 26, 2009) (Lynn, J.).

Those conditions for discovery are absent.  Because the State's petition fails to make out a prima facie showing of personal jurisdiction over 3M, the State's discovery requests must be denied.  This Court has recognized as much, denying discovery in one instance because the plaintiff could not use discovery "to shore up their jurisdiction argument" and "conduct a . . . fishing expedition" when the plaintiff had "not alleged enough against the [defendants] to

---

[4] These cases cited by the State on the relatedness requirement also apply the *Zippo* sliding-scale test for passive websites and therefore are inapplicable here.  *See* Opp. ¶ 29 (citing cases).

[5] Because the State has failed to carry its burden on the first two personal jurisdiction elements (sufficient contacts and substantial relatedness), the burden does not shift to 3M and the final requirement is irrelevant (whether exercising jurisdiction would be unfair).  *See East Concrete Materials, Inc. v. ACE American Insurance Co.*, 948 F.3d 289, 296 (5th Cir. 2020).

8

establish" jurisdiction. *Great American Food Chain, Inc. v. Robert Andreottola*, No. 3:14-cv-1727, Dkt. 20 at 12–13, Dkt. 21 (N.D. Tex. Feb. 4, 2015) (Lindsay, J.) (accepting magistrate judge's report and recommendation); *Harries v. Stark*, 2015 WL 4545071, at *8 (N.D. Tex. July 28, 2015) (Lindsay, J.) (denying discovery to shore up plaintiff's alter ego theory because the complaint was "devoid of any allegations to support an alter ego theory").

The State's request for jurisdictional discovery should independently be denied because the State merely lists *some* of its discovery demands—which are "among others" the State seeks—without explaining why such discovery would uncover facts establishing jurisdiction. Opp. ¶ 40. This error is fatal, as jurisdictional discovery must be denied when the requesting party has "failed to outline why additional discovery would alter the results of the jurisdictional inquiry." *King v. Hawgwild Air, LLC*, 2008 WL 2620099, at *8 (N.D. Tex. June 27, 2008) (Lindsay, J.); *see also Kelly v. Syria Shell Petroleum Development B.V.*, 213 F.3d 841, 855 (5th Cir. 2000); *Head v. Las Vegas Sands, LLC*, 298 F. Supp. 3d 963, 967 (S.D. Tex. 2018).

Finally, even if the State somehow has satisfied its burden to obtain jurisdictional discovery, discovery should be narrowed to only the topics, methods, and duration "needed to withstand" 3M's motion and should not "be unnecessarily burdensome or futile." *Missouri v. Biden*, 2024 WL 5316601, at *2 (W.D. La. Nov. 8, 2024); *Nippon Yusen Kabushiki Kaisha v. Riverside Navigation, Ltd.*, 2021 WL 5829757, at *3 (M.D. La. Dec. 8, 2021); Fed. R. Civ. P. 26(b)(1).[6] Many of the State's requested topics are overly broad and burdensome. For example, the Court should disallow "other" topics not listed, given that the State fails to tell the Court what

---

[6] As for methods and duration, the Court could, for example, limit discovery to "a maximum of three interrogatories, five requests for admission, and a deposition" of "no more than one hour in duration." *Stone v. Nationwide Mut. Ins. Co.*, 2022 WL 607883, at *4 (W.D. Tex. Mar. 1, 2022).

the discovery would entail.  Opp. ¶ 40; *King*, 2008 WL 2620099, at *8.  And the topics should be limited to Texas and not other states, as requested in at least topics 1 and 4, as only 3M's contact with Texas is relevant.  Discovery into topics 2, 3, and 6 in the State's demand should be denied because it is *defendant's* contacts, not third parties' contacts, with the forum state that matter for personal jurisdiction.  *Rawls*, 489 F. Supp. 3d at 666.  Topic 5, about 3M's office buildings in Texas, should also be denied, because it would "constitute nothing more than a search of the public domain" and does not require discovery procedures.  *Id.* at 665.  And the Court should deny the methods of requests for production and depositions, which are more burdensome discovery methods that the State has not justified.  Opp. ¶ 40; *see Smith v. China Manufacturers Alliance LLC*, 2022 WL 4296695, at *3 (W.D. La. Sept. 16, 2022).

The sprawling nature of the State's discovery requests shows it is flailing about for a basis for personal jurisdiction, rather than merely trying to provide sufficient evidentiary support for allegations that make out a prima facie case of jurisdiction.  Because discovery is only appropriate in the latter situation—and is not a vehicle to come up with the allegations of personal jurisdiction in the first place—the request for discovery should be denied.

## CONCLUSION

For these reasons, the Court should dismiss the State's claim against 3M.

| | |
|---|---|
| Dated: April 3, 2025 | Respectfully Submitted, |
| | /s/ *Gregg J. Costa* |

| | |
|---|---|
| LAUREN GOLDMAN<br>  *Pro Hac Vice*<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Ave.<br>New York, NY 10166<br>Telephone: (212) 351-4000<br>Facsimile: (212) 351-4035<br>LGoldman@gibsondunn.com | GREGG J. COSTA<br>  State Bar No. 24028160<br>GIBSON, DUNN & CRUTCHER LLP<br>811 Main St., Suite 3000<br>Houston, TX 77002<br>Telephone: (346) 718-6600<br>Facsimile: (346) 718-6620<br>GCosta@gibsondunn.com |

JOHN T. COX III
  State Bar No. 24003722
ASHLEY E. JOHNSON
  State Bar No. 24067689
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Ave., Suite 2100
Dallas, TX 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900
TCox@gibsondunn.com
AJohnson@gibsondunn.com

*Attorneys for defendant 3M Company*

11

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document has been served on counsel of record pursuant to the Federal Rules of Civil Procedure.

*/s/ Gregg J. Costa*
Gregg J. Costa

*Attorney for defendant 3M Company*
