IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STATE OF TEXAS, § | |
| § | **Civil Action No. 3:25-cv-00122-K** |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | |
| 3M COMPANY; CORTEVA, INC., DUPONT § | |
| DE NEMOURS, INC., and EIDP, INC. F/K/A E. § | |
| I. DU PONT DE NEMOURS AND COMPANY, § | |
| § | |
| *Defendants*. § | |
| § | |

## JOINT STATUS REPORT

TO THE HONORABLE JUDGE LINDSAY:

Plaintiff State of Texas ("Plaintiff") and Defendants 3M Company ("3M"), Corteva, Inc. ("Corteva"), DuPont de Nemours, Inc. ("New DuPont"), and EIDP, Inc. f/k/a E.I DuPont de Nemours and Company (collectively, "Defendants") file this Joint Status Report pursuant to the Court's March 20, 2025, Order Requiring Attorney Conference and Status Report. *See* ECF No. 37.

1. **State when the parties conferred as required by Rule 26(f) and identify the counsel who conferred.**

    The parties conferred via videoconference on April 3, 2025.

    The following counsel, representing Plaintiff, were present at the conference:

    a. Glenn Graham, Kelley Drye & Warren LLP
    b. Maria Pimienta, Kelley Drye & Warren LLP

    The following counsel, representing Defendants, were present at the conference:

    a. Britta Todd, representing DuPont Defendants

2

      b. Gregg Costa, representing Defendant 3M
      c. John T. Cox III, representing Defendant 3M
      d. Rachel Robertson, representing Defendant 3M

2. **A brief statement of the nature of the case, including the contentions of the parties.**

This suit arises out of allegations that Defendants violated §§ 17.46(a), 17.46(b)(5), 17.46(b)(7), and 17.46(b)(24) of the Texas Deceptive Trade Practices Act ("DTPA"). The Plaintiff's Petition alleges that Defendants engaged in false, deceptive, and misleading acts and practices done in connection with the marketing and sale of consumer products containing per- and polyfluoroalkyl substances ("PFAS"), including perfluorooctane sulfonic acid ("PFOS") and perfluorooctanoic acid ("PFOA"). Plaintiff, which has disclaimed any relief based on the manufacture, marketing, or sale of Aqueous Film-Forming Foam ("AFFF"), seeks civil penalties up to $10,000 per violation of the DTPA, as well as pre- and post-judgment interest, a temporary and permanent injunction, and attorneys' fees and costs. Defendants deny these allegations.

*Plaintiff's Contentions:*

Plaintiff's central contentions are that Defendants, in violation of Texas law, affirmatively marketed their products as "safe" despite the fact that they had clear knowledge that these chemical compounds were toxic to humans. Additionally, Plaintiff argues that the Defendants omitted information material to consumers with an intent to induce those consumers to purchase products they would not have otherwise purchased.

*Defendant 3M's Contentions*:

3M denies liability for Plaintiff's claim and denies all allegations in Plaintiff's Petition. 3M contends that the petition fails to establish a plausible claim—regardless of whether Texas consumers are the real parties in interest, as 3M argues, or the State is the real party in interest, as Plaintiff argues. Plaintiff's claim fails for at least the following reasons: (1) the State failed to

provide 3M with proper notice before bringing suit; (2) the State's claim is barred by intervening acts or omissions; (3) the State's claim is barred by waiver and laches; (4) the State's claim is improperly split into two cases; (5) the State's claim for civil penalties and injunctive relief is barred or limited by the due-process clause of the Fifth and Fourteenth Amendments of the United States Constitution and the prohibition against excessive fines in the Eighth Amendment of the United States Constitution and Article 1, Section 13 of the Texas Constitution; (6) to the extent that 3M stopped selling any relevant PFAS or PFAS-containing products before the suit was filed, it has cured any alleged violation of the DTPA; (7) as mere puffery, 3M's claims about its products do not fall within the scope of the DTPA; (8) the State failed to mitigate its damages; (9) the State has already sought recovery from 3M under other provisions of law, precluding recovery under the DTPA; (10) 3M is not liable for any alleged violation because the fault lies with other manufacturers and sellers of PFAS products; (11) 3M's alleged misconduct constituted protected speech under the First Amendment; (12) the State has not met any of the required elements for a temporary or permanent injunction; and (13) the State's petition fails to assert a plausible claim for relief.

*DuPont Defendants' Contentions:*

The DuPont Defendants deny liability for Plaintiff's claim and deny each and every allegation contained in Plaintiff's Original Petition brought under the Texas Deceptive Trade Practices Act. At no time did the DuPont Defendants engage in any false, misleading, or deceptive acts as defined by the DTPA. The DuPont Defendants further assert that Plaintiff has failed to establish the elements required to support its DTPA claim. Accordingly, the DuPont Defendants deny any liability to Plaintiff under the DTPA or any other theory of law.

3.   **Any challenge to jurisdiction or venue.**

4

On February 5, 2025, Plaintiff filed a Motion to Remand arguing that this Court lacks subject matter jurisdiction and therefore this case must be remanded to the 18th Judicial District Court in Johnson County, Texas. *See* Dkt. 14. On February 18, 2025, Defendants New DuPont and Corteva filed a motion arguing that this Court lacks personal jurisdiction as to those entities. *See* Dkt. 24. On February 27, 2025, Defendant 3M filed a motion, also arguing that this Court lacks personal jurisdiction over 3M. *See* Dkt. 29. On March 25, 2025, as part of their reply brief, New DuPont and Corteva withdrew their arguments as to personal jurisdiction. *See* Dkt. 39. Therefore, there are two jurisdictional motions currently pending before this Court: (1) whether this Court has subject matter jurisdiction and (2) whether this Court has personal jurisdiction over 3M.

*Plaintiff's Position:*

Plaintiff's position is that the Court should exercise its discretion and remand this matter to state court before it is required to expend considerable judicial resources deciding issues related to personal jurisdiction, as well as merit-based arguments that have been raised by the Defendants' motions.

*3M's Position:*

As 3M argues in its Motion to Dismiss, this Court should dismiss 3M as a defendant because the Court lacks personal jurisdiction over 3M. *See* Dkts. 30, 40. This Court has no general jurisdiction because 3M is neither incorporated in nor has a principal place of business in Texas. As the petition alleges, 3M is incorporated in Delaware and is headquartered in Minnesota. The Court also has no specific jurisdiction over 3M. The State has not met its burden to establish that: (1) 3M purposely directed its activities toward the forum state, and (2) the State's claim has a substantial connection with those forum contacts. Because the Court has no jurisdiction over 3M,

5

3M should be dismissed from the lawsuit. The Court should decide 3M's motion to dismiss before the State's motion to remand because 3M's motion raises a straightforward jurisdictional issue.

The Court should deny the State's motion to remand. With the consent of the other defendants, 3M removed the case to this Court on the bases of traditional diversity jurisdiction and jurisdiction under the Class Action Fairness Act (CAFA). *See* Dkts. 1, 26. Traditional diversity jurisdiction exists because all defendants are citizens of other states and Texas consumers are the real parties in interest on the plaintiff's side. Indeed, the State's petition expressly seeks "money damages" and "restitution." Pet. ¶ 112–13; see also State's Reply in Support of Motion to Remand at 6–7 (the State has not ruled out seeking "consumer redress"); 3M's Response to Motion to Remand at 7. And CAFA jurisdiction independently exists because this is a civil action filed under a state statute similar to Federal Rule of Civil Procedure 23.

*DuPont Defendants' Position*:

As referenced by 3M above, the DuPont Defendants agree the Court should deny the State's motion to remand and maintain that the case was properly removed to this Court.

4.  **Any pending or contemplated motions and proposed time limits for filing motions.**

There are currently three (3) pending motions before this Court:

1. Plaintiff's Motion to Remand proceedings to state court (the "Remand Motion"). *See* Dkt. 14.
2. Defendant 3M's Motion to Dismiss for lack of personal jurisdiction. *See* Dkts. 30, 40.
3. Defendant Corteva and New DuPont's Motion to Dismiss for failure to state a claim. *See* Dkt. 24.

Beyond these pending motions, the parties do not currently propose any changes to the time limits established by the Local Rules.

Defendant 3M and the DuPont Defendants anticipate that they may file Rule 12(c) motions before trial.

6

5. **Any matters which require a conference with the court.**

   A conference with the Court is not necessary at this time.

6. **Likelihood that other parties will be joined and the deadline for adding parties and amendment of pleadings.**

   At this time, the parties do not expect additional parties to be added to this suit.

7. **Identify a proposed time limit to file motions for leave to join other parties.**

   The parties propose a joinder deadline of 60 days following the Court issuing Order(s) related to the Remand Motion identified in Section 4 herein.

8. **Identify a proposed time limit to amend the pleadings.**

   The parties propose a pleading deadline of 60 days following the Court's issuance of Order(s) related to the Remand Motion identified in Section 4 herein.

9. **Identify proposed time limits to file various types of motions, including dispositive motions.**

   The parties propose that, if amended pleadings are filed, the deadline for Defendants to file a motion to dismiss will be 30 days from the filing of Plaintiff's amended complaint. As the Remand Motion challenges this Court's subject matter jurisdiction and discovery has not begun, the parties agree that it is premature to discuss filing dates related to summary judgment motions. The parties agree to work cooperatively with the Court to schedule these future deadlines.

10. **Describe the proposed discovery plan, including:**

    A. **A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.**

       Parties propose that all discovery shall begin once the Court issues rulings on the motions stated in Section 4 herein. More specific recommendations are contained with this Joint Report. The parties do not believe that discovery should be conducted in phases or be limited to particular issues and do not propose any

changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or this Court's Local Rules.

Plaintiff expects discovery will be required regarding (1) Defendants' knowledge of the toxicity of its PFAS products, (2) Defendants' PFAS-related advertising practices in Texas and nationally, (3) Defendants' sales with respect to PFAS-related products in Texas and nationally and (4) any other relevant information uncovered during discovery. Discovery will take the form of written discovery (admissions, interrogatories and document production), expert discovery, as well as depositions.

Subject to Defendants' right to supplement this at a later date: Defendant 3M expects that discovery will be required regarding at least (1) the State's and Texas consumers' knowledge about PFAS and 3M's alleged advertising practices, (2) the State's and Texas consumers' failure to mitigate damages, (3) third-party manufacturers and sellers of PFAS products, (4) the existence and extent of any injury to the State and Texas consumers, and (5) any arrangements that the State has with its outside counsel.

Subject to the Defendants' right to supplement this list at a later date: The DuPont Defendants expect discovery regarding (1) the identity and quantity of the alleged toxic substances, (2) identification of the products alleged, (3) alleged use of such products, (4) Plaintiff's allegations regarding marketing, (5) alleged damages to person or property, (5) any environmental or other testing, assessment or sampling, and (6) any other relevant information uncovered during discovery. Discovery shall include written discovery, expert discovery, and depositions.

B. **Responses to the matters raised in Rule 26(f), including any agreements reached concerning electronic and other discovery and any disputed issues relating to electronic and other discovery.**

The parties have agreed that all electronically stored information will be produced in searchable PDF format or hard copy. The parties agree to attempt in good faith to work together to obtain relevant discovery.

To the extent Plaintiff or Defendants believe that privileged or proprietary information must be disclosed, the parties will submit an agreed protective order to the Court.

C. **When and to whom the plaintiff anticipates it may send interrogatories and requests for production.**

Plaintiff anticipates sending interrogatories and requests for production no later than 30 days prior to the end of the discovery to all Defendants who have appeared in this case.

D. **When and to whom the defendants anticipate it may send interrogatories and requests for production.**

Defendants anticipate sending interrogatories and requests for production no later than 30 days prior to the end of the discovery to all Defendants and Plaintiff(s) who have appeared in this case.

E. **Of whom and by when does the plaintiff anticipate taking oral depositions, and can they be done remotely, such as by Zoom?**

Plaintiff anticipates that it will notice depositions of relevant fact witnesses, Rule 30(b)(6) designated witnesses of Defendants, and any expert witnesses before the end of the discovery deadline. The parties agree to work together to determine if depositions can proceed remotely.

F. **Of whom and by when do the defendants anticipate taking oral depositions, and can they be done remotely, such as by Zoom?**

Defendants anticipate that they will notice depositions of relevant fact witnesses, Rule 30(b)(6) designated witnesses of Plaintiff, and any expert witnesses before the end of the discovery deadline. The parties agree to work together to determine if depositions can proceed remotely.

G. **Any threshold issues – such as limitations, jurisdiction, or immunity – that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.**

Plaintiff has argued that this Court lacks subject matter jurisdiction, an issue that should be decided before the parties begin any discovery proceedings. Defendant 3M has argued that this Court lacks personal jurisdiction over 3M and that this issue should be decided before Plaintiff's motion to remand is decided and before the parties begin any discovery proceedings.

H. **Are any experts needed on issues other than attorneys' fees?**

Parties anticipate that experts will be needed in this case and reserve the right to retain additional experts as needed based on discovery.

I. **When will the plaintiff (or the party with the burden of proof on an issue) be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when will the opposing party be able to designate responsive experts and provide their reports.**

Plaintiff shall designate experts and provide reports required by Rule 26(a)(2)(B) within 90 days prior to the close of discovery.

9

|   |   |
|---|---|
|   | Defendants shall designate experts and provide reports required by Rule 26(a)(2)(B) within 60 days prior to the close of discovery. |
| J. | **List the expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking, their expected completion date, and whether they can be done remotely, such as by Zoom.** |
|   | Plaintiff anticipates that it will depose experts designated by Defendants within 90 days of the designation of experts by Defendants.  The parties agree to work together to determine if depositions can proceed remotely. |
| K. | **List the expert depositions the opposing party anticipates taking, their expected completion date, and whether they can be conducted remotely, such as by Zoom.** |
|   | Defendants anticipate they will depose experts designated by Plaintiff within 90 days of the designation of experts by Plaintiff.  The parties agree to work together to determine if depositions can proceed remotely. |
| L. | **In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.** |
|   | None. |
| M. | **What changes should be made in the limitations on discovery imposed under these rules or by local authority, and what other limitations should be imposed.** |
|   | No changes need to be made in the limitations on discovery imposed under these rules or by local regulations at this time. |
| N. | **Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI.** |
|   | Parties have agreed to produce all documents in searchable PDF format.  However, Parties have also agreed to produce all image and video files in native format upon request. |
| O. | **The depositions that need to be taken, and in what sequence.** |
|   | At this time, the parties do not possess the requisite knowledge to fully answer this question but will work together to set a deposition schedule as the case progresses. |
| P. | **Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a court order.** |

       Parties agree that they will prepare a protective order, if necessary.

11. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    The parties will serve their respective initial disclosures on the opposing party within 15 days of the Court rendering decisions on the pending motions detailed in Section 4 herein.

12. **If the parties are not agreed on a part of the discovery plan, describe the separatist views and proposals of each party**.

    The parties agree to the discovery plan stated above.

13. **Specify the discovery beyond initial disclosures that have been undertaken to date.**

    The parties have not engaged in discovery as of the date of this plan.

14. **State the date the planned discovery can be reasonably completed.**

    The parties believe that discovery can be reasonably completed within twelve to eighteen months. The start date of this discovery will be predicated on the Court's issuance of its decisions on the pending motions stated in Section 4 herein.

15. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties have not discussed the possibility for a prompt settlement or resolution of this case as of the date of the filing of this plan.

16. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The parties do not believe that settlement discussions are merited at this time because the case is in the beginning stages of discovery. However, the parties are open to engaging in dialogue to determine the possibility of resolution of the case.

17. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    Dispute resolution procedures have been explained to the respective clients. The parties do not believe that settlement discussions are merited at this time because the case is in the beginning stages. The parties believe that mediation would be most effective after discovery takes place.

18. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not consent to trial before a magistrate judge.

19. **State whether a jury demand has been made and if it was made on time.**

    Plaintiff has made a timely jury demand.

20. **A proposed trial date, the estimated number of days for trial, and whether a jury has been demanded.**

    Proposed trial date: Within 90 days following the resolution of all dispositive motions.

    The parties anticipate needing about 10 days to present evidence at trial in this case.

21. **Proposed mediation deadline.**

    60 days following the close of discovery.

22. **A statement that counsel have read the Dondi decision, 121 F.R.D. 284 (N.D. Texas 1988), and that counsel have read and are familiar with the district's Civil Justice Expense and Delay Reduction Plan as amended in May 2002.**

    Parties have read the Dondi decision and have read and are familiar with the district's Civil Justice Expense and Delay Reduction Plan.

*[Signature of Counsel appears on the following page]*

Dated: April 21, 2025                                           Respectfully Submitted,

**KEN PAXTON**
ATTORNEY GENERAL OF TEXAS

**BRENT WEBSTER**
FIRST ASSISTANT ATTORNEY GENERAL

**RALPH MOLINA**
DEPUTY FIRST ASSISTANT ATTORNEY GENERAL

**AUSTIN KINGHORN**
DEPUTY ATTORNEY GENERAL FOR CIVIL LITIGATION

| | |
|---|---|
| */s/ Jennifer Roscetti* | */s/ Katie B. Hobson* |
| **JONATHAN STONE**<br>CHIEF, CONSUMER PROTECTION DIVISION | **KELLIE E. BILLINGS-RAY**<br>CHIEF, ENVIRONMENTAL PROTECTION DIVISION |
| **Jennifer Roscetti**<br>State Bar No. 24066685<br>**Kelley Owens**<br>State Bar No. 24118105<br>Assistants Attorney General<br>Jennifer.roscetti@oag.texas.gov<br>Kelley.owens@oag.texas.gov | **Katie B. Hobson**<br>State Bar No. 24082680<br>**Brittany E. Wright**<br>State Bar No. 24130011<br>**Jake Marx**<br>State Bar No. 24087989<br>Assistants Attorney General<br>Katie.hobson@oag.texas.gov<br>Brittany.wright@oag.texas.gov<br>Jake.marx@oag.texas.gov |
| OFFICE OF THE TEXAS ATTORNEY GENERAL<br>Consumer Protection Division<br>P.O. Box 12548, MC-010<br>Austin, Texas 78711-2548<br>Tel: (512) 463-2185<br>Fax: (512) 473-8301 | OFFICE OF THE TEXAS ATTORNEY GENERAL<br>Environmental Protection Division<br>P.O. Box 12548, MC-066<br>Austin, Texas 78711-2548<br>Tel: (512) 463-2012<br>Fax: (512) 320-0911 |

13

*/s/ Bill Jackson*

**WILLIAM J. JACKSON**
**JENNIFER C. BARKS**
**LAUREN H. SHAH**
**MARIA F. PIMIENTA**
**KELLEY DRYE & WARREN LLP**
515 Post Oak Blvd., Suite 900
Houston, Texas 77027
Tel: (713) 355-5000
Fax: (713) 355-5001
bjackson@kelleydrye.com
jbarks@kelleydrye.com
lshah@kelleydrye.com
mpimienta@kelleydrye.com

*/s/ Glenn Graham*

**DAVID I. ZALMAN**
**GLENN T. GRAHAM**
**ELIZABETH N. KRASNOW**
**KELLEY DRYE & WARREN LLP**
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Tel: (212) 808-7800
Fax: (212) 808-7897
dzalman@kelleydrye.com
ggraham@kelleydrye.com
ekrasnow@kelleydrye.com

Mark Lanier
Alex Brown
**THE LANIER LAW FIRM, P.C.**
10940 W. Sam Houston Pkwy N., Suite 100
Houston, Texas 77054
Tel: (713) 659-5200
Fax: (713) 659-2204
mark.lanier@lanierlawfirm.com
alex.brown@lanierlawfirm.com

*/s/ Scotty MacLean*

Scotty MacLean
**MACLEAN LAW FIRM, P.C.**
State Bar No. 00787942
4916 Camp Bowie Blvd.
Fort Worth, Texas 76107
Tel: 817-529-1000
Fax: 817-698-9401
smaclean@macleanfirm.com

Robert A. Bilott
**TAFT STETTINIUS & HOLLISTER LLP**
425 Walnut Street, Suite 1800
Tel: (513) 381-2838
Fax: (513) 381-0205
bilott@taftlaw.com
*Pro Hac Vice Application Pending*

**ATTORNEYS FOR THE STATE OF TEXAS**

/s/ *Gregg J. Costa*

GREGG J. COSTA
  State Bar No. 24028160
GIBSON, DUNN & CRUTCHER LLP
811 Main St., Suite 3000
Houston, TX 77002
Telephone:  (346) 718-6600
Facsimile:  (346) 718-6620
GCosta@gibsondunn.com

LAUREN GOLDMAN
 *Pro Hac Vice*
GIBSON, DUNN & CRUTCHER LLP
200 Park Ave.
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
LGoldman@gibsondunn.com

JOHN T. COX III
  State Bar No. 24003722
ASHLEY E. JOHNSON
  State Bar No. 24067689
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Ave., Suite 2100
Dallas, TX 75201
Telephone:  (214) 698-3100
Facsimile:  (214) 571-2900
TCox@gibsondunn.com
AJohnson@gibsondunn.com

**Attorneys for Defendant 3M Company**

/s/  *Kimberly Priest Johnson*

Kimberly Priest Johnson
Texas Bar No.: 24027753
kpj@shb.com
Ryan S. Killian
Texas Bar No.:  24105667
rkillian@shb.com
Brent Dwerlkotte
*Pro Hac Vice Forthcoming*
dbdwerlkotte@shb.com
Britta N. Todd
*Pro Hac Vice Forthcoming*
btodd@shb.com
600 Travis Street, Suite 3400
Houston, TX 77002-2926
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 559-0353
Facsimile: (816) 421-5547

**Attorney for Defendants DuPont de Nemours, Inc.; EIDP, Inc. F/K/A E. I. DuPont de Nemours and Company; and Corteva, Inc.**

**CERTIFICATE OF SERVICE**

      I certify that on this 21st day of April 2025, a true and correct copy of the foregoing document was served by email and/or by electronic filing service on all counsel of record via the Court's CM/ECF system.

                                            /s/      *Glenn Graham*
                                      GLENN GRAHAM