IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STATE OF TEXAS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:25-CV-122-L** |
| | § | |
| **3M COMPANY; CORTEVA, INC.; DUPONT DE NEMOURS, INC.; and EIDP, INC. F/K/A E. I. DU PONT DE NEMOURS AND COMPANY,** | § § § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff State of Texas's ("Plaintiff" or "State of Texas") Motion to Remand to State Court ("Motion to Remand) (Doc. 14), filed February 5, 2025; Defendants EIDP, Inc., f/k/a E.I. DuPont De Nemours and Company ("Old DuPont"), DuPont De Nemours and Co. Inc. ("New DuPont"), and Corteva, Inc.'s ("Corteva") (collectively, "DuPont Defendants") Motion to Dismiss Based on Personal Jurisdiction and Failure to State a Claim ("Dupont Defendants' Motion") (Doc. 24), filed February 18, 2025; and Defendant 3M Company's ("3M") Notice of Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(2) ("3M's Motion") (Doc. 29), filed February 27, 2025. Having considered the Motions, pleadings, record, and applicable law, the court, for the reasons herein stated, **grants** the Motion to Remand, **declines** to rule on DuPont Defendants' Motion; **declines** to rule on 3M's Motion, and **remands** this action to the 18th Judicial District Court of Johnson County, Texas. Further, the court **denies** Plaintiff's request for attorney's fees and costs.

I.     **Background**

On December 11, 2024, the State of Texas, through its Attorney General, Ken Paxton, filed its Original Petition ("Petition") against 3M, Corteva, New DuPont, and Old DuPont in the 18th Judicial District Court of Johnson County, Texas. Doc. 1-5. Plaintiff alleges that Defendants engaged in deceptive trade practices by not disclosing health and environmental risks associated with their products, and falsely marketing them as "safe," in violation of the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code §§ 17.41–17.63 ("DTPA"). *Id.* at 1.

Plaintiff contends that for decades Defendants manufactured, marketed, and sold consumer products containing per- and polyfluoroalkyl substances ("PFAS"), including perfluorooctane sulfonic acid ("PFOS") and perfluorooctanoic acid ("PFOA"). *Id.* Further, the State of Texas contends that these products were marketed for their resistance to heat, oil, stains, grease, and water, and were used in food packaging, carpeting, cookware, upholstery, cosmetics, and other consumer goods under brand names like Teflon® and Scotchgard®. *Id.* at 2.

It argues that despite profiting from these sales, Defendants knew that PFAS posed risks to human health and the environment. *Id.* at 12. Plaintiff contends that PFAS are "persistent, bioaccumulative and toxic" ("PBT"), and human exposure may be linked to diseases such as cancer and decreased vaccine response. *Id.* at 2. Further, the State of Texas argues that PFAS can also accumulate in fish, game, plants, and drinking water, and have been found in human blood. *Id.* Defendants were allegedly aware of these risks, knew their products could not contain PFAS, and by the 1970s, knew that PFAS chemistry was accumulating in the blood of most Americans. *Id.* at 2. Plaintiff contends that despite knowing this, Defendants concealed these risks from

consumers and the State, and for decades, affirmatively claimed their products were "safe." *Id.* at 7.

Specifically, Plaintiff alleges that Old DuPont began using PFOA and other PFAS in products like Teflon® and Stainmaster® in 1951, and it purchased PFOA from 3M. *Id.* at 7. Similarly, the State of Texas argues that 3M has known for decades that PFAS in its products, like PFOS, are toxic and harm the environment and human health. *Id.* at 21. It argues that despite this, 3M advertised brands like Scotchgard as consumer-friendly and safe for families. *Id*. Plaintiff argues that as early as 1960, 3M understood its PFAS waste could leach into groundwater and pollute domestic wells. *Id.* at 22.

The State of Texas is seeking monetary relief of $1,000,000 or more, including civil penalties, attorney's fees, and costs, as well as non-monetary injunctive relief. The requested injunctions include prohibiting Defendants from misrepresenting the safety or health risks of their chemicals, failing to disclose human health risks, selling products known to create health concerns due to PFAS, causing goods in the stream of commerce to include harmful PFAS chemicals, and advertising products as safe for household use if they contain chemicals known to create health risks. Plaintiff also seeks civil penalties of up to $10,000 per DTPA violation, prejudgment and postjudgment interest, court costs, investigation costs, and reasonable attorney's fees.

On January 16, 2025, 3M removed this action to "the U.S. District Court for the Northern District of Texas, Dallas Division, under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), and, independently and alternatively, under 28 U.S.C. § 1332(a), contending that there is diversity of citizenship among the real parties in interest to this suit." Doc. 1 at 1. The DuPont Defendants consented to removal. Plaintiff disagrees that this action should not have been removed to federal court. It contends that there is no diversity of citizenship because the State is the *real*

*party* in interest, and this action cannot be brought pursuant to the Class Action Fairness Act because there is no "class."

## II. Legal Standard

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States" and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG*, 526 U.S. at 583 ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted). Such failure, however, is a procedural defect and may be cured by filing an amended notice. *Id.* n.4.

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote

omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold. As this case was removed to federal court, the burden rests with 3M.

### III. Analysis

Plaintiff contends that the Texas Attorney General and its Consumer Protection Division are empowered to bring actions against "bad actors" who harm the State pursuant to the DTPA. Doc. 15 at 1 (citing Tex. Bus. & Com. Code § 17.47). The State of Texas argues that it is the real party in interest and that the action should be remanded to state court. 3M disagrees and contends that the consumers, not the State of Texas, are the real parties in interest and that the action was properly removed to federal court.

#### A. The State of Texas Is the Real Party in Interest.

First, Plaintiff argues that because the State of Texas is not a "citizen" of Texas, there is no diversity jurisdiction. *Id.* at 10. Plaintiff contends that Texas is the real party in interest because it is seeking to regulate its economy and marketplace. *Id.* Moreover, Plaintiff argues that the State of Texas is the real party in interest because it seeks to enforce the laws of Texas and obtain penalties and injunctive relief against 3M. *Id.* at 11. Plaintiff contends that 3M's nominal party argument is contrary to case law. *Id.* Further, the State of Texas argues that it is Black letter law that a state is not a citizen for purposes of diversity jurisdiction. *Id.* (citing *Postal Telegraph Cable Co. v. Alabama,* 155 U.S. 482 (1894); *Moor v. Alameda County,* 411 U.S. 693, 717 (1973); and *Grace Ranch, LLC v. BP America Production Co.,* 989 F.3d 301, 307 (5th Cir. 2021)).

Further, Plaintiff contends that the court should award attorney's fees and costs for 3M improperly removing this action to federal court. Doc. 15 at 17. Plaintiff argues that because removal was improper, the court is authorized to order payment of costs, attorney's fees, and expenses. *Id* (citations omitted).

In response, 3M contends that this case satisfies the jurisdictional requirements for diversity jurisdiction pursuant to section 1332(a). Doc. 26 at 4 (citing 28 U.S.C. § 1332(a)). 3M argues that the question "turns on whether Texas is the real party in interest." *Id.* at 5. It contends that Texas consumers are the real parties in interest. *Id.* 3M argues that the State of Texas is seeking redress, monetary damages, and restitution to compensate identifiable persons for actual damages. *Id.* at 7 (citation and quotation marks omitted).

3M contends that the court in *Bara* held that the attorney general pursues claims on behalf of the consumers who were allegedly injured. *Id.* (quoting *Bara v. Major Funding Corp. Liquidating Tr.*, 876 S.W.2d 469, 472 (Tex. App.—Austin 1994, writ denied) (quotation marks omitted)). Further, it argues that the court concluded that when a state is merely asserting personal claims of its citizens, it is not the real party in interest. *Id.* at 8 (citing *Mitchell v. Sec. Am., Inc.*, 2012 WL 13026946, at *2 (N.D. Tex. Feb. 13, 2012)). 3M argues that the injunction requested by Plaintiff only benefits Texas consumers who have purchased and continue to use goods that contain PFOS and PFOA. *Id.* (citation omitted).

As previously stated, federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen*, 511 U.S. at 377 (citations omitted). For this action to remain in federal court pursuant to diversity jurisdiction, there must be *complete* diversity. *See* 28 U.S.C. § 1332. Federal case law makes it unequivocally clear that when a state is a party to an action, the court has no "federal jurisdiction on the basis of diversity of

**Memorandum Opinion and Order – Page 7**

citizenship because a state is not a citizen for purposes of diversity jurisdiction." *Louisiana v. Union Oil Co. of California*, 458 F.3d 364, 366 (5th Cir. 2006) (citation and quotation marks omitted)). If the State is a nominal party, its citizenship may be disregarded. *Id.* (citations omitted). In other words, if the State has no real interest, its citizenship is not relevant for purposes of determining whether diversity of citizenship exists because the action may proceed without it.

As lead counsel for 3M and former Fifth Circuit Judge Gregg Costa aptly stated in *Grace Ranch, L.L.C.,* the "State has a real interest if the relief sought is that which inures to it alone[,] so that a judgment for the plaintiff will effectively operate in the State's favor." *Grace Ranch, L.L.C.,* 989 F.3d at 309 (citations and internal quotation marks omitted). Conversely, the State is a nominal party if its sole stake in the suit is a general interest in ensuring compliance with the State's laws. *Id.* (citations and quotation marks omitted). This is true even when the nominal party is an agent of the state instead of the state itself. *See Robertson v. Wolf River Lumber Co.*, 269 F. 606, 607 (5th Cir. 1921). "Whether a party is [formal or] 'nominal' for removal purposes depends on whether, in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable." *Union Oil*, 458 F.3d at 366-67 (citations omitted). As explained later, the court cannot enter a judgment in the absence of the State of Texas.

The State of Texas is the real party in interest because the DTPA explicitly grants the Attorney General and the Consumer Protection Division of the Attorney General's office to bring suits against persons engaging "in any act or practice declared to be unlawful" on behalf of the State of Texas. Tex. Bus. & Com. Code § 17.47(a); *see* also *In re Davis*, 194 F.3d 570, 578 (5th Cir. 1999) ("[A]n entity is the real party in interest when it is statutorily authorized to bring suit to

enforce a claim.") (citing Wright & Miller, *supra* at § 1550; *Estate of Johnson v. Bellville Hosp.* 56 F.R.D. 380, 384 (S.D.Tex.1972)). The DTPA provides as follows:

> Whenever the consumer protection division has reason to believe that any person is engaging in, has engaged in, or is about to engage in any act or practice declared to be unlawful by this subchapter, and that proceedings would be in the public interest, the division may bring an action in the name of the state against the person to restrain by temporary restraining order, temporary injunction, or permanent injunction the use of such method, act, or practice.

Tex. Bus. & Com. Code § 17.47(a).

Further, the Attorney General and the Consumer Protection Division of the Attorney General's office are the only entities that may bring suit under this section. **If individual consumers wish to seek relief under the DTPA, they must sue under Section 17.50 of the Texas Business and Commerce Code, not Section 17.47.** Tex. Bus. & Com. Code § 17.50. In its Petition, Plaintiff cites Section 17.47 as the basis for jurisdiction. Doc. 1-5 at 3. Plaintiff is seeking injunctive relief and civil penalties, and any "civil penalties will, by law, be transferred to the State treasury." Doc. 15 at 10 (citing Tex. Gov. Code § 402.007(a)).

Additionally, it is clear to the court based on Plaintiff's Petition that it is not a nominal party because it is seeking redress for the alleged injury, loss, damage, and adverse effects directly or indirectly affecting people in the State of Texas. Doc. 1-5 at 7. Despite Plaintiff seeking to ensure compliance with the laws of the State of Texas, it is not a nominal party because compliance is not its *sole* stake in the litigation. *See Grace Ranch, L.L.C.,* 989 F.3d at 309. That Plaintiff is seeking redress for Defendants' alleged deceptive practices on behalf of people in Texas does not make the people of Texas the real parties in interest.

The court **concludes** that the State of Texas is the real party in interest in this litigation. As a result, the court does not have jurisdiction over this case pursuant to Section 1332.

### B. The Class Action Fairness Act Is Not Applicable to This Action.

3M contends that all of the requirements for jurisdiction under the Class Action Fairness Act ("CAFA") are met here, and state courts in Texas have recognized that actions brought by the attorney pursuant to the DPTA "qualify as de facto class actions." Doc. 1 at 2 (quoting *Thomas v. State,* 226 S.W.3d 697, 707 (Tex. App.—Corpus Christi-Edinburg 2007, pet. dism'd); *Avila v. State*, 252 S.W.3d 632, 646 (Tex. App.—Tyler 2008, no pet.)).

In response, Plaintiff argues that this case is not a class action as defined by the CAFA. Doc. 15 at 8. The State of Texas contends that 3M's argument that this action is a class action in disguise or a de facto class action ignores the plain reading of statutory text and Fifth Circuit case law. *Id.* Further, it argues that pursuant to CAFA, a class action is a civil action brought pursuant to Rule 23 or a similar state statute authorizing an action to be brought by one or more representative persons as a class action. *Id.* (quoting 28 U.S.C. §1332(d)(1)(B) (quotation marks omitted)). Plaintiff states that the Thirteenth Court of Appeals clarified that "the DTPA, unlike the insurance code, does not provide for the use of class actions by the Attorney General." *Id.* at 9-10 (quoting *Molano v. State* 262 S.W. 3d 554, 561 (Tex. App.—Corpus Christi 2008, no pet.)). Plaintiff argues that 3M cannot establish the requirements pursuant to the CAFA for removal to this court; as a result, this court does not have jurisdiction. *Id.* at 10.

Title 28 U.S.C. § 1332(d)(1)(B) defines class action for the purposes of diversity jurisdiction as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure, or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Under the CAFA, a federal district court has original subject matter jurisdiction over a class action in which: (1) there are 100 or more proposed class members; (2) at least some of the members of the proposed class have a

different citizenship from the defendant; and (3) the aggregated claims of the proposed class members exceed the sum or value of $5,000,000. *Id*.

This suit is brought pursuant to Section 17.47 of the Texas Business and Commerce Code, not Federal Rule of Civil Procedure 23 or a similar Texas statute. For parties seeking a class certification pursuant to Rule 23, they must establish each of the following:

> (1) numerosity, *i.e.*, a class so large that joinder of all members is impracticable; (2) commonality, *i.e.*, that there are questions of law or fact common to the class; (3) typicality, *i.e.*, that the named plaintiffs' claims or defenses are typical of those of the class; and (4) adequacy of representation, *i.e.*, that the representatives will fairly and adequately protect the interests of the class.

*Cleven v. Mid-Am. Apartment Communities, Inc.*, 20 F.4th 171, 180 (5th Cir. 2021) (emphasis in original) (citing *Ackal v. Centennial Beauregard Cellular L.L.C.*, 700 F.3d 212, 215-16 (5th Cir. 2012)). Section 17.47 of the Texas Business and Commerce Code does not contain language similar to Rule 23. As stated previously, "the [consumer protection] division [of the Attorney General's Office] may bring an action in the name of the state against the person to restrain by temporary restraining order, temporary injunction, or permanent injunction the use of such method, act, or practice." Tex. Bus. & Com. Code § 17.47(a). The DTPA does not "authoriz[e] an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

"[T]o maintain a class action, the class sought to be represented must be adequately defined and clearly ascertainable." *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 639 (5th Cir. 2012) (cleaned up). In its Petition, Plaintiff does not allege that it is representing an adequately defined and clearly ascertainable class of people. Despite 3M's contentions, the cases it cites do not create an automatic class action suit anytime the State files a suit under the DTPA. As the Thirteenth Court of Appeals correctly stated, "[w]hile the courts in *Bara* and *Thomas* characterize suits filed by the Attorney General under section 17.47 as de facto class actions, this

**Memorandum Opinion and Order – Page 11**

characterization neither transforms the nature of a DTPA action nor authorizes the Attorney General to sue on behalf of private individuals." *Molano*, 262 S.W.3d at 560. Likewise, these individual nonbinding rulings do not transform the DTPA into a class action.

In *Thomas*, the Attorney General attempted to restore money or property acquired through unlawful practices on behalf of affected consumers, despite not being individually named or identified in the lawsuit. *Id.* at 226 S.W.3d 697. Further, unlike in this action, the class members could be easily identified, and their harm could be traced. In *Bara*, the court answered the narrow issue before it, which was "whether an action brought by the attorney general pursuant to DTPA section 17.47 in response to consumer complaints tolls the running of the statutes of limitations on the consumers' individual claims." *Bara*, 876 S.W.2d at 471. Unlike in *Bara,* the consumers who have been affected by Defendants' alleged deceptive practices are not identified and are not clearly ascertainable.

Further, as stated above, Section 1332(d)(1)(B) permits class actions that are authorized by a "State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B). It does not permit class actions when the *outcome* of the action can affect multiple individuals, thereby making it a "*de facto*" class action. The court is not persuaded by 3M's *de facto* argument. The court has an emphatic duty "to say what the law is." *Marbury v. Madison*, 5 U.S. 137, 177 (1803). It is clear that Rule 23 provides only three ways to bring a class action suit pursuant to the CAFA. Neither Rule 23 nor Section 14.27 authorizes *de facto* class action suits. Taking Plaintiff's well-pleaded facts in the Petition as true and viewing them in the light most favorable to it, the court determines that this lawsuit is not a "class action" as defined in the CAFA statute.

Further, because the court does not have jurisdiction to entertain this action, it will not address the merits of DuPont Defendants' Motion and 3M's Motion. Accordingly, the court

**Memorandum Opinion and Order – Page 12**

**declines** to address the DuPont Defendants' Motion (Doc. 24); and **declines** to address 3M's Motion (Doc. 29).

## IV.    Attorney's Fees

Plaintiff seeks attorney's fees and costs incurred for obtaining a remand of this action to state court pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Bad faith is not "a prerequisite to awarding attorney fees and costs." *Id.* (citation omitted). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). In this regard, the court must decide "whether the defendant had objectively reasonable grounds to believe the removal was legally proper" at the time of removal, "irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes*, 199 F.3d at 293.

Plaintiff contends that:

> Remedial measures are appropriate here where 3M's attempt to have this case consolidated in the AFFF MDL (its true motivation for removal) have failed and where its legal arguments for removal lack support in either the statute or caselaw. The State has invested dozens of hours of attorney time responding to 3M's attempt and it should be compensated for its actual expenses.
>
> The State contacted 3M, as well as the remaining Defendants, to inform them that removal was improper under either purported theory asserted. Despite being aware removal was entirely improper, based in no small part on their prior failed efforts to remove PFAS-related matters to district courts throughout this country, 3M would not consent to a remand. As explained above, 3M's removal had no objective basis in law. The position maintained by 3M is contrary to

> established precedent and this removal effort was nothing more than an attempt to transfer this matter to the AFFF MDL in order to slow its resolution. The JPML saw through 3M's blatant attempt of obfuscate the basis of this Petition and we have no doubt that this Court will do the same. As removal of this case was objectively unfounded, the State respectfully requests that the Court award attorneys' fees and costs associated with the unnecessary litigation that 3M has caused.

Doc. 15 at 18.

In response, 3M argues that if the court remands this action, it should deny Plaintiff's request for attorney's fees because the basis for removal was reasonable and compelling. Doc. 26 at 24. Specifically, 3M argues that:

> As explained above, ample case law and the State's own allegations support 3M's position that the State is not the real party in interest. But if the Court disagrees with 3M's reading, the absence of "any binding precedent specifically addressing" the question of traditional diversity jurisdiction over section 17.47 actions warrants the same conclusion the court reached in *Google*: that removal was not objectively unreasonable. 2023 WL 113732, at *6 n.4; *see Camsoft*, 638 F. App'x at 264 (affirming denial of fees when "federal jurisdiction over [certain] claims was unsettled").
>
> The same is true of removal under CAFA. A plain reading of the law's text strongly supports jurisdiction here. As the State concedes, AU Optronics is not directly on point. *See* State Br. 9. The Fifth Circuit has never considered CAFA jurisdiction over section 17.47 claims or the laws of a state that does allow class actions. Judges outside of the Circuit agree that attorney-general-led suits can qualify as CAFA class actions. *See, e.g., Comcast*, 705 F. Supp. 2d at 452; *CVS Pharmacy*, 646 F.3d at 183 (Gilman, J., dissenting). And there is a consensus among Texas courts that section 17.47 is a de facto class action employing many class action procedures. Again, because the issue is "unsettled," *Camsoft*, 638 F. App'x at 264, 3M's removal on CAFA grounds was not objectively unreasonable, *cf. Valdes*, 199 F.3d at 293-94 (removal objectively reasonable when bulk of Texas case law supported defendant's position).

*Id.* at 24-25 (citations omitted).

Based on the court's review of the facts and circumstances, an award of attorney's fees is not warranted. The law regarding whether actions filed by the State of Texas or its Attorney General pursuant to Section 17.47 may be removed to federal court is not settled. Plaintiff and 3M

**Memorandum Opinion and Order – Page 14**

cite to federal district courts and intermediate state appellate courts, which are not binding on this court. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."). It was objectively unreasonable for 3M to believe that the court had jurisdiction over this action. While this case should not have been removed, the court, in exercising its discretion, determines that the interests of justice are not served by awarding attorney's fees to Plaintiff under these circumstances. *See CamSoft Data Systems, Inc. v. Southern Electronics Supply, Inc.*, 638 F. App'x 255, 261, 267 (5th Cir. 2015) ("[D]istrict court jurisdiction under § 116 was clearly unsettled at the time this case was removed to federal court. [W]e conclude that the district court did not abuse its discretion when it concluded that the defendants were objectively reasonable when they removed the case to federal court."). Accordingly, the court will not permit an award of attorney's fees and costs and **denies** Plaintiff's request.

V.    Conclusion

For the reasons stated herein, the court **grants** the Motion to Remand (Doc. 14), **declines** to rule on the DuPont Defendants' Motion (Doc. 24); **declines** to rule on 3M's Motion (Doc. 29); and **remands** this action to the 18th Judicial District Court of Johnson County, Texas. The clerk of court **shall** effect the remand in accordance with the usual procedure. Further, for the reason previously stated, the court **denies** Plaintiff's request for attorney's fees and costs.

**It is so ordered** this 24th day of September, 2025.

Sam A. Lindsay
United States District Judge