## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| STATE OF TEXAS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:25-cv-00122-L |
| 3M COMPANY; CORTEVA, INC., DUPONT DE NEMOURS, INC., and EIDP, INC. F/K/A E. I. DU PONT DE NEMOURS AND COMPANY, | § § § § § | |
| Defendants. | § § § | |

## DEFENDANT 3M COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION TO STAY THE COURT'S REMAND ORDER PENDING APPEAL TO THE FIFTH CIRCUIT

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................. 2

LEGAL STANDARD ......................................................................................................... 4

ARGUMENT ...................................................................................................................... 5

    I.      This Court Has Jurisdiction to Enter a Stay. ................................................. 5

    II.     The Court Should Stay the Remand Order. ................................................. 6

          A.    Rule 62(a) Imposes an Automatic Stay on Proceedings, Meaning the Mailing of the Remand Order was Ineffective. ..................................... 6

          B.    The *Nken* Factors Warrant a Discretionary Stay. ......................................... 7

                1.    3M Maintains That It Is Likely to Succeed on the Merits, and at the Very Least Has Presented a Substantial Case About a Serious Legal Question. .................................................... 8

                2.    Absent a Stay, 3M Will Be Irreparably Harmed. .......................... 11

                3.    The State Will Not Be Irreparably Harmed by a Stay of the Remand Order During the Expedited Appeal to the Fifth Circuit. ...................................................................................... 13

                4.    The Public Interest Strongly Weighs in Favor of a Stay. ............. 14

CONCLUSION ................................................................................................................. 14

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Air Evac EMS, Inc. v. Sullivan*,
   8 F.4th 346 (5th Cir. 2021) ................................................................10

*Arnold v. Garlock, Inc.*,
   278 F.3d 426 (5th Cir. 2001) ...............................................................7

*Avila v. State*,
   252 S.W.3d 632 (Tex. App.—Tyler 2008, no pet.) ..............................10

*Bank of Am., N.A. v. El Paso Nat. Gas Co.*,
   2017 WL 9478457 (W.D. Okla. Jan. 12, 2017)...........................7, 11, 13

*Bara v. Major Funding Corp. Liquidating Tr.*,
   876 S.W.2d 469 (Tex. App.—Austin 1994, writ denied).................9, 10

*BP P.L.C. v. Mayor & City Council of Baltimore*,
   141 S. Ct. 1532 (2021)..................................................................12, 14

*Campaign for S. Equal. v. Bryant*,
   773 F.3d 55 (5th Cir. 2014) .....................................................5, 8, 10, 11

*CamSoft Data Sys., Inc. v. S. Elecs. Supply, Inc.*,
   638 F. App'x 255 (5th Cir. 2015) ..........................................................4

*Cedar Lodge Plantation, L.L.C. v. CSHV Fairway View I, L.L.C.*,
   768 F.3d 425 (5th Cir. 2014) ...............................................................12

*City of Martinsville v. Express Scripts, Inc.*,
   128 F.4th 265 (4th Cir. 2025) ...............................................................2

*Cochran v. SEC*,
   20 F.4th 194 (5th Cir. 2021) (en banc) .................................................10

*Coinbase, Inc. v. Bielski*,
   599 U.S. 736 (2023)..........................................................................2, 11

*Dalton v. Walgreen Co.*,
   2013 WL 2367837 (E.D. Mo. 2013).....................................................11

*In re Digicon Marine, Inc.*,
   966 F.2d 158 (5th Cir. 1992) ..............................................................5, 6

**TABLE OF AUTHORITIES**

(*continued*)

Page(s)

*Forty Six Hundred LLC v. Cadence Educ., LLC,*
  15 F.4th 70 (1st Cir. 2021).......................................................................................7, 14

*Delaware ex rel. Jennings v. BP Am. Inc.,*
  2022 WL 605822 (D. Del. Feb. 8, 2022).......................................................12, 14

*Jones v. Prescott,*
  702 F. App'x 205 (5th Cir. 2017) ........................................................................6

*In re Katrina Canal Litig. Breaches,*
  524 F.3d 700 (5th Cir. 2008) ..............................................................................8

*Lafalier v. Cinnabar Serv. Co.,*
  2010 WL 1816377 (N.D. Okla. Apr. 30, 2010)..............................................11

*Lax v. APP of N.M. Ed, PLLC,*
  2022 WL 1115221 (D.N.M. Apr. 14, 2022) .......................................................6

*Nessel ex rel. Michigan v. AmeriGas Partners, L.P.,*
  954 F.3d 831 (6th Cir. 2020) ............................................................................10

*NCNB Tex. Nat'l Bank v. Fennell,*
  933 F.2d 275 (5th Cir. 1991) ............................................................................12

*Nichia Corp. v. Mary Elle Fashions, Inc.,*
  2016 WL 9558954 (E.D. Tex. Dec. 22, 2016)...............................................14

*Nken v. Holder,*
  556 U.S. 418 (2009)................................................................................4, 14

*Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC,*
  2016 WL 3180775 (E.D. Va. June 7, 2016) .......................................................6

*Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC,*
  2016 WL 3346349 (E.D. Va. June 16, 2016) ............................................11, 12, 13

*Pagliara v. Fed. Home Loan Mortg. Corp.,*
  2016 WL 2343921 (E.D. Va. May 4, 2016) .....................................................11

*Patterson v. Dean Morris, L.L.P.,*
  444 F.3d 365 (5th Cir. 2006) ............................................................................2

*Patterson v. Morris,*
  2006 WL 8456270 (E.D. La. Mar. 30, 2006) ...............................................5, 8

*Plaquemines Parish v. Chevron USA, Inc.,*
  84 F.4th 362 (5th Cir. 2023) ...............................................................5, 6, 7, 12

**TABLE OF AUTHORITIES**
(*continued*)

Page(s)

*Raskas v. Johnson & Johnson*,
    2013 WL 1818133 (E.D. Mo. Apr. 29, 2013)..........................................................8, 11, 13, 14

*In re Shell Oil Co.*,
    932 F.2d 1523 (5th Cir. 1991) ...................................................................................................5

*Shepherd v. Int'l Paper Co.*,
    372 F.3d 326 (5th Cir. 2004) ....................................................................................................2

*Stewart v. Entergy Corp.*,
    35 F.4th 930 (5th Cir. 2022) ..................................................................................................13

*Thomas v. State*,
    226 S.W.3d 697 (Tex. App.—Corpus Christi–Edinburg 2007, pet. dism'd) .........................10

*Town of Pine Hill v. 3M Co.*,
    2025 WL 994187 (S.D. Ala. Apr. 2, 2025)............................................................................6, 7

**Statutes**

28 U.S.C. § 1332(d) ........................................................................................................................3

28 U.S.C. § 1332(d)(1)(B) .....................................................................................................3, 4, 9, 10

28 U.S.C. § 1453(c) ...........................................................................................................5, 6, 12, 13

28 U.S.C. § 1453(c)(2)...................................................................................................................13

CAFA, Pub. L. No. 109-2, § 2(b)(2), 119 Stat. 5 (2005)..............................................................12

Tex. Bus. & Com. Code § 17.47 ....................................................................................................2

**Other Authorities**

Black's Law Dictionary (12th ed. 2024) .......................................................................................9

Merriam-Webster's Collegiate Dictionary (11th ed. 2003).................................................9

Oxford English Dictionary (3d ed. 2009)...................................................................................9

MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION TO STAY REMAND ORDER

Defendant 3M Company (3M) respectfully submits this brief in support of its Emergency Motion to Stay the Court's Remand Order Pending Appeal to the Fifth Circuit.

## INTRODUCTION

Yesterday, the Court ordered that this case be remanded to state court, having concluded that it lacks traditional diversity jurisdiction and lacks jurisdiction under the Class Action Fairness Act (CAFA). Within 10 days of that order, 3M intends to file in the Fifth Circuit an application for permission to appeal under CAFA. Although remand orders are typically not appealable, CAFA provides an avenue of appeal if, as here, that statute was a basis of the defendant's removal.

The Court should stay the remand order pending that appeal.

*First*, it appears the remand order has already been mailed to the state court, but that act was premature and ineffective. Under Federal Rule of Civil Procedure 62(a), the remand order was automatically stayed for 30 days. And as the Fifth Circuit has held, this Court retains jurisdiction to give effect to a stay even when the remand order has been mailed out. This Court should confirm that Rule 62's automatic-stay provision applies here and direct the Clerk to provide the state court with a notification to that effect.

*Second*, the Court should also grant a discretionary stay pending appeal. 3M's imminent appeal will be swift. If the Fifth Circuit allows 3M to appeal, the Fifth Circuit must rule within 60 days absent an extension. Still, it is possible it will take the Fifth Circuit more than 30 days from the date of the remand order—the duration of the Rule 62(a) automatic stay—to decide whether to grant 3M's application. But there is no provision that automatically stays proceedings in this Court—or in the state court, should this Court's remand order take effect during the pendency of the application process. If the Fifth Circuit does grant permission to appeal, proceedings in this court—including the clerk's authority to mail the remand order to the state court—will be automatically stayed by virtue of the "background principle" "that an appeal automatically stays all aspects of the case

involved in the appeal." *City of Martinsville v. Express Scripts, Inc.*, 128 F.4th 265, 270 (4th Cir. 2025) (citing *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 747 (2023)); *see Patterson v. Dean Morris, L.L.P.*, 444 F.3d 365, 368–69 (5th Cir. 2006) (a CAFA appeal is perfected when the court grants the application to appeal); *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004) ("'A perfected appeal divests the district court of jurisdiction.'" (alteration adopted)).

Yet the consequences of this Court's refusing to stay its remand order between any lapse of the automatic stay and the resolution of the application process could be enduring and detrimental to all parties' interests.  Being forced to engage in state-court litigation while the appeal is pending wastes resources and chips away at 3M's asserted right to a federal forum.  A stay would also benefit the State, as it would prevent additional expenses from simultaneous litigation and the potential need to relitigate issues if the case returns to this Court.  Furthermore, this case presents a serious legal question about the application of CAFA—one the Fifth Circuit has not squarely answered, and one on which 3M maintains it is likely to succeed.

Against all these advantages of a stay, there is nothing on the other side of the scale except for the statutorily limited delay that would result from awaiting appellate resolution of the jurisdictional question.

## BACKGROUND

The Texas Attorney General filed this suit in Johnson County, alleging violations of the Texas Deceptive Trade Practice Act (DTPA), Tex. Bus. & Com. Code § 17.47.  Pet. ¶¶ 6, 105–10. According to the Petition, 3M and the other defendants manufactured "a wide array of consumer products containing" perfluorooctane sulfonic acid (PFOS) and perfluorooctanoic acid (PFOA), which allegedly pose health and environmental risks and which were "sold to Texas consumers." Pet. ¶ 1.  The State alleged that the defendants falsely claimed their "products [we]re safe," and that the "failure to disclose [certain] information" about those products "was intended to induce

2

the consumer into" buying them. *Id.* ¶¶ 62, 109. The State sought an injunction prohibiting the defendants from "[m]isrepresenting the safety or human health risks" of PFOS or PFOA, money damages for consumers who bought the products, civil penalties, restitution, costs, and attorney's fees. *Id.* ¶¶ 111–13.

After appearing in state court solely to contest personal jurisdiction, 3M removed the case. 3M's notice of removal reasoned that this Court had traditional diversity jurisdiction. ECF No. 1. It also argued that the Court had subject-matter jurisdiction under CAFA, which applies when (1) the aggregate amount in controversy is at least $5 million; (2) there is minimal diversity of parties—"any member of a class," "named or unnamed," "is a citizen of a State different from any defendant"; and (3) the "civil action" is a "class action" for CAFA purposes. 28 U.S.C. § 1332(d); *see* ECF No. 1.

The State moved to remand. ECF No. 15 (Remand Brief). The State did not dispute that CAFA's amount in controversy is satisfied or that, assuming this is a class action, at least one unnamed Texas consumer was a citizen of a State different from at least one of the defendants. *See* ECF No. 26 at 14–23 (Remand Opposition). Thus, the State's rejection of CAFA jurisdiction turned on the third prong: whether this is a class action under CAFA. Arguing that it is not, the State distanced itself from state-court decisions it had secured holding that section 17.47 is a de facto class action provision and instead relied primarily on out-of-circuit case law. *Id.* at 21–22.

3M opposed the State's motion. In addition to addressing traditional diversity jurisdiction, 3M explained that this is precisely the kind of case over which CAFA provides a federal court with subject-matter jurisdiction. For CAFA purposes, a class action is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or *similar State statute* or rule of judicial procedure authorizing an action to be brought by *1 or more representative persons* as a class action." 28

3

U.S.C. § 1332(d)(1)(B) (emphases added).  Section 17.47, 3M argued, is "similar" to Rule 23 in the manner CAFA requires because it authorizes the Attorney General to serve as a representative of the consumers for whom he seeks recompense, and because state courts have regularly treated section 17.47 suits as de facto class actions.  *See* Remand Opp. at 17–23.

Yesterday, the Court granted the State's motion to remand.  ECF No. 44 (Order).  The remand order concluded that CAFA jurisdiction did not exist because section 17.47 actions did not count as "class actions" for CAFA purposes, and that traditional diversity jurisdiction did not exist either.  But the Court recognized that the issues presented by the remand motion are "not settled," so it denied the State's request for attorney's fees.  *Id.* at 14–15.[1]

3M now files this emergency motion to stay the Court's remand order pending 3M's CAFA appeal to the Fifth Circuit.

## LEGAL STANDARD

Subject to certain exceptions not applicable here, Rule 62 directs that "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry."  Fed. R. Civ. P. 62(a).  A judgment "as used in th[at] rule[] includes . . . any order from which an appeal lies."  *Id.* R. 54(a).

Outside that 30-day window, and before the Fifth Circuit grants an application to appeal, the issuance of a stay pending appeal is an "exercise of judicial discretion," and whether a stay should be granted depends "upon the circumstances of the particular case."  *Nken v. Holder*, 556

---

[1]    The Court wrote that "[i]t was objectively unreasonable for 3M to believe that the court had jurisdiction over the action," but it appears from context that "unreasonable" might be a scrivener's error.  Order at 15.  As the Court explained immediately after that sentence, removal is "'objectively *reasonable*'" when a removal issue is "'clearly unsettled at the time [a] case [is] removed to federal court.'"  *Id.* (emphasis added) (quoting *CamSoft Data Sys., Inc. v. S. Elecs. Supply, Inc.*, 638 F. App'x 255, 261, 267 (5th Cir. 2015)).

U.S. 418, 433 (2009). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34.

In determining whether to grant a stay pending appeal, the court considers four factors: "'(1) whether the stay applicant has made a strong showing that he or she is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Campaign for S. Equal. v. Bryant*, 773 F.3d 55, 57 (5th Cir. 2014) (alteration adopted).

"'[W]hen a serious legal question is involved,'" "a '"movant need only present a substantial case on the merits . . . and show that the balance of equities weighs heavily in favor of granting the stay.'" *Id.*

## ARGUMENT

This Court has jurisdiction to enter a stay of the remand order, and the Court should enter such a stay here.

## I.    This Court Has Jurisdiction to Enter a Stay.

As the Fifth Circuit has explained, "where remand is reviewable on appeal 'a district court has jurisdiction to review its own order, and vacate or reinstate that order.'" *In re Digicon Marine, Inc.*, 966 F.2d 158, 160–61 (5th Cir. 1992) (quoting *In re Shell Oil Co.*, 932 F.2d 1523, 1528 (5th Cir. 1991)). That jurisdiction includes authority to "consider[ ] . . . any motion to stay." *Patterson v. Morris*, 2006 WL 8456270, at *1 (E.D. La. Mar. 30, 2006); *accord Plaquemines Parish v. Chevron USA, Inc.*, 84 F.4th 362, 372 (5th Cir. 2023). Because CAFA provides for appellate review of orders remanding cases that were removed under the Act, *see* 28 U.S.C. § 1453(c), this Court retains "jurisdiction to stay its remand order" even though the order has been "'mailed by

the clerk'" of this Court. *Plaquemines*, 84 F.4th at 372; *see Lax v. APP of N.M. Ed, PLLC*, 2022 WL 1115221, at \*1 (D.N.M. Apr. 14, 2022) (collecting cases in CAFA context).

## II.    The Court Should Stay the Remand Order.

For two independent reasons, the Court should stay the remand order. *First*, Rule 62(a)'s automatic stay applies to the remand order, meaning that the mailing of the order before the termination of that stay was ineffective. *Second* and in any event, the *Nken* factors weigh in favor of granting a short stay while the Fifth Circuit considers whether to grant permission to appeal the Court's remand order.

### A.    Rule 62(a) Imposes an Automatic Stay on Proceedings, Meaning the Mailing of the Remand Order was Ineffective.

To start, the Court should enforce Rule 62's automatic-stay provision and hold that enforcement of the remand order—including mailing of the Order—was automatically "stayed for 30 days after its entry." Fed. R. Civ. P. 62(a). That provision applies to "execution on a judgment and proceedings to enforce it." *Id.* And the remand order is a "judgment" for Rule 62 purposes because it is an "order from which an appeal lies." *Id.* R. 54(a); *see Jones v. Prescott*, 702 F. App'x 205, 209 (5th Cir. 2017) (per curiam); 28 U.S.C. § 1453(c); *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 2016 WL 3180775, at \*2 (E.D. Va. June 7, 2016). In short, the automatic-stay provision applies to the Order, the stay does not expire until October 24, and "the act of transmitting the order is ineffective at least until the automatic stay expire[s]." *Town of Pine Hill v. 3M Co.*, 2025 WL 994187, at \*1 (S.D. Ala. Apr. 2, 2025).

Because remand orders are generally not appealable, courts often overlook the need to retain the case (and their continuing jurisdiction) after ordering remand in instances where the order is appealable. *See, e.g., Digicon*, 966 F.2d at 160 (recognizing this common oversight). Since an order remanding a case removed under CAFA is appealable, *see* 28 U.S.C. § 1453(c), the

Court's directive to the Clerk to "effect the remand in accordance with the usual procedure," Order at 15, was in error. And since "the case was prematurely transmitted back to state court," this Court should direct the Clerk "to notify the state court" that the automatic stay remains in effect. *Pine Hill*, 2025 WL 994187, at *1; *accord, e.g.*, *Forty Six Hundred LLC v. Cadence Educ., LLC*, 15 F.4th 70, 80 (1st Cir. 2021) (collecting cases and suggesting a similar approach); *Bank of Am., N.A. v. El Paso Nat. Gas Co.*, 2017 WL 9478457, at *3 (W.D. Okla. Jan. 12, 2017) (directing the Clerk "to reopen the case and mail a copy of this Order to the court clerk of the [state] District Court").[2]

> **B.    The *Nken* Factors Warrant a Discretionary Stay.**

Because it is possible that the Fifth Circuit will take longer than the duration of the automatic stay, the Court should also grant a stay pending appeal. Although the Court has concluded otherwise, 3M maintains that it is likely to succeed on the merits and, at the very least, that it has made out a substantial case about a serious legal question: CAFA's applicability to section 17.47 actions. Without a stay, 3M (and the State, for that matter) will suffer irreparable harm, including the burden of simultaneous litigation in two courts and the risk of inconsistent judgments. The State, by contrast, will suffer no irreparable harm from a stay, particularly given the expedited nature of CAFA appeals. Additionally, the public interest will be served by the judicial economy and efficient allocation of resources a stay will ensure.

---

[2]    Before the enactment of CAFA, the Fifth Circuit held that Rule 62 did not apply to a remand order, reasoning that it was not a "judgment . . . which may be appealed." *Arnold v. Garlock, Inc.*, 278 F.3d 426, 437 (5th Cir. 2001). But as the Fifth Circuit has explained, "*Arnold* speaks only to remand orders that are not appealable, so it does [not] speak to the appealable remand order in this case," which "'is treated like any other final judgment.'" *Plaquemines*, 84 F.4th at 372.

**1.    3M Maintains That It Is Likely to Succeed on the Merits, and at the Very Least Has Presented a Substantial Case About a Serious Legal Question.**

3M's position on CAFA jurisdiction has sufficient merit to warrant a stay. Of course, given its ruling on the motion to remand, the Court might "not necessarily agree that [3M has] adequately demonstrated a *substantial* likelihood of success on the merits of [its] appeal." *Patterson*, 2006 WL 8456270, at *2. Even so, 3M's CAFA-jurisdiction arguments "do present a 'substantial case on the merits' involving 'a serious legal question.'" *Id.*; *see Campaign for S. Equal.*, 773 F.3d at 57.

The legal question presented here is a serious one. All agree that federal jurisdiction over cases like this one raises important issues—both about the State's "authority" to enforce state law "in state court" and about whether, in light of the State's efforts to seek relief for consumers, remand would "frustrat[e] [the] congressional decision to give access to federal district courts to defendants exposed to [such] private claims." *In re Katrina Canal Litig. Breaches*, 524 F.3d 700, 706 (5th Cir. 2008). All agree, too, that the question is novel. As this Court recognized, "the law regarding whether actions filed by the State of Texas or its Attorney General pursuant to Section 17.47 may be removed to federal court is not settled." Order at 14. The "novelty of th[is] legal issue[]" further confirms the issue's seriousness, *Patterson*, 2006 WL 8456270, at *2: Although this Court evidently "found [the State's] cases denying federal CAFA jurisdiction to be more persuasive and applicable to the facts in these cases[,] the lack of [on-point] authority from this Circuit . . . makes appellate review appropriate," *Raskas v. Johnson & Johnson*, 2013 WL 1818133, at *2 (E.D. Mo. Apr. 29, 2013).

3M maintains that it is likely to succeed on appeal, and at the very least it has demonstrated "'a substantial case on the merits.'" *Campaign for S. Equal.*, 773 F.3d at 57. As 3M has shown,

CAFA's ordinary meaning and Texas case law support the view that there is CAFA class-action jurisdiction in this case.

A "class action" for CAFA purposes is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The State did not dispute that this action meets much of that definition. It did not dispute, for example, that section 17.47 is a civil action where the Texas Attorney General is the "representative person[,]" *id.*, because the DTPA allows him to bring an action and "stand[] in the place . . . of" or "act[] on behalf of" aggrieved consumers. *Representative*, OXFORD ENGLISH DICTIONARY (3d ed. 2009); *Representative*, BLACK'S LAW DICTIONARY (12th ed. 2024); *see* ECF No. 34 at 8–9 (Remand Reply) (arguing only that the Attorney General would have a hard time establishing that he is an "*adequate* representative" under Rule 23 (emphasis added)). Nor did the State dispute that a section 17.47 suit falls within the ordinary meaning of "class action" because it is "[a] lawsuit in which the court authorizes a single person or a small group of people to represent the interests of a larger group," *Class Action*, BLACK'S LAW DICTIONARY; *see Bara v. Major Funding Corp. Liquidating Tr.*, 876 S.W.2d 469, 472 (Tex. App.—Austin 1994, writ denied) (under section 17.47, "[s]imilar claims against common defendants are consolidated and the attorney general pursues them on behalf of the consumers"); Remand Reply at 7 (criticizing 3M's use of—but not disagreeing with—these "dictionary definitions").

That leaves whether section 17.47 is sufficiently similar to Rule 23. And, again, there is considerable agreement. All agree that, to be "similar," section 17.47 must "hav[e] characteristics in common" with Rule 23. MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (11th ed. 2003); *see* Remand Reply at 9 n.8. The principal disagreement is the question of degree. 3M's position is

one drawn from the statutory text: that "State statutes or rules of judicial procedure are 'similar' to Rule 23 when they 'authorize an action to be brought by 1 or more representative persons as a class action.'" *Nessel ex rel. Michigan v. AmeriGas Partners, L.P.*, 954 F.3d 831, 838–39 (6th Cir. 2020) (Nalbandian, J., concurring in part and concurring in the judgment) (alteration adopted) (quoting 28 U.S.C. § 1332(d)(1)(B)).

The State appears to believe that a state statute must "require[] typicality, adequacy, numerosity, and commonality," Remand Reply 7, but it has never seen fit to explain why the statute requires that result or why 3M's reading is incorrect. Nor did it deny that its reading essentially erases the above-quoted "authorizing" language from the statute, in violation of foundational interpretive rules. *See* Remand Opp. 22. To be sure, the State relied heavily on out-of-circuit decisions that support its view, *see* Remand Br. 8–9, but that does not make 3M's textually grounded "'case on the merits'" any less "'substantial,'" *Campaign for S. Equal.*, 773 F.3d at 57; *cf. Air Evac EMS, Inc. v. Sullivan*, 8 F.4th 346, 352 (5th Cir. 2021) ("we are governed by the text of the statute"); *Cochran v. SEC*, 20 F.4th 194, 204 (5th Cir. 2021) (en banc) ("[T]he consensus view is not always correct.").

Texas law confirms that 3M's arguments are substantial. State courts have held that section 17.47 actions "qualify as de facto class actions," and consumers are "the members of the class," *Thomas v. State*, 226 S.W.3d 697, 707 (Tex. App.—Corpus Christi–Edinburg 2007, pet. dism'd); *accord Avila v. State*, 252 S.W.3d 632, 646 (Tex. App.—Tyler 2008, no pet.); *Bara*, 876 S.W.2d at 471–73. Again, the State sees things differently. Presumably, though, the Attorney General found the argument more compelling back when his office convinced courts to "*agree* with the State" that section 17.47 actions *do* "qualify as de facto class actions." *Thomas*, 226 S.W.3d at 707 (emphasis added). And although this Court was "not persuaded by 3M's *de facto*

argument," Order at 12, under similar circumstances, other judges have agreed that CAFA *does* apply, *see* Remand Opp. 24.

In short, the case involves "a serious legal question" and 3M has presented, at a minimum, "a substantial case on the merits." *Campaign for S. Equal.*, 773 F.3d at 57.

### 2. Absent a Stay, 3M Will Be Irreparably Harmed.

If the Court does not grant a stay pending appeal, 3M will be irreparably harmed. That is for at least two reasons.

*First*, without a stay, 3M will be forced to litigate simultaneously in the Fifth Circuit and state court. To be sure, "'[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.'" *Coinbase*, 599 U.S. at 746. But there is more at stake here. For one, it would "impose an unfair burden on" 3M if it must "simultaneously respond to [any state-court] discovery [or other] requests and pursue its request for appellate review of the Court's remand order." *Lafalier v. Cinnabar Serv. Co.*, 2010 WL 1816377, at *2 (N.D. Okla. Apr. 30, 2010); *see Bank of Am., N.A.*, 2017 WL 9478457, at *2 ("Courts have recognized the likelihood of irreparable harm caused 'by the burden of having to simultaneously litigate these cases in state court and on appeal . . . .'"); *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 2016 WL 3346349, at *4 (E.D. Va. June 16, 2016) (similar); *Pagliara v. Fed. Home Loan Mortg. Corp.*, 2016 WL 2343921, at *3 (E.D. Va. May 4, 2016). For another, should the case end up back before this Court, there is "the potential of inconsistent outcomes if the state court rules on any motions while the appeal is pending,'" an avoidable harm courts have treated as irreparable. *Bank of Am., N.A.*, 2017 WL 9478457, at *2 (quoting *Dalton v. Walgreen Co.*, 2013 WL 2367837, at *2 (E.D. Mo. 2013)); *accord*, *e.g.*, *Raskas*, 2013 WL 1818133, at *2.

*Second*, state-court litigation while the appeal is pending will erode 3M's asserted right to a federal forum. CAFA was enacted to ensure "[f]ederal court consideration of interstate cases of

national importance under diversity jurisdiction." CAFA, Pub. L. No. 109-2, § 2(b)(2), 119 Stat.

5 (2005)). CAFA therefore aims to "reduce[] the possibility" of the use of "forum manipulation"

"tactics . . . to guarantee a state court tribunal" in such cases. *Cedar Lodge Plantation, L.L.C. v.*

*CSHV Fairway View I, L.L.C.*, 768 F.3d 425, 428 (5th Cir. 2014). One way the statute achieves

this goal is by carving out a rare exception to the rule against appealing remand orders. *See* 28

U.S.C. § 1453(c); *BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532, 1542 (2021)

(explaining that two other exceptions reflect Congress's "heightened concern for accuracy").

Without a stay, each passing day in state court chips away at 3M's right to seek appellate

review of the State's forum-manipulation tactics. On remand, the state court "could (and would

be within its rights to) rule on various substantive and procedural motions, including dispositive

motions that require the adjudication of the parties' claims and defenses." *Delaware ex rel.*

*Jennings v. BP Am. Inc.*, 2022 WL 605822, at *3 (D. Del. Feb. 8, 2022). Indeed, the issue of

personal jurisdiction remains live in this case. Should the state court rule on that critical question,

"[t]here may be no practical way to 'un-ring the bell' of the state court's intervening rulings if the

[Fifth] Circuit ultimately determines that the case should proceed in federal court." *Id.* As Courts

around the country have recognized, the risk of "rendering the statutory right to appeal 'hollow'"

in this way "weighs strongly in favor of granting a stay pending appeal." *Northrop Grumman*,

2016 WL 3346349, at *3–4 (collecting cases); *see NCNB Tex. Nat'l Bank v. Fennell*, 933 F.2d

275, 276 (5th Cir. 1991) (holding that "the remand should be stayed pending appeal" because there

was "an exception" permitting plaintiff to "appeal the remand order at issue").[3]

---

[3]    Given "the particular circumstances of th[at] case," the Fifth Circuit in *Plaquemines*
rejected the defendant's argument that it would "lose" its right to proceed in federal court *entirely*
if a stay was not issued. 84 F.4th at 376. But that is not 3M's argument, and the circumstances
present in *Plaquemines* are not present here: The case had been pending "for ten years" and the

**3.    The State Will Not Be Irreparably Harmed by a Stay of the Remand Order During the Expedited Appeal to the Fifth Circuit.**

The State will sustain no irreparable harm from a stay pending appeal.  To the contrary, "issuing a stay would actually save [the State], as well as [3M], the burden of having to simultaneously litigate this case as a trial in state court and an appellate proceeding before the [Fifth] Circuit." *Northrop Grumman*, 2016 WL 3346349, at *4; *see Raskas*, 2013 WL 1818133, at *2 ("plaintiffs' interests would actually be served by granting a stay" because "[n]either party would be required to incur additional expenses from simultaneous litigation before a definitive ruling on appeal is issued").

Nor can the State claim it would "be harmed by a lengthy delay."  *Raskas*, 2013 WL 1818133, at *2. Section 1453(c) "sets an express and short ten-day time limit on a party requesting permission to appeal."  *Stewart v. Entergy Corp.*, 35 F.4th 930, 935 (5th Cir. 2022).  And if permission is granted, the Fifth Circuit will ordinarily issue a decision within 60 days.  *Id.*; *see* 28 U.S.C. § 1453(c)(2).  In light of the "swift and efficient disposition" of CAFA appeals, *Stewart*, 35 F.4th at 936, "any worr[y] that [3M's] appeal will sit for long before the [Fifth] Circuit is an empty one," *Bank of Am.* 2017 WL 9478457, at *2.

In short, "a stay would not permanently deprive [the State] of access to state court"—assuming that is where CAFA requires the case to be litigated.  *Northrop Grumman*, 2016 WL 3346349, at *4.  "If no stay is issued," however, 3M "faces a real chance that its right to meaningful appeal will be" undermined by "intervening state court [decisions]."  *Id.*  The third factor thus strongly supports the grant of a stay.

---

only possible step the state court might have taken during the appeal—set the case for trial—was likely "several months" away. *Id.*

### 4.    The Public Interest Strongly Weighs in Favor of a Stay.

The same is true of the final factor, the public interest.  The "public interest favors granting a stay because it would avoid potentially duplicative litigation in the state courts and federal courts, thereby conserving judicial resources and promoting judicial economy."  *Raskas*, 2013 WL 1818133, at *2; *see Nichia Corp. v. Mary Elle Fashions, Inc.*, 2016 WL 9558954, at *1 (E.D. Tex. Dec. 22, 2016) ("Stays are favored in the interest of conserving judicial and party resources, and avoiding duplicitous litigation.").  Although delays often do not serve the public interest, the uncommon availability of appeals of CAFA remand orders indicates that "Congress has . . . accepted the delay [these appeals] can entail" and "has deemed it appropriate to allow appellate review *before* a district court may remand a case to state court."  *BP P.L.C.*, 141 S. Ct. at 1536, 1542 (emphasis added).

To the extent the public interest "merges" with the third factor when a State "is the opposing party," *see Nken*, 556 U.S. at 435, the public interest (like the State's interests) "would be best served by . . . concentrating resources on litigating Plaintiff's claims in the proper forum after the [Fifth] Circuit determines the jurisdictional issues presented in this case."  *Delaware*, 2022 WL 605822, at *3.  At bottom, a stay would "help prevent [this] removed case from becoming a shuttlecock, batted back and forth between a state court and a federal court," a situation that benefits no one.  *Forty Six Hundred*, 15 F.4th at 8.

### CONCLUSION

The Court should grant 3M's motion to stay the remand order pending the resolution of 3M's CAFA appeal to the Fifth Circuit.

14

Dated:  September 25, 2025                     Respectfully Submitted,

LAUREN GOLDMAN                                  /s/ *Gregg J. Costa*
  *Pro Hac Vice*
GIBSON, DUNN & CRUTCHER LLP                     GREGG J. COSTA
200 Park Ave.                                     State Bar No. 24028160
New York, NY 10166                              GIBSON, DUNN & CRUTCHER LLP
Telephone:  (212) 351-4000                      811 Main St., Suite 3000
Facsimile:  (212) 351-4035                      Houston, TX 77002
LGoldman@gibsondunn.com                         Telephone:  (346) 718-6600
                                                Facsimile:  (346) 718-6620
                                                GCosta@gibsondunn.com
JOHN T. COX III
  State Bar No. 24003722
ASHLEY E. JOHNSON
  State Bar No. 24067689
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Ave., Suite 2100
Dallas, TX 75201
Telephone:  (214) 698-3100
Facsimile:  (214) 571-2900
TCox@gibsondunn.com
AJohnson@gibsondunn.com


                *Attorneys for Defendant 3M Company*

15

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing document has been served on counsel of record pursuant to the Federal Rules of Civil Procedure.

*/s/  Gregg J. Costa*
Gregg J. Costa

*Attorney for Defendant 3M Company*
