IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, | § § | |
| *Plaintiff,* | § § § | |
| v. | § § | Civil Action No. 3:25-cv-00122-L |
| 3M COMPANY; CORTEVA, INC.; DUPONT DE NEMOURS, INC.; and EIDP, INC. F/K/A E. I. DU PONT DE NEMOURS AND COMPANY, | § § § § § | |
| *Defendants.* | § § | |

**PLAINTIFF STATE OF TEXAS'S OPPOSITION TO 3M COMPANY'S EMERGENCY MOTION TO STAY THE COURT'S REMAND ORDER PENDING APPEAL TO THE FIFTH CIRCUIT**

1

## INTRODUCTION

The State of Texas's case against Defendant 3M ("3M") is not a class action. It is brought by the State pursuant to Section 17.47 of the Texas Business and Commerce Code. Despite 3M's attempt to shoehorn this state enforcement action into the Class Action Fairness Act ("CAFA"), the Court rightly agreed with the State's remand arguments and held, in no uncertain terms, that "[t]his suit is brought pursuant to Section 17.47 of the Texas Business and Commerce Code, not Federal Rule of Civil Procedure 23 or a similar Texas statute," and "Section 17.47 of the Texas Business and Commerce Code does not contain language similar to Rule 23." Dkt. No. 44 (the "Order") p. 11. To decide otherwise and accept 3M's position would automatically render every state enforcement action a "class action" within the meaning of CAFA. Of course, that is an absurd result that is inconsistent with plain terms of CAFA, Supreme Court precedent, and common sense.

Even though this Court held that the State's case is not a "class action," 3M petitioned the Fifth Circuit for permission to appeal under 28 U.S. Code § 1453(c), which provides discretionary appeals "from any order of a district court granting or denying a motion to remand a *class action*." (emphasis added). 3M's misguided Fifth Circuit petition will necessarily delay resolution of this case in state court and entail re-litigation of 3M's already-rejected arguments. In an "emergency" motion, 3M now asks the Court to delay this case further and stay proceedings pending appeal. 3M's motion is without merit and should be denied because (A) an automatic stay does not apply to remand orders and (B) 3M fails to satisfy its heavy burden to obtain a discretionary stay because it cannot show that the factors for such a stay fall in its favor.

First, an automatic stay does not apply to the Order. 3M claims that the Court's mailing of the Order was "premature and ineffective" because Rule 62(a) "automatically stayed" the Order for 30 days, but that argument is premised upon a misunderstanding of the Federal Rules of Civil

2

Procedure. Dkt. No. 46 (the "Motion") p. 1 (suggesting that the Court "overlook[ed]" the need to retain the case). Rule 62(a) does not apply to remand orders because they are not "judgment[s]" within the meaning of that rule. Therefore, the 30-day "automatic stay" does not apply and the remand was effectuated when the Court sent the Order to the 18th District.

Second, even if Rule 62(a) applied to remand orders, which it does not, a 30-day stay under that provision is not a matter of right. To succeed in obtaining such a stay, 3M must show a likelihood of success on appeal or a substantial case on a serious legal issue, irreparable harm, and that the State's and public's interests will not be injured by a stay. 3M has not and cannot satisfy this burden. For the same reasons, the Court should deny 3M's request for a longer, discretionary stay pending appeal.

At bottom, 3M rehashes arguments that the Court previously rejected in an attempt to further postpone resolution in state court. The Court should deny 3M's dilatory Motion.

## BACKGROUND

On December 11, 2024, the State filed an action in Johnson County under Section 17.47 of the Texas Deceptive Trade Practices Act (DTPA) to protect its marketplace from 3M's deceptive advertising for its products containing perfluorooctane sulfonic acid (PFOS) and perfluorooctanoic acid (PFOA). Dkt. No. 1, Ex. E-1.

On January 16, 2025, 3M removed the action to this Court, claiming that there is traditional diversity jurisdiction and subject matter jurisdiction under CAFA. Dkt. No. 1.

On February 5, 2025, the State filed a motion to remand because, among other reasons, (A) it is the real party in interest and is not a citizen for purposes of diversity jurisdiction and (B) CAFA does not apply to the State's Section 17.47 action because it is not, nor does it resemble, a class action. Dkt. No. 14.

3

On September 24, 2025, the Court granted the State's remand motion, holding that the State is the real party in interest and diversity jurisdiction does not exist.  The Court also explained that CAFA does not confer jurisdiction because this case is not a class action and "Section 17.47 of the Texas Business and Commerce Code does not contain language similar to Rule 23."  Order p. 11.  Accompanying the Order was a letter to the Clerk of the 18th District Court remanding the case to Johnson County.  Dkt. No. 44-1.

On September 25, 2025, 3M filed an "emergency" motion to stay the Court's Order pending an appellate application to the Fifth Circuit, suggesting that the Order was "premature and ineffective" based on Rule 62(a)'s 30-day "automatic stay" provision.  Motion p. 1.  3M also asks the Court to discretionarily grant a stay of longer than 30 days.

On September 29, 2025, 3M filed an application in the Fifth Circuit for permission to appeal the Court's Order under CAFA.

## LEGAL STANDARDS

"A stay pending appeal is extraordinary relief for which defendants bear a heavy burden." *Plaquemines Par. v. Chevron USA, Inc*., 84 F.4th 362, 373 (5th Cir. 2023) (internal quotation marks omitted).

Rule 62(a) provides that the "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise."  Fed. R. Civ. P. 62(a).  Rule 62(a), however, does not apply to remand orders because they do not involve "execution on a judgment and proceedings to enforce it," as required by the plain language of the rule.  *See, e.g.*, *Arnold v. Garlock, Inc.*, 278 F.3d 426, 437 (5th Cir. 2001).

In any event, "[d]espite the language of Rule 62(a), '[a] stay is not a matter of right.'" *Gonzalez v. El Centro Del Barrio*, 2025 WL 522248, at *1 (W.D. Tex. Feb. 7, 2025) (quoting *Plaquemines Par.*, 84 F.4th at 373); *Cockett Marine Oil US, Inc. v. Bravo Glob. Supply, LLC*, 2025 WL 2612736, at *3 (W.D. Tex. Apr. 30, 2025) (same). Instead, "because the Court has the power to 'order[ ] otherwise,' a stay in these circumstances is a matter of judicial discretion." *Maranino v. Cabrini of Westchester*, 2022 WL 17995107, at *1 (S.D.N.Y. Dec. 29, 2022) (quoting Rule 62(a)); *Martin v. LCMC Health Holdings, Inc.*, 2023 WL 5173791, at *3 (E.D. La. Aug. 11, 2023) (analyzing applicability of Rule 62(a) and holding that "[a]lthough the Court has held it has the authority to stay this Court's remand order pending appeal, Defendants must still carry their burden of demonstrating they are entitled to such a stay."); *see also Nken v. Holder*, 556 U.S. 418, 433 (2009) ("A stay [pending appeal] is not a matter of right, even if irreparable injury might otherwise result. . . . It is instead 'an exercise of judicial discretion,' and 'the propriety of its issue is dependent upon the circumstances of the particular case.'") (citations omitted).

In determining whether a 30-day Rule 62(a) stay is a proper exercise of judicial discretion, a court considers the four *Nken* factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 434; *Martin*, 2023 WL 5173791, at *3 (weighing *Nken* factors in analyzing whether the defendant was entitled to Rule 62(a) stay); *Gonzales*, 2025 WL 522248, at *2 (same).

The *Nken* factors are weighed both when assessing whether to issue a 30-day Rule 62(a) stay and in the context of whether a Court issues a discretionary stay. *See, e.g.*, *Plaquemines Par.*, 84 F.4th at 373 (weighing *Nken* factors outside of Rule 62(a)). "The first two factors . . . are the

5

most critical." *Nken*, 556 U.S. at 434.  Accordingly, there is a "widely held view that a stay can never be granted unless the movant has shown that success on appeal is probable." *Ruiz v. Estelle (Ruiz I)*, 650 F.2d 555, 565 (5th Cir. 1981).  However, where a "serious legal question" exists, a movant may satisfy its heavy burden by presenting a "substantial case on the merits" and "show[ing] that the balance of the equities weighs heavily in favor of granting the stay." *Reading & Bates Petroleum Co. v. Musslewhite*, 14 F.3d 271, 275 (5th Cir. 1994).  This exception is "not a coup de grace" for movants.  *Yeckel v. Cunningham*, 2011 WL 1252753, at *1 (N.D. Tex. Apr. 4, 2011).  Indeed, "if the balance of equities . . . is not heavily tilted in the movant's favor, the movant must then make a more substantial showing of likelihood of success on the merits in order to obtain a stay pending appeal." *Ruiz I*, 650 F.2d at 565–66.

## ARGUMENT

### A.   Rule 62(a) Does not Apply to Remand Orders.

Rule 62(a)'s "automatic stay" provision does not apply to the Court's Order and therefore, contrary to 3M's argument, the mailing of the Order was effective.  *See* Motion p. 1 (suggesting that Rule 62(a) renders the mailing of the remand order "premature and ineffective").

In *Garlock*, the Fifth Circuit explained that "[t]he stay provisions of Rule 62 pertain to judgments for money." *Garlock*, 278 F.3d at 437.  Because judgments for money are not "inherent in . . . remand," the court reasoned that "there is no basis in Rule 62" to stay such orders pending appeal. *Id.*  The same reasoning applies here: a monetary judgment is not implicit in the Order and therefore it is not—and was never—subject to Rule 62(a)'s "automatic stay" provision.  *See James v. P M G O P C O - Washington LLC*, 2022 WL 4351998, at *1 (W.D. La. Sept. 19, 2022) (relying on *Garlock* and denying stay because "[d]efendants request[ed] recognition of an

6

'automatic stay' of remand pursuant to [Rule 62(a)], but they cite[d] no controlling authority for the proposition that the rule affords such a stay.").

In claiming that Rule 62(a) automatically stayed this case following the Order, 3M cites to inapposite and out-of-circuit case law. For example, the unpublished Fifth Circuit decision that 3M cites purportedly in support of its (inaccurate) contention that a remand order is a "judgment" under Rule 62—*Jones v. Prescott*, 702 F. App'x 205, 209 (5th Cir. 2017) (per curiam)—has nothing to do with whether Rule 62(a) applies to remand orders. Instead, the Fifth Circuit determined that the district court had erred by allowing a plaintiff to withdraw settlement funds on the same day the district court granted the plaintiff's motion to withdraw, in contravention of Rule 62(a). *See id.* The decision does not analyze remand motions or even reference the word remand, and instead analyzes a judgment for money covered squarely by *Garlock*. In other words, that case is irrelevant to whether this Court should grant 3M's motion for stay. While the other cases 3M cites in support of its argument do relate to remand orders, they are out-of-circuit, non-binding, and/or contradict the Fifth Circuit's position in *Garlock* and other binding precedent—and none involves a case that was removed on an "objectively unreasonable" basis as 3M did here. Order p. 15.

### B. 3M Has not Shown That the Court Should Exercise Its Judicial Discretion and Grant a 30-Day Stay Under Rule 62(a) or Otherwise Grant a Longer Stay.

Even if Rule 62(a) applies (it does not), 3M has not sufficiently demonstrated why the Court should exercise its discretion and grant such a stay in this case. This failure weighs against the imposition of a 30-day stay under Rule 62(a) and any other discretionary stay pending the Fifth Circuit's ruling.

Here, an analysis of the *Nken* factors directs the Court to reject 3M's request for a 30-day stay under Rule 62(a). Moreover, because courts also analyze the *Nken* factors when deciding to

7

impose a longer stay outside of the Rule 62(a) context, the Court should also deny 3M's request for a stay that would remain in place through the Fifth Circuit's decision. *See, e.g., Plaquemines Par.*, 84 F.4th at 373–78 (weighing *Nken* factors in assessing discretionary stay outside of Rule 62(a)).

        1. <u>3M Has not Shown That It Is Likely to Succeed on the Merits nor That It Has Presented a Substantial Case About a Serious Legal Question.</u>

3M has not shown that it is likely to succeed on the merits nor that it has satisfied the limited exception reserved for a "substantial case involving a serious legal question."

3M is not likely to succeed on the merits for the reasons explained in the State's remand briefing and the Court's Order, including for one critical reason: the State's action is not a class action and CAFA does not apply. Specifically, CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure, or similar State statute or rule." 28 U.S.C. § 1332(d)(1)(B). This Court agreed with the State's arguments and held, in no uncertain terms, that "[t]his suit is brought pursuant to Section 17.47 of the Texas Business and Commerce Code, not Federal Rule of Civil Procedure 23 or a similar Texas statute," and "Section 17.47 of the Texas Business and Commerce Code does not contain language similar to Rule 23." Order p. 11. In its Motion, 3M rehashes its already-rejected CAFA jurisdiction arguments and argues that its appellate petition presents a "substantial case on the merits" regarding a "serious legal question," and therefore 3M need not demonstrate that it is likely to succeed on the merits. Dkt. No. 15 ("Remand Motion") ¶¶ 18–22 (rejecting 3M's position); Dkt. No. 34 ("Remand Reply") ¶¶ 9–13 (same); Order pp. 10–13 (same). This argument is misplaced; 3M's arguments have been roundly rejected, including by the Fifth Circuit and the United States Supreme Court.

3M claims that its CAFA jurisdiction arguments are "serious" because they are "novel." Motion p. 13. But 3M's positions are not novel. The Supreme Court and courts in the Circuit

have addressed and rejected 3M's arguments numerous times. *See, e.g.*, *Molano v. State*, 262 S.W. 3d 554, 561 (Tex. App.—Corpus Christi 2008, no pet.); *see also Hood v. AU Optronics Corp.*, 701 F.3d 796 (5th Cir. 2012), overturned on other grounds, 571 U.S. 161, 164, 134 S.Ct. 736 (2014). 3M's arguments do not become "novel" simply because courts have not sided in 3M's favor. Further, 3M does not explain how so-called "novelty" renders a question "serious" under this exception, nor does it cite any authority for that proposition.

In arguing that it has a "substantial case on the merits," 3M points to supposed "considerable agreement" between the parties about portions of 3M's CAFA jurisdiction arguments. *See* Motion p. 14. It is not clear how any "considerable agreement" makes 3M's case "substantial," and, regardless, no such "considerable agreement" exists. For example, 3M says the State "did not dispute that this action meets much of" CAFA's definition of a class action. *Id.* Of course, the State disputed on remand—and continues to dispute—this point, given that the State's action bears no resemblance to a class action as defined by CAFA because it is not a class action at all. *See* Remand Motion ¶¶ 19–20 (explaining that the State's action does not meet the definition of a CAFA class action); Remand Reply ¶ 10 (same). Additionally, in an argument that stretches credulity, 3M asserts that the State "did not dispute" that Section 17.47 "falls within the ordinary meaning of a 'class action,'" even though the State noted 3M's belabored analysis of certain definitions of "class action." Motion p. 14 (insisting that the State "criticiz[ed] 3M's use of—but [did] not disagree[] with—these 'dictionary definitions'"). In any event, neither the State nor this Court fell for 3M's "ordinary meaning" sideshow argument because they did not need to: this action is not filed under Rule 23 or a similar state statute, was not filed on behalf of a class, and therefore is not a CAFA class action. 3M similarly claims that there is "considerable agreement" about Section 17.47 being "sufficiently similar" to Rule 23. This is completely untrue. Neither

9

the State nor the Court agree with 3M's bald assertion. Remand Reply ¶ 10 ("Nor is the State's suit 'similar to' a class action for purposes of CAFA"); Order p. 11 ("Section 17.47 of the Texas Business and Commerce Code does not contain language similar to Rule 23."). In short, 3M does not have substantial case on the merits—it has one-sided contentions that the State, this Court, and others, have rejected.

Even assuming 3M has shown that its arguments present a "serious legal question" and that it has a "substantial case on the merits" (which it has not), this limited exception applies "[o]nly 'if the balance of equities (i.e. consideration of the other three factors) is . . . heavily tilted in the movant's favor." *Yeckel*, 2011 WL 1252753, at *1 (internal quotation marks omitted). And as discussed in the following three sections, 3M has not demonstrated that the other three factors weigh in its favor, let alone that they do so "heavily."

    2.  <u>3M Has not Demonstrated Irreparable Harm.</u>

3M gives two unconvincing reasons for why it will be irreparably harmed if this case is not stayed pending appeal: that it will be "forced to litigate simultaneously in the Fifth Circuit and state court," Motion p. 11, and that this simultaneous litigation will "erode 3M's asserted right to a federal forum." *Id.* Neither reason amounts to irreparable hardship.

First, simultaneous litigation will not harm 3M irreparably. Indeed, 3M acknowledges that any Fifth Circuit appeal will be on an expedited schedule. Motion p. 13 (acknowledging via citation that a CAFA appeal is "swift and efficient"); *see* 28 U.S.C. § 1453(c)(2) (providing for judgment within 60 days after filing of CAFA appeal). This expedited schedule weighs against a finding of irreparable hardship on 3M. *See Absent Morgan v. Dow Chem. Co.*, 2017 WL 7833615, at *10 (M.D. La. July 18, 2017) ("Both sides agree there will be an expedited appeal . . . and this weighs against granting a stay."); *Nat'l Treasury Emps. Union v. Von Raab*, 808 F.2d 1057, 1059–

60 (5th Cir. 1987) (per curiam) (denying stay where expedited appeal was granted and where oral argument was scheduled three weeks after the decision was rendered). Moreover, 3M has not demonstrated any reason why the parties cannot proceed to discovery in state court pending appeal, allowing for a more expedited trial date should the case return to this Court.

Second, 3M's "forum erosion" argument is mere speculation that falls well short of satisfying the second *Nken* factor. To be sure, in *Plaquemines*, the Fifth Circuit evaluated this same argument — i.e., that "without a stay pending appeal, [the defendant would] lose their right to a federal forum for resolution of the claims." 84 F.4th at 376 (internal quotation marks omitted). The court held that forum erosion was a "remote and avoidable possibility" and that "*Nken* instructs that simply showing some possibility of irreparable injury fails to satisfy the second factor." *Id.* (internal quotation marks omitted). At most, the court reasoned, the availability of a federal forum would "remain on hold pending appeal." *Id.* That same conclusion is warranted here. 3M has not demonstrated anything more than a remote and speculative possibility that it will lose its preferred forum by litigating in state court.[1]

In short, 3M has not shown that it will be irreparably harmed without a stay, let alone that this factor "weighs heavily" in its favor. This failure leans against an imposition of a stay and is fatal to 3M's attempt to rely on the "substantial case" exception. *Plaquemines Par.*, 84 F.4th at 376–77 (denying stay pending appeal and explaining "defendants have fallen well short of showing that the second *Nken* factor 'weighs heavily' in their favor.").

---

[1] 3M attempts to preempt the State's response by claiming that the Fifth Circuit rejected this theory based only on the "particular circumstances" of *Plaquemines*. Motion n. 3. But that language does not appear anywhere in the "irreparable harm" portion of the opinion. 3M also says that, unlike 3M's argument, *Plaquemines* related to a defendant who feared losing its "right to proceed in federal court *entirely*" absent a stay. *Id.* (emphasis in original). It is not clear why 3M would fear litigating in state and federal court if not the eventual "entire" loss of a federal forum.

      3.   <u>The State Will Be Substantially Injured by a Stay.</u>

3M claims that the State will not be irreparably harmed if the case is stayed because the State would be saved the "additional expenses" potentially incurred by litigating in state court and before the Fifth Circuit. Motion p. 13. The possibility of incurring additional litigation expenses is far from the most pressing injury the State will suffer if this case is stayed. The State brings this suit in the public interest under Section 17.47 to protect its marketplace from deceptive advertisements, including those by 3M. A stay would prohibit the State from pursuing this interest and needlessly further delay a potential resolution. *See also Veasey v. Abbott*, 870 F.3d 387, 391 (5th Cir. 2017) (acknowledging that the State may suffer irreparable harm by "denying the public interest in the enforcement of its laws"). This factor therefore does not weigh in 3M's favor, and certainly does not weigh "heavily" in its favor as required by the limited "substantial case" exception.

      4.   <u>A Stay is Not in the Public Interest.</u>

3M has not shown that a stay is in the public interest. Because a Section 17.47 action is brought in the public interest, the State's interests are coextensive with the public's interests—and, as discussed above, the State is not served by a stay. *See Nken*, 556 U.S. at 435 (explaining that when the State is the moving party, its harms "merge" with the public interest). Nor would Texans be served by a stay, as they will be forced to needlessly operate in a marketplace that is stained with 3M's deception. This factor does not weigh heavily, or at all, in 3M's favor.

***

At bottom, 3M fails to demonstrate that any of the four *Nken* factors weigh in its favor. And, to the extent 3M seeks to rely on the "substantial case" exception, its case is still inadequate. Even assuming that this case involves a "serious legal question" and that 3M made a "substantial

case on the merits," 3M has not come close to showing that the balance of the equities heavily favor a stay. Accordingly, the Court should deny a 30-day Rule 62(a) stay and a longer stay pending a potential Fifth Circuit ruling.

## CONCLUSION

The Court should deny 3M's Motion for stay pending appeal.

Dated:  October 3, 2025                           Respectfully Submitted,

**KEN PAXTON**
ATTORNEY GENERAL OF TEXAS

**BRENT WEBSTER**
FIRST ASSISTANT ATTORNEY GENERAL

**RALPH MOLINA**
DEPUTY FIRST ASSISTANT ATTORNEY GENERAL

**AUSTIN KINGHORN**
DEPUTY ATTORNEY GENERAL FOR CIVIL LITIGATION

*/s/ Jennifer Roscetti*                                              */s/ Brittany E. Wright*

**JONATHAN STONE**
CHIEF, CONSUMER PROTECTION DIVISION

**Jennifer Roscetti**
State Bar No. 24066685
**Kelley Owens**
State Bar No. 24118105
Assistants Attorney General
Jennifer.roscetti@oag.texas.gov
Kelley.owens@oag.texas.gov

OFFICE OF THE TEXAS ATTORNEY GENERAL
Consumer Protection Division
P.O. Box 12548, MC-010
Austin, Texas 78711-2548
Tel: (512) 463-2185
Fax: (512) 473-8301

**KELLIE E. BILLINGS-RAY**
CHIEF, ENVIRONMENTAL PROTECTION DIVISION

**Katie B. Hobson**
State Bar No. 24082680
**Brittany E. Wright**
State Bar No. 24130011
**Jake Marx**
State Bar No. 24087989
Assistants Attorney General
Katie.hobson@oag.texas.gov
Brittany.wright@oag.texas.gov
Jake.marx@oag.texas.gov

OFFICE OF THE TEXAS ATTORNEY GENERAL
Environmental Protection Division
P.O. Box 12548, MC-066
Austin, Texas 78711-2548
Tel: (512) 463-2012
Fax: (512) 320-0911

*/s/ Bill Jackson*

**WILLIAM J. JACKSON**
**JENNIFER C. BARKS**
**LAUREN H. SHAH**
**MARIA F. PIMIENTA**
**KELLEY DRYE & WARREN LLP**
515 Post Oak Blvd., Suite 900
Houston, Texas 77027
Tel: (713) 355-5000
Fax: (713) 355-5001
bjackson@kelleydrye.com
jbarks@kelleydrye.com
lshah@kelleydrye.com
mpimienta@kelleydrye.com


*/s/ Glenn Graham*

**DAVID I. ZALMAN**
**GLENN T. GRAHAM**
**ELIZABETH N. KRASNOW**
**KELLEY DRYE & WARREN LLP**
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Tel: (212) 808-7800
Fax: (212) 808-7897
dzalman@kelleydrye.com
ggraham@kelleydrye.com
ekrasnow@kelleydrye.com

Mark Lanier
Alex Brown
**THE LANIER LAW FIRM, P.C.**
10940 W. Sam Houston Pkwy N., Suite 100
Houston, Texas 77054
Tel: (713) 659-5200
Fax: (713) 659-2204
mark.lanier@lanierlawfirm.com
alex.brown@lanierlawfirm.com

*/s/ Scotty MacLean*
Scotty MacLean
**MACLEAN LAW FIRM, P.C.**
State Bar No. 00787942
4916 Camp Bowie Blvd.
Fort Worth, Texas 76107
Tel: 817-529-1000
smaclean@macleanfirm.com

**ATTORNEYS FOR THE STATE OF TEXAS**