IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, | § § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 3:25-cv-00122-L |
| 3M COMPANY; CORTEVA, INC., DUPONT DE NEMOURS, INC., and EIDP, INC. F/K/A E. I. DU PONT DE NEMOURS AND COMPANY, | | |
| Defendants. | | |

**DEFENDANT 3M COMPANY'S REPLY IN SUPPORT OF EMERGENCY
MOTION TO STAY THE COURT'S REMAND ORDER
PENDING APPEAL TO THE FIFTH CIRCUIT**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................... 1

ARGUMENT .......................................................................................................................... 2

    I.    Rule 62(a) Applies to the Court's Remand Order. ................................................. 3

    II.    3M Met Its Burden of Showing the *Nken* Factors Warrant a Discretionary Stay. ...................................................................................................... 5

        A.    3M Maintains That It Is Likely to Succeed on the Merits, and at the Very Least Has Presented a Substantial Case About a Serious Legal Question. ............................................................................................. 5

        B.    Absent a Stay, 3M Will Be Irreparably Harmed ......................................... 7

        C.    The State Will Not Be Harmed by a Stay. .................................................. 9

        D.    The Public Interest Strongly Weighs in Favor of a Stay. ......................... 10

CONCLUSION ..................................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

### Cases

*Arnold v. Garlock*,
   278 F.3d 426 (5th Cir. 2001) ...................................................................................................3

*Avila v. State*,
   252 S.W.3d 632 (Tex. App.—Tyler 2008, no pet.) ...................................................................6

*Bank of Am., N.A. v. El Paso Nat. Gas Co.*,
   2017 WL 9478457 (W.D. Okla. Jan. 12, 2017)........................................................................8

*Bara v. Major Funding Corp. Liquidating Tr.*, 876 S.W.2d 469 (Tex. App.—
   Austin 1994, writ denied) .........................................................................................................6

*Baumann v. Chase Inv. Servs. Corp.*,
   747 F.3d 1117 (9th Cir. 2014) ..................................................................................................4

*BP Am., Inc. v. Oklahoma ex rel. Edmondson*,
   613 F.3d 1029 (10th Cir. 2010) ................................................................................................7

*BP P.L.C. v. Mayor & City Council of Balt.*,
   141 S. Ct. 1532 (2021)..............................................................................................................2

*Citibank, N.A. v. Jackson*,
   2017 WL 4511348 (W.D.N.C. Oct. 10, 2017).......................................................................8, 9

*City of Martinsville v. Express Scripts, Inc.*,
   128 F.4th 265 (4th Cir. 2025) ...............................................................................................4, 5

*Coinbase, Inc. v. Bielski*,
   599 U.S. 736 (2023)..................................................................................................................5

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
   574 U.S. 81 (2014)....................................................................................................................3

*Mississippi ex rel. Hood v. AU Optronics Corp.*,
   701 F.3d 796 (5th Cir. 2012) ....................................................................................................4

*Delaware ex rel. Jennings v. BP Am. Inc.*,
   2022 WL 605822 (D. Del. Feb. 8, 2022)..................................................................................7

*Jones v. Prescott*,
   702 F. App'x 205 (5th Cir. 2017) (per curiam) ........................................................................3

*Latiolais v. Huntington Ingalls, Inc.*,
   951 F.3d 286 (5th Cir. 2020) (en banc) ....................................................................................4

*Lax v. APP of N.M. Ed, PLLC*,
   2022 WL 1115221 (D.N.M. Apr. 14, 2022) .........................................................................2, 8

## TABLE OF AUTHORITIES
(*continued*)

*West Virginia ex rel. McGraw v. CVS Pharmacy, Inc.*,
   646 F.3d 169 (4th Cir. 2011) ................................................................................................4

*Nessel ex rel. Michigan v. AmeriGas Partners, L.P.*,
   954 F.3d 831 (6th Cir. 2020) ..............................................................................................4, 6

*Nken v. Holder*,
   556 U.S. 418 (2009)..............................................................................................................10

*Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*,
   2016 WL 3180775 (E.D. Va. June 7, 2016) ..........................................................................3

*Patterson v. Morris*,
   2006 WL 8456270 (E.D. La. Mar. 30, 2006) ....................................................................5, 7

*Plaquemines Par. v. Chevron USA, Inc.*,
   84 F.4th 362 (5th Cir. 2023) ..........................................................................1, 2, 3, 4, 8, 9

*Raskas v. Johnson & Johnson*,
   2013 WL 1818133 (E.D. Mo. Apr. 29, 2013)........................................................................8

*Stewart v. Entergy Corp.*,
   35 F.4th 930 (5th Cir. 2022) .................................................................................................1

*Thomas v. State*,
   226 S.W.3d 697 (Tex. App.—Corpus Christi–Edinburg 2007, pet. dism'd) ..........................6

*Town of Pine Hill v. 3M Co.*,
   2025 WL 994187 (S.D. Ala. Apr. 2, 2025)....................................................................3, 4, 5

### Statutes

28 U.S.C. § 1332...........................................................................................................................6

28 U.S.C. § 1442...........................................................................................................................4

28 U.S.C. § 1447...........................................................................................................................4

28 U.S.C. § 1453........................................................................................................................2, 3

### Other Authorities

BLACK'S LAW DICTIONARY (12th ed. 2024) ..................................................................................6

MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (11th ed. 2003) ................................................6

MOORE'S FEDERAL PRACTICE-CIVIL (2025) .................................................................................5

**INTRODUCTION**

Staying an appealable remand order is a common-sense antidote to overlapping state and federal jurisdiction while the Fifth Circuit considers the remand order. That is why the federal rules provide an automatic stay of 30 days when a remand order is appealable. And that is why a stay beyond the 30 days, should it take the court of appeals that long to decide if the appeal should go forward, is warranted. Absent a stay, there is a risk of jurisdictional ping-pong with all the inefficiencies and confusion that can entail. Against these obvious benefits of a stay, the State is unable to identify meaningful drawbacks. And any conceivable downsides of a stay are greatly minimized by the "swift and efficient" process for CAFA appeals, *Stewart v. Entergy Corp.*, 35 F.4th 930, 936 (5th Cir. 2022)—a process that may unfold with even greater dispatch here because 3M filed its application with the Fifth Circuit just five days after this Court's ruling.

The State's response does not undermine the statutory and equitable grounds for a stay. The State ignores many of 3M's arguments, misconstrues others, and fails to address binding precedent at odds with its opposition.

But on at least one important point, the State does not disagree with 3M. The Response does not dispute that this Court has (1) jurisdiction to enter a stay and (2) the authority to recall the remand order that was prematurely mailed to the state court (or simply declare that such mailing is ineffective). *Plaquemines Par. v. Chevron USA, Inc.*, 84 F.4th 362, 372 (5th Cir. 2023).

The Court should exercise that authority to recognize the application of the automatic stay under Rule 62(a) and exercise its equitable discretion to stay the remand beyond the thirty days to enable the Fifth Circuit to complete its review.

Although the State does try to refute the applicability of Rule 62(a)'s automatic stay, Fifth Circuit precedent rejects its argument that a remand order is not a "judgment" under that rule. *See Plaquemines*, 84 F.4th at 372 (explaining that an "appealable remand order" is "treated like any

1

other final judgment"). And numerous appeals disprove the State's contention that a district court's conclusion that a case is not a "class action" (or "mass action") under CAFA precludes an appeal.

The State's response fares no better in arguing against a stay beyond the 30 days under the *Nken* factors. 3M has presented a serious legal question about CAFA's application—a question this Court recognized is unsettled and on which there is no binding precedent. Order at 14–15. Being forced to litigate simultaneously in state court and the Fifth Circuit wastes party and court resources, risks conflicting rulings or obligations, and erodes 3M's asserted right to a federal forum. In contrast, the State is unable to identify any material harm from a stay. CAFA's swift appeal process greatly diminishes any concerns about delay. The brief delay imposed by the stay is one "Congress has . . . accepted" by "deem[ing] it appropriate to allow appellate review *before* a district court may remand a case to state court." *BP P.L.C. v. Mayor & City Council of Balt.*, 141 S. Ct. 1532, 1536, 1542 (2021) (emphasis added). And the brief delay does not harm the State or the public because there is no allegation of ongoing or future injury since it has been over a decade since 3M sold products containing PFOA or PFOS.

## ARGUMENT

This Court has jurisdiction to stay the remand order, and it should do so here. Because CAFA provides for appellate review of orders like this one that remand cases removed under the Act, *see* 28 U.S.C. § 1453(c), this Court retains "jurisdiction to stay its remand order" even though the order has been "'mailed by the clerk'" of this Court. Stay Br. at 5–6 (quoting *Plaquemines*, 84 F.4th at 372; *Lax v. APP of N.M. Ed, PLLC*, 2022 WL 1115221, at *1 (D.N.M. Apr. 14, 2022) (collecting cases in CAFA context)). And the Court has authority to recall its mailed remand order and declare that the mailing was ineffective. Stay Br. at 6–7 (collecting cases). The State disputes none of this. As a result, the only issues that remain are (I) whether Rule 62(a) applies to the

2

Court's remand order, and (II) whether 3M has satisfied its burden of showing it is entitled to a stay beyond the 30 days pending appeal. The answer to both questions is yes.

## I. Rule 62(a) Applies to the Court's Remand Order.

Rule 62(a)'s automatic-stay provision applies to the Court's remand order because it is an "order from which an appeal lies." Stay Br. at 6–7 (quoting Fed. R. Civ. P. 54(a)); *see Jones v. Prescott*, 702 F. App'x 205, 209 (5th Cir. 2017) (per curiam) (explaining that district court's order was a "judgment" under Rule 62(a) because the order was appealable); *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 2016 WL 3180775, at *2 (E.D. Va. June 7, 2016); *Town of Pine Hill v. 3M Co.*, 2025 WL 994187, at *1 (S.D. Ala. Apr. 2, 2025).

The State heavily relies on *Arnold v. Garlock*, 278 F.3d 426 (5th Cir. 2001), for its contention that Rule 62(a) does not apply to remand orders. Opp. at 6–7. But the State ignores that, as 3M explained (at 7 n.2), *Arnold* was decided before CAFA's enactment, and the Fifth Circuit has since explained that "*Arnold* speaks only to remand orders that are *not* appealable," so it does [not] speak to the appealable remand order in this case," which "'is treated like any other final judgment.'" *Plaquemines*, 84 F.4th at 372 (emphasis added).

The State flies in the face of even more precedent—and logic—when it argues that a CAFA appeal is unavailable because such appeals are limited to an "order of a district court granting or denying a motion to remand a class action," § 1453(c), whereas this Court held that this case is not a class action. Opp. at 2. Under the State's interpretation, no appeal would lie whenever a district court concludes the removed case didn't involve a class action or mass action under CAFA. This argument improperly conflates jurisdiction with the merits of the appeal. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 93–96 (2014) (warning against making this mistake when considering whether to grant permission to appeal under section 1453). That many courts of appeals have addressed the meaning of "class action" or "mass action" after a district court

3

rejected those classifications confirms that the issue is appealable. *See*, *e.g.*, *Mississippi ex rel. Hood v. AU Optronics Corp.*, 701 F.3d 796, 799 (5th Cir. 2012); *Nessel ex rel. Michigan v. AmeriGas Partners, L.P.*, 954 F.3d 831, 833–34 (6th Cir. 2020); *West Virginia ex rel. McGraw v. CVS Pharmacy, Inc.*, 646 F.3d 169, 172 (4th Cir. 2011); *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1120 (9th Cir. 2014). The State's mixing of merits with jurisdiction would prevent appellate jurisdiction in a number of other contexts where it is also well established. It would mean, for example, that a district court's remand on the ground that a case does not involve a "federal officer" prevents that issue from being appealed. *See* 28 U.S.C. §§ 1442, 1447(d). But again, the federal reporters are filled with appellate opinions considering such rulings. *See*, *e.g.*, *Plaquemines*, 84 F.4th at 371–72; *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 290 (5th Cir. 2020) (en banc). The State's cart-before-the-horse position would neuter the special appellate jurisdiction Congress created to review both CAFA and federal officer removals.

The State's further argument that Rule 62(a) requires analysis of the *Nken* factors, Opp. at 3, 5–6, has no basis in the text of the Rule or cases applying it.[1] Rule 62(a)'s automatic-stay provision is, as the text shows, presumptively automatic. Fed. R. Civ. P. 62(a) (The order is "stayed for 30 days after its entry, *unless the court orders otherwise*." (emphasis added)); *City of Martinsville v. Express Scripts, Inc.*, 128 F.4th 265, 269 (4th Cir. 2025) (citing Rule 62(a) as an example of an "automatic," "self-executing" stay); *Pine Hill*, 2025 WL 994187, at 3 (noting that the court transmitted the case to state court prematurely because when a remand order is appealable, "the judgment is automatically stayed"). "Because the 30-day stay is automatic, no

---

[1] What is more, this Court did not consider the *Nken* factors before mailing the remand order to the state court. So given the Fifth Circuit's holding that Rule 62(a) applies to appealable remand orders, even on the State's understanding of how the rule works, some analysis was required before the official remand could occur.

4

action need be taken by the losing party to obtain such relief." 12 MOORE'S FEDERAL PRACTICE-CIVIL § 62.02 (2025).

In sum, Rule 62(a)'s automatic-stay provision applies to the Order, no action by 3M was required to obtain the automatic stay (which does not expire until October 24), and "the act of transmitting the order is ineffective at least until the automatic stay expire[s]." *Pine Hill*, 2025 WL 994187, at *1. Accordingly, this Court should notify the state court that the remand order was sent prematurely and that the automatic stay is in effect. Stay Br. 7.

## II.     3M Met Its Burden of Showing the *Nken* Factors Warrant a Discretionary Stay.

3M filed its petition to appeal on September 29—five days after this Court's Order. Because the Fifth Circuit may not rule on 3M's petition by October 24 when the automatic stay expires,[2] this Court should grant an additional stay pending appeal to prevent concurrent state and federal jurisdiction over this case. 3M has met its burden of showing that it is entitled to a stay.

### A.     3M Maintains That It Is Likely to Succeed on the Merits, and at the Very Least Has Presented a Substantial Case About a Serious Legal Question.

3M maintains that it is likely to succeed on the merits, but at a minimum, 3M's CAFA-jurisdiction arguments "present a 'substantial case on the merits' involving 'a serious legal question.'" Stay Br. 8–10 (quoting *Patterson v. Morris*, 2006 WL 8456270, at *2 (E.D. La. Mar. 30, 2006)).

As 3M has shown, CAFA's plain meaning and Texas case law support its view that CAFA class-action jurisdiction exists in this case. Stay Br. at 8–10. Under CAFA's ordinary meaning, this suit is a class action because it is "[a] lawsuit in which the court authorizes a single person or

---

[2] If the Fifth Circuit grants 3M's petition to appeal, the proceedings in this Court will be automatically stayed under the "background principle" "that an appeal automatically stays all aspects of the case involved in the appeal." Stay Br. at 1–2 (quoting *City of Martinsville*, 128 F.4th at 270 (citing *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 747 (2023))).

5

a small group of people to represent the interests of a larger group." *Id.* at 9 (quoting *Class Action*, BLACK'S LAW DICTIONARY (12th ed. 2024)); *Compare id.*, *with* 28 U.S.C. § 1332(d)(1)(B) (defining class action as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action"). Likewise, CAFA's plain meaning confirms that section 17.47 is sufficiently "similar" to—i.e. "ha[s] characteristics in common with"—Rule 23 because section 17.47 "authorize[s] 'an action to be brought by 1 or more representative persons as a class action.'" Stay Br. at 9–10 (first quoting MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (11th ed. 2003); then quoting *Nessel ex rel. Michigan*, 954 F.3d at 838–39 (Nalbandian, J., concurring in part and concurring in the judgment)).

Texas law confirms 3M's interpretation. State courts have repeatedly held that section 17.47 actions "qualify as de facto class actions," and consumers are "the members of the class." Stay Br. at 10–11 (quoting *Thomas v. State*, 226 S.W.3d 697, 707 (Tex. App.—Corpus Christi–Edinburg 2007, pet. dism'd); then citing *accord Avila v. State*, 252 S.W.3d 632, 646 (Tex. App.—Tyler 2008, no pet.); *Bara v. Major Funding Corp. Liquidating Tr.*, 876 S.W.2d 469, 471–73 (Tex. App.—Austin 1994, writ denied)).

The State's response largely rehashes its remand motion and the Court's order. Opp. at 8. But if a court's disagreement with a stay movant's merits argument were sufficient to preclude entitlement to a stay, a discretionary stay would never be available. The State responds to almost none of 3M's arguments about the merits. Instead, the State asserts that 3M argues solely that the CAFA issue is meritorious just because the issue is novel. *Id.* at 8–9. Even a cursory review of 3M's stay motion rejects that notion. 3M made three distinct arguments. First, 3M made a compelling legal argument about the textual redundancy caused by the State's reading. Stay Br.

6

at 10 (citing Remand Opp. 22). The State has never addressed that argument. Second, 3M argued that Texas courts and out-of-circuit judges have agreed with 3M's argument. *Id.* at 10–11 (citing Remand Opp. 24). Third, 3M argued that the absence of binding Fifth Circuit precedent—the novelty to which the State refers—further shows that the answer to the CAFA question at issue is one worthy of review. *Id.* at 8. Far from solely relying on novelty as the State argues (at 9), 3M explained that the question's novelty confirms its "seriousness." *See* Stay Br. at 8 (citing *Patterson*, 2006 WL 8456270, at *2). Indeed, some circuits consider novelty in the CAFA context as a factor meriting appellate review. *See, e.g.*, *BP Am., Inc. v. Oklahoma ex rel. Edmondson*, 613 F.3d 1029, 1034 (10th Cir. 2010) (Gorsuch, J.). The State has no response to this argument, even though it was this Court that recognized that the question is unsettled and that there was no controlling Fifth Circuit precedent. Order at 14–15.

At minimum, 3M raises a substantial case on the merits involving a serious legal question. 3M's position on CAFA jurisdiction has sufficient merit to warrant a stay.

### B. Absent a Stay, 3M Will Be Irreparably Harmed.

3M will be irreparably harmed without a stay pending appeal for two reasons. First, 3M will be burdened by simultaneous litigation in the Fifth Circuit and state court. Stay Br. at 11. Courts have recognized that simultaneous litigation and the potential for inconsistent outcomes support irreparable harm. *Id.* Second, simultaneous litigation erodes 3M's asserted right to a federal forum. *Id.* at 11–12. This harm is more than "speculation" given the posture of this case. Opp. at 11. 3M's challenge to personal jurisdiction is still live. Should the state court rule on that critical question while 3M's appeal is still pending, "[t]here may be no practical way to 'un-ring the bell' of the state court's intervening ruling[] if the [Fifth] Circuit ultimately determines that the case should proceed in federal court." Stay Br. at 12 (quoting *Delaware ex rel. Jennings v. BP Am. Inc.*, 2022 WL 605822, at *3 (D. Del. Feb. 8, 2022)); *see also Raskas v. Johnson & Johnson*,

7

2013 WL 1818133, at *2 (E.D. Mo. Apr. 29, 2013) (noting the possibility that state court could rule on motion to dismiss before appellate court ruling may cause irreparable harm to both parties).

The State makes two arguments in response. Neither is persuasive. The State first contends that 3M will not be harmed by simultaneous litigation because appellate review would be expedited. Opp. at 10–11. This argument is nothing but an admission that *the State* will not be harmed by a short stay. *See* Stay Br. at 13. Nevertheless, courts have granted stays pending CAFA appeals, noting that CAFA's expedited process weighs in favor of granting a stay. *E.g.*, *Lax*, 2022 WL 1115221, at *2; *Bank of Am., N.A. v. El Paso Nat. Gas Co.*, 2017 WL 9478457, at *2 (W.D. Okla. Jan. 12, 2017); *Raskas*, 2013 WL 1818133, at *2; *Citibank, N.A. v. Jackson*, 2017 WL 4511348, at *3 (W.D.N.C. Oct. 10, 2017) (rejecting argument that expedited review defeats harm to defendant, noting the importance of the "'maintenance of the status quo'").

The State also misconstrues 3M's forum-erosion argument by relying on *Plaquemines*. Opp. at 11. Despite discussing *Plaquemines* at length, the State concedes that 3M does not argue, as in *Plaquemines*, that 3M would entirely lose its right to a federal forum without a stay. *Id.* at 11 n.1. The State says that "[i]t is not clear why 3M would fear litigating in state and federal court if not the eventual 'entire' loss of a federal forum," *id.*, but there's an entire page of reasons (Stay Br. 11–12)—which the State does not address.

The same footnote incorrectly asserts that *Plaquemines*'s cabining of its holding to "the particular circumstances of th[at] case," 84 F.4th at 376, "does not appear anywhere in the 'irreparable harm' portion of the opinion," Opp. at 11 n.1. That is wrong. *Compare* Opp. 11 (citing the *Plaquemine*'s irreparable-harm discussion at 376–77), *with Plaquemines*, 84 F.4th at 376 (including the language 3M quoted as part of its irreparable-harm discussion, under the subheading "B. Irreparable Harm"). Because the State misreads the *Plaquemines* panel's

8

irreparable harm holding, it does not address what those circumstances were and why they do not apply here. But 3M did. Stay Br. 12 n.3. 3M explained that the Fifth Circuit rejected the defendant's argument that it would lose its right to proceed in federal court entirely absent a stay because the case had been pending for ten years, bouncing back and forth between state and federal court, and the only possible step the state court might have taken during the appeal—set the case for trial—was likely "several months" away. *Id.* By contrast, this case is in the early stages of litigation, and 3M's personal jurisdiction challenge is pending. The state court would be "within its rights" to rule on that issue once the case returns to that court given the likelihood of imminent discovery requests. *Id.* The State does not disagree; tellingly, it chooses not to address this portion of *Plaquemines*. Unlike the movant in *Plaquemines*, 3M has demonstrated "more than a mere possibility of irreparable injury." 84 F. 4th at 376.

### C. The State Will Not Be Harmed by a Stay.

On the other side of the equation, the State will suffer no irreparable harm from a stay pending appeal. Instead, a stay would save the State—and 3M—the burden of simultaneous litigation in state court and the Fifth Circuit. Stay Br. at 13. Section 1453's expedited review process "all but eliminates" any harm to the State. *Citibank*, 2017 WL 451134, at *3; Stay Br. at 13. Indeed, the State's assertion that it would be injured is undermined by its admission that the delay would be brief. Opp. at 10.

The State asserts that a "stay would prohibit [it] from pursuing" the "public interest under Section 17.47 to protect its marketplace from deceptive advertisements, including those by 3M." Opp. at 12. But as 3M explained (at Remand Opp. 8) and as the State has never disputed—there's no allegation in the complaint of a potential future injury. Nor can there be. 3M no longer sells products containing PFOA or PFOS. That's why the State has never moved for preliminary injunctive relief. The absence of possible future harms means *Veasey v. Abbott*, a case involving

9

a State's ongoing efforts to enforce voter ID laws going forward, is irrelevant. Opp. at 12. 3M's CAFA appeal thus does not interfere with the State's power to enforce its laws; it simply concerns the forum where the State may seek to do so.

### D. The Public Interest Strongly Weighs in Favor of a Stay.

To the extent the public interest "merges" with the third factor when a State "is the opposing party," *see Nken v. Holder*, 556 U.S. 418, 435 (2009), the public interest is served by a stay. Stay Br. at 14. A stay would conserve judicial resources and promote judicial economy. *Id.* Contrary to the State's position (at 12), Texans are not "forced to needlessly operate in a marketplace that is stained with 3M's [alleged] deception" because again, 3M no longer sells products containing PFOA or PFOS, and there is no allegation of future injury. Accordingly, this factor strongly favors a stay.

## CONCLUSION

The Court should grant 3M's motion to stay the remand order pending the resolution of 3M's CAFA appeal to the Fifth Circuit.

| | |
|---|---|
| Dated:  October 6, 2025 | Respectfully Submitted, |
| Lauren Goldman<br>  *Pro Hac Vice*<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Ave.<br>New York, NY 10166<br>Telephone:  (212) 351-4000<br>Facsimile:  (212) 351-4035<br>LGoldman@gibsondunn.com<br><br>John T. Cox III<br>  State Bar No. 24003722<br>Ashley E. Johnson<br>  State Bar No. 24067689<br>GIBSON, DUNN & CRUTCHER LLP<br>2001 Ross Ave., Suite 2100<br>Dallas, TX 75201<br>Telephone:  (214) 698-3100<br>Facsimile:  (214) 571-2900<br>TCox@gibsondunn.com<br>AJohnson@gibsondunn.com | /s/ *Gregg Costa*<br><br>Gregg Costa<br>  State Bar No. 24028160<br>GIBSON, DUNN & CRUTCHER LLP<br>811 Main St., Suite 3000<br>Houston, TX 77002<br>Telephone:  (346) 718-6600<br>Facsimile:  (346) 718-6620<br>GCosta@gibsondunn.com |

*Attorneys for Defendant 3M Company*

## **CERTIFICATE OF SERVICE**

  I certify that a true and correct copy of the foregoing document has been served on counsel of record pursuant to the Federal Rules of Civil Procedure.

*/s/ Gregg Costa*
Gregg Costa

*Attorney for Defendant 3M Company*
