IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STATE OF TEXAS,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. **3:25-CV-122-L** | |
| § | | |
| **3M COMPANY; CORTEVA, INC.;** § | | |
| **DUPONT DE NEMOURS, INC.; and** § | | |
| **EIDP, INC. F/K/A E. I. DU PONT DE** § | | |
| **NEMOURS AND COMPANY,** § | | |
| § | | |
| Defendants. § | | |

## AMENDED MEMORANDUM OPINION AND ORDER

The court **issues** the following Amended Memorandum Opinion and Order. The Amended Memorandum Opinion and Order **supersedes** and **replaces** the Memorandum Opinion and Order (Doc. 44), entered on September 24, 2025, to the extent herein set forth.

Before the court is Defendant 3M Company's ("Defendant" or "3M") Notice of Emergency Motion to Stay the Court's Remand Order Pending Appeal to the Fifth Circuit ("Emergency Motion") (Doc. 45), filed September 25, 2025, Defendant 3M Company's Memorandum of Law in Support of Emergency Motion to Stay the Court's Remand Order Pending Appeal to the Fifth Circuit ("Brief") (Doc. 46), filed September 25, 2025, Plaintiff State of Texas's ("Plaintiff") Opposition to 3M Company's Emergency Motion to Stay the Court's Remand Order Pending Appeal to the Fifth Circuit ("Response") (Doc. 49), filed October 3, 2025, and Defendant 3M Company's Reply in Support of Emergency Motion to Stay the Court's remand order Pending Appeal to the Fifth Circuit ("Reply") (Doc. 50), filed October 6, 2025. Having considered the Emergency Motion, pleadings, record, and applicable law, the court, for the reasons herein stated, **grants in part** and **denies in part** the Emergency Motion, **stays** the court's Remand Order (Doc.

44) for a period of 30 days from the date of its entry on September 24, 2025, and **declines** to order a discretionary stay pending the appeal.

In Defendant's Emergency Motion, it seeks a stay of the court's Remand Order, pending its appeal of the order. Doc. 45 at 1. Defendant argues that: (1) the court retains jurisdiction over its remand order, even if the remand order has already been mailed to state court, (2) the court should confirm that the remand order is subject to the automatic-stay provision of Federal Rule of Civil Procedure 62(a), making the mailing of the order to state court premature and ineffective, and (3) a stay pending appeal is independently warranted and a discretionary stay of the remand order should be granted. *Id.*

In Plaintiff's Response, it argues that the Emergency Motion should not be granted because Rule 62(a) does not apply to this remand order and Defendant fails to establish its burden to obtain a discretionary stay. Doc. 49 at 2. Plaintiff does not address the court's jurisdiction over its remand order. *See* Doc. 49.

The court determines that it does retain jurisdiction over its remand order, even though a certified copy of the Memorandum Opinion and Order has already been mailed to the clerk of the State court. A district court has jurisdiction to stay an order over which it retains jurisdiction to vacate, and it retains jurisdiction to vacate an appealable remand order even if a copy of such order has been certified and mailed by the clerk of court to the clerk of the State court. *Plaquemines Parish v. Chevron USA, Inc.*, 84 F.4th 362, 368 (5th Cir. 2023). Further, Plaintiff did not oppose or address this argument in its Response. *See* Doc. 49. The court has jurisdiction to stay its remand order in this case because the court has jurisdiction to vacate its remand order, which is pending appeal under 28 U.S.C. § 1453(c).

**Amended Memorandum Opinion and Order – Page 2**

The court finds that its remand order is subject to the Rule 62(a) automatic stay provision. Federal Rule of Civil Procedure 62(a) provides "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." Fed. R. Civ. P. 62(a). A judgment is "any order from which an appeal lies." Fed. R. Civ. P. 54(a). Plaintiff relies on *Arnold v. Garlock, Inc.*, 278 F.3d 426 (5th Cir. 2001) to argue that Rule 62(a) does not apply to the court's remand order; however, as Defendant pointed out in its Brief and Reply, "*Arnold* speaks only to remand orders that are not appealable." Doc. 49 at 6; Doc. 46 at 7; Doc. 50 at 3; *Plaquemines*, 84 F.4th at 372. Rule 62(a) applies to the court's remand order because it is appealable. This court, therefore, erred in directing the clerk of court to effect the remand in accordance with usual procedure. Doc. 44 at 15. The court should have applied the automatic stay provision or stated that it chose not to do so and the basis therefor. Therefore, the court determines that the Rule 62(a) automatic stay provision applies to the court's remand order, and it is stayed for 30 days from the date of entry of the remand order, which is September 24, 2025.

Finally, the court finds that a discretionary stay pending appeal is not warranted. In determining how to exercise its judicial discretion, the court must consider the four *Nken* factors, "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The first two factors are the most critical. *Id.* Here, the factors do not weigh in favor of staying the court's remand order beyond the 30-day period.

First, Defendant has not made a sufficiently strong showing that it is likely to succeed on the merits to weigh in favor of granting a discretionary stay. It is not sufficient that the chance of

success on the merits is more than negligible. *Id.* The movant must present a substantial case on the merits. *Plaquemines*, 84 F.4th at 373. Defendant argues that this factor weighs in favor of a discretionary stay because the legal question at issue in the appeal is a novel one and it has shown it is likely to succeed on appeal, as CAFA's ordinary meaning and Texas case law support the notion that there is CAFA jurisdiction in this case. Doc. 46 at 8-9.

The court disagrees, and it addressed these arguments in its remand order, and incorporates its reasoning as if repeated herein verbatim. Doc. 44 at 10-12. While the court recognized that the law regarding whether actions filed by the State of Texas or its Attorney General pursuant to Section 17.47 may be removed to federal court is not settled, this is not sufficient to establish a substantial case on the merits. Defendant has not sufficiently shown that this factor weighs in favor of granting a discretionary stay. The court's recognition that the law is not settled undercuts Defendant's position that it has made a strong showing that it is likely to succeed on the merits. Defendant's argument is conclusory and lacks specificity. The fact that the law is unsettled is further indication that Defendant is unlikely to succeed on the merits.

Second, Defendant has not shown that it will be irreparably injured absent a stay. Defendant argues that it will be irreparably harmed without a stay because it will be forced to litigate simultaneously in the Fifth Circuit and state court and state-court litigation while the appeal is pending will erode 3M's asserted right to a federal forum. Doc. 46 at 11. Mere litigation expense does not create an irreparable injury. *Coinbase, Inc. v. Bielski,* 599 U.S. 736, 746 (2023). Defendant cites to several district court cases in other circuits to assert that simultaneous litigation can cause irreparable harm by requiring simultaneous response to state court requests and pursuit of appellate review, and the potential for inconsistent outcomes should the state court rule on motions while the appeal is pending. Doc. 46 at 11. Defendant also argues that simultaneous

litigation erodes its right to a federal forum. *Id.* This argument, of course, presumes that Defendant necessarily has a right to a federal forum. The Defendant fails, however, to adequately explain how it would specifically be harmed in this case and why it could not mitigate potential harm through requests for stays or other relief in state court. Additionally, Defendant states that CAFA appeals are ordinarily on an expedited schedule. *Id.* at 13; 28 U.S.C. § 1453(c). This shortened appellate schedule limits harm resulting from simultaneous litigation. This factor does not weigh in favor of granting a discretionary stay.

The two most significant factors do not weigh in favor of granting a discretionary stay and the remaining factors do not overcome this. Defendant argues that an issuance of the stay will not substantially injure Plaintiff because Plaintiff will be spared from the burden of simultaneous litigation, the expedited CAFA appellate process will not result in a lengthy delay, and a short stay would not deprive Plaintiff of access to state court. *Id.* at 13. Defendant also argues that a delay can serve public interests by avoiding duplicative litigation and concentrating Plaintiff's resources in the proper forum. *Id.* at 14.

On the other hand, Plaintiff argues that a stay would prohibit it from pursuing a public interest and unnecessarily delay a potential resolution. Doc. 49 at 12. Plaintiff further argues that its action was brought on behalf of the public's interest and a stay would therefore not serve the public interest. *Id.* Neither the third nor fourth factor weighs heavily in favor of granting a discretionary stay.

Finally, the court clarifies what it stated in its earlier Memorandum Opinion and Order (Doc. 44). The court made the following statement, "[i]t was objectively unreasonable for 3M to believe that the court had jurisdiction over this action." Doc. 44 at 15. The court inadvertently

omitted the word "not" after the word "was." It is clear the rest of the language in the opinion is consistent with not awarding attorney's fees and costs as requested by Plaintiff.

Accordingly, the court **grants in part** and **denies in part** the Emergency Motion. The court **grants** the Emergency Motion in confirming that the remand order is subject to the automatic-stay provision of Federal Rule of Civil Procedure 62(a) and the remand order is stayed for 30 days from the date of its entry, which is September 24, 2025. The court **denies** the Emergency Motion regarding a discretionary stay pending appeal. The court **directs** the clerk of this court to mail a certified copy of this Amended Memorandum Opinion and Order to the clerk of the 18th Judicial District Court of Johnson County, Texas.

**It is so ordered** this 16th day of October, 2025.

Sam A. Lindsay
United States District Judge